FILED

1  JOHN C. KLOOSTERMAN, Bar No. 182625
   jkloosterman@littler.com
2  KAI-CHING CHA, Bar No. 218738          2012 APR 12  PM 3: 18
   kcha@littler.com
3  LITTLER MENDELSON                      CLERK U.S. DISTRICT COURT
   A Professional Corporation             CENTRAL DIST. OF CALIF.
4  650 California Street, 20th Floor            LOS ANGELES
   San Francisco, CA  94108.2693
5  Telephone:  415.433.1940               BY_____

6  Attorneys for Defendant
   ULTA SALON, COSMETICS &
7  FRAGRANCE, INC.

8

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11 SARAH MOORE, on behalf of          Case No. CV 12-3224 -PSG
   herself and others similarly situated,                      (AGR)
12                                     (Los Angeles Superior Court Case No.
              Plaintiffs,             BC480087)
13
       v.                             NOTICE TO FEDERAL COURT OF
14                                    REMOVAL BY DEFENDANT ULTA
   ULTA SALON, COSMETICS &            SALON, COSMETICS &
15 FRAGRANCE, INC , a Delaware        FRAGRANCE, INC. PURSUANT TO
   corporation; and DOES 1 through 50 28 U.S.C. §§ 1332, 1441, AND 1446
16 inclusive,
                                      Diversity Jurisdiction and
17            Defendants.             Class Action Fairness Act

18                                    Complaint Filed:  March 2, 2012

19                                              BY FAX
20 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21     PLEASE TAKE NOTICE that Defendant Ulta Salon, Cosmetics & Fragrance,

22 Inc. ("Defendant") hereby removes the action entitled *Sarah Moore v. Ulta Salon,*

23 *Cosmetics & Fragrance, Inc.,* Case No. BC480087, from the Superior Court of the

24 State of California, County of Los Angeles, to the United States District Court for the

25 Central District of California.  Removal is based on the Class Action Fairness Act, 28

26 U.S.C. §§ 1332(d), 1441(b), and 1446 on the following grounds:

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION                    Case No.

## I.    GENERAL INFORMATION

1.    On March 2, 2012, an action entitled *Sarah Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.,* was filed in the Superior Court of the State of California, County of Los Angeles, Case No. BC480087 (hereinafter the "Complaint").  In the Complaint, Plaintiff Sarah Moore ("Plaintiff") alleges, among other things, that Defendant (1) failed to pay wages and overtime in violation of California Labor Code §§ 200, 226, 500, 510, 1997 and 1198; (2) failed to timely pay wages at termination in violation of Cal. Labor Code §§ 201, 202, 203, and 218.5; (3) failed to provide Plaintiff with meal periods in violation of Cal. Labor Code § 226.7; (4) failed to provide Plaintiff with rest periods in violation of Cal. Labor Code § 226.7; (5) failed to provide Plaintiff with accurate pay stubs in violation of Cal. Labor Code § 1174; (6) and has engaged in unfair competition in violation of Cal. Business & Professions Code §17200.  A true and correct copy of the Summons and Complaint from the Los Angeles County Superior Court is attached as **Exhibit A**.

2.    Defendant was served with the Complaint on March 26, 2012, via mail.  A copy of the notice acknowledging receipt of service is attached as **Exhibit B**.  Service is complete on the date on which the notice was signed and returned.  Cal. Code of Civ. Proc. § 415.30(c).

3.    On April 11, 2012, prior to filing the Notice of Removal, Defendant filed an Answer to Plaintiff's Complaint pursuant to Cal. Code of Civ. Proc. § 431.30 in the Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached as **Exhibit C**.

4.    There is no other defendant, other than Ulta Salon, Cosmetics & Fragrance, Inc. named in the Complaint.

5.    This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within thirty days of March 12, 2012, the date Defendant was served with Plaintiff's Complaint.  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) (thirty day

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1  removal period runs for all defendants from the date served with the original

2  complaint); *McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1229

3  (C.D. Cal. 2000) (same).

4        6.     The action is pending in Los Angeles County Superior Court.  Venue

5  properly lies in the United States District Court for the Central District of California

6  pursuant to 28 U.S.C. §§ 84(c), 1391(a) and 1441(a).

7  **II.    GENERAL STATEMENT OF JURISDICTION**

8        7.     This is a civil action over which this Court has original jurisdiction based

9  on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is properly

10  removed to this Court under 28 U.S.C. §§ 1441and 1446 because it is: (1) a civil

11  action between citizens of different states; and (2) the amount in controversy exceeds

12  $75,000, exclusive of interest and costs, as set forth more fully below.  28 U.S.C. §§

13  1332(a)(1), 1441(b), 1446(b).

14        8.     This Court also has original jurisdiction over this action pursuant to the

15  Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1332(d).  In relevant part,

16  CAFA grants district courts original jurisdiction over civil class actions with: (1) a

17  proposed class of at least 100 members; (2) in which any plaintiff is a citizen of a state

18  different from any defendant; (3) the primary defendant is not a state, state official, or

19  government entity; and (4) the amount in controversy for the putative class members

20  in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and

21  costs.  § 1332(d).  CAFA allows removal of such actions in accordance with 28

22  U.S.C. §§ 1446 and 1453.  As set forth below, this case meets all of CAFA's

23  requirements for removal.

24      **A.    DIVERSITY OF CITIZENSHIP JURISDICTION**

25        9.     <u>Complete Diversity of Citizenship Exists</u>.  Defendant is informed and

26  believes that Plaintiff Sarah Moore was at the time of commencing this action, and

27  still is, a citizen of the State of California.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION     3.     Case No.

10.    At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Delaware and maintaining its principal place of business in the State of Illinois.  Thus, for purposes of determining diversity jurisdiction, Defendant is not a citizen of the State of California.  28 U.S.C. § 1332(c)(1).

11.    Defendants designated as DOES 1 through 50 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal.  28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The Doe defendants need not consent to this removal.

12.    This civil action, therefore, is an action between citizens of different States as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Illinois.

13.    <u>The Amount in Controversy Exceeds $75,000</u>.  A defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 576 (9th Cir. 1992).  The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met.  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("*Singer*"); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Moreover, when assessing a claim for federal jurisdictional purposes, the amount in controversy the sum claimed by the Plaintiff controls, if made in good faith.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-364 (9th Cir. 1982).

14.    As evidenced by Plaintiff's Complaint, Plaintiff seeks to recover a myriad of monetary damages, including unpaid wages and overtime, statutory

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION        4.                                Case No.

1   penalties, attorney's fees, and prejudgment interest.  Specifically, Complainant alleges
2   in her Complaint claims for damages in excess of $70,000,000.  Complaint ¶ 10.
3   Accordingly, the amount in controversy for Plaintiff's claims exceeds the $75,000
4   jurisdiction requirement, and this Court has original jurisdiction over the claims
5   asserted by Plaintiff.

6   **B.   JURISDICTION UNDER CAFA**

7       15.   The Proposed Class Contains More Than 100 Members.  As set forth in
8   her Complaint, Plaintiff identifies the proposed class as herself and all of Defendant's
9   hourly employees working a shift of over three and one half (3½) hours in the State of
10  California.  Complaint ¶ 15.  Further, she "estimates that the Class exceeds 3,500
11  individuals."  Complaint ¶ 17.  As such, the proposed class meets CAFA's minimum
12  number of members for jurisdictional purposes. 28 U.S.C. § 1332(d)(5)(B).

13      16.   Plaintiff's Citizenship is Diverse from Defendant's.  As described above,
14  Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Illinois.
15  This satisfies CAFA's minimal diversity requirement that a "member of a class of
16  plaintiffs is a citizen of a State different from any defendant."   28 U.S.C. §
17  1332(d)(2)(A).

18      17.   Defendant is Not a State, State Official, or Governmental Entity.
19  Defendant is a corporation organized under the laws of the State of Delaware, and is
20  not a state, state official, or governmental entity. 28 U.S.C. § 1332(d)(5)(A).

21      18.   The Aggregate Amount in Controversy Exceeds $5,000,000.   As
22  described above, and facially apparent from the Complaint, Plaintiff alleges claims for
23  damages in excess of $70,000,000.  Complaint ¶ 10.  This number clearly exceeds
24  CAFA's minimum requirement of $5,000,000.  *See Singer,* 116 F.3d at 377; 28 U.S.C.
25  § 1332(d).

26      19.   In summary, Plaintiff, who is a citizen of a state different from
27  Defendant's states of citizenship, seeks to represent a class with a membership of
28  more than 100 individuals against a Defendant that is not a state, state official, or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION          5.                              Case No.

1  governmental entity, in a matter in which the amount in controversy exceeds

2  $5,000,000.  Accordingly, removal under CAFA is proper.

3  **III.    CONCLUSION**

4       20.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

5  being filed with the clerk of the Superior Court of California, County of Los Angeles.

6       21.    Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice to

7  Plaintiff.

8       WHEREFORE, Defendant Ulta Salon, Cosmetics & Fragrance, Inc. removes

9  the action now pending against it in the Superior Court of the State of California,

10 County of Los Angeles, to this Honorable Court, and requests that this Court retain

11 jurisdiction for all further proceedings.

12 Dated:  April  13, 2012

13

14

15                    JOHN C. KLOOSTERMAN
                     LITTLER MENDELSON
16                    A Professional Corporation
                     Attorneys for Defendant
17                    ULTA SALON, COSMETICS &
                     FRAGRANCE, INC.

18

19

20 Firmwide:110062728.1 059310.1028

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION          6.                    Case No.

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 02 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware
Corporation; and DOES THROUGH 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SARAH MOORE on behalf of herself and on behalf all others similarly
situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* <br> BC480087 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Luti Law Firm, 7095 Hollywood Blvd., #351 Hollywood, CA 90028

| DATE. *(Fecha)* MAR 02 2012 | Clerk, by *(Secretario)* John A. Clarke | , Deputy *(Adjunto)* D. Swain |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  THE BLANCO LAW FIRM, PC
   Alejandro D. Blanco (Cal. Bar No. 133073)
2  535 N Brand Blvd Ste 700
   Glendale, CA 91203
3  Telephone:  (877) 238-7635

4  HOBBS LAW GROUP
   Kristin Hobbs (Cal. Bar No. 277843)
5  1135 E. Route 66, Suite 203
   Glendora, CA 91740
6  Tel: (626) 782-4520
   Fax: (626) 782-6379

7

8  WILSON TRIAL GROUP
   Dennis P. Wilson (Cal. Bar No. 133288)
   3322 W. Victory Boulevard
9  Burbank, California 91505
   Telephone:  (818) 843-1788

10

11         THE LUTI LAW FIRM
              ATTORNEYS AT LAW
       7995 Hollywood Boulevard, Number 351
12        Hollywood, California 90028
              TELEPHONE (323) 960-2600
              FACSIMILE (323) 417-5049
13
   Anthony N. Luti (Cal. Bar No. 207852)
14
   Attorneys for Plaintiff
15 Sarah Moore

16         SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                COUNTY OF LOS ANGELES

18                                             BC480087

19 SARAH MOORE on behalf of herself and     CASE NO.
   on behalf of all others similarly situated,
20                                           CLASS ACTION COMPLAINT FOR :
               Plaintiff,
21                                           1)  FAILURE TO PAY OVERTIME
        v.                                       COMPENSATION (Cal. Lab. Code §
22                                               1198);
   ULTA SALON, COSMETICS &                   2)  FAILURE TO COMPENSATE FOR
23 FRAGRANCE, INC., a Delaware                   ALL HOURS WORKED (Cal. Lab.
   Corporation; and DOES 1 THROUGH 50,          Code § 1198);
24 Inclusive,                                3)  FAILURE TO PAY WAGES UPON
25             Defendants.                        DISCHARGE (Cal. Lab. Code § 201, et
                                                 seq.);
26

27              - - CAPTION CONTINUES ON NEXT PAGE - -

28

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4)  **COMPENSATION TO EMPLOYEES NOT PROVIDED WITH REQUIRED MEAL PERIOD** (Cal. Lab. Code § 226.7 *et seq.*);
5)  **COMPENSATION TO EMPLOYEES NOT AUTHORIZED OR PERMITTED TO TAKE REQUIRED REST PERIODS** (Cal. Lab. Code § 226.7 *et seq.*);
6)  **FAILURE TO MAINTAIN REQUIRED RECORDS/PENALTY** (Cal. Lab. Code §§ 1174 *et seq.* & 1174.5, *et seq.*);
7)  **PENALTIES** (Cal. Lab. Code § 203); and
8)  **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200).**

**JURY TRIAL DEMAND**

Plaintiff Sarah Moore, on behalf of herself and all others similarly situated and demanding trial by jury, complains and alleges upon information and belief as follows:

**JURISDICTION**

1.  This is a civil wage and hour action seeking equitable and injunctive relief, economic and statutory damages, prejudgment interest, costs and attorneys' fees, and other appropriate relief for Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") and others, as alleged herein, due violations of the Labor Code, including, but not limited to, Labor Code Sections 201, 202, 206.5, 207, 208, 216, 221, 225.5, 226, 226.3, 227.3, 232, 232.5, 240, 243, 351-354, 450-452, 500-558, 976-977, 1030-1033, 1174.5, 1183, 1994-1197.1, 1198, 2800-2809 and other unfair and unlawful conduct in violation of the Business & Professionals Code § 17200, *et seq.*

2.  Pursuant to California Code of Civil Procedure Section 382, Plaintiff Sarah Moore brings this action on behalf of herself and on behalf of other similarly situated who worked for Defendant Ulta Salon, Cosmetics & Fragrance, Inc., in the State of California as hourly employees from February 2007 through the present who worked a shift of over three and one half (3½) hours.  Plaintiff does not know the exact size of the class, but it is

2

CLASS ACTION COMPLAINT

1    estimated that the class spans 40 store locations and is composed of approximately 3,500

2    persons which can be ascertained by a review of Defendant's records through appropriate

3    discovery. The persons in the class are so numerous that the joinder of all such persons is

4    impracticable and that the disposition of their claims in a class action rather than in

5    individual actions will benefit the parties and the court.

6            3. This lawsuit has three parts. First, it is a class action suit by employees of

7    Defendants. Second, it is a public interest private attorney general action under Business

8    and Professions Code § 17200 *et seq.* by the named Plaintiffs. Third, Plaintiff also brings

9    claims in this complaint on behalf of herself and other current or former Ulta employees

10   pursuant to Cal. Lab. Code § 2699 – The Labor Code Private Attorney Generals Act.

11           4. Plaintiff has fully complied with all prerequisites to jurisdiction in this

12   Court, including exhaustion of administrative remedies.

13                                   **VENUE**

14           5. Venue as to each defendant is proper in this judicial district as each

15   Defendant maintains an office, transacts business, has an agent, or is found in the County of

16   Los Angeles and is within the jurisdiction of this Court for the purposes of service of

17   process.

18                               **THE PARTIES**

19                               **PLAINTIFF**

20           6. Plaintiff Sarah Moore is a resident of the State of California and County of

21   Los Angeles. During the Class Period, Plaintiff Sarah Moore currently works for Defendant

22   Ulta, Inc., in the State of California as an hourly employee.

23                              **DEFENDANTS**

24           7. Defendant Ulta is and at all times herein mentioned was a Delaware

25   corporation, doing business in at least forty (40) stores in California including Los Angeles

26   County.

27

28

8. At all times herein mentioned, Defendant Ulta was subject to the Labor Code of the State of California, and to IWC Order 5, (Title 8, California Code of Regulations, section 11050).

9. At all times herein mention, the actions of Defendants Ulta and Does 1 through 25 were carried out and ratified by and through their agents, employees, officers and or directors including Defendant Does 26 through 50 acting in their official capacities for Ulta.

10. Plaintiff is unaware of the true names and capacities of the Defendants sued as Does 1 through 50 and therefore sues these Defendants by fictitious names. Does 1 through 50 are each responsible in some way for the acts alleged in the Complaint. Plaintiff will seek leave to amend the Complaint to add such names and capacities when they have been ascertained. Plaintiff is informed and believe, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. Plaintiff alleges that the claims of the Plaintiff and class members aggregated exceed $70,000,000.

11. Defendant Ulta and Does 1 through 50 were all employers within the meaning of California Industrial Wage Commission Wage Orders in that they were directly or indirectly employed or exercised control over wages, hours or working conditions of Plaintiff and others.

**AGENCY, JOINT VENTURE, ALTER EGO**

12. Each of the Defendants named herein, including Does 1 through 50, acted as the agent, joint venturer or alter ego of or for the other Defendants with respect to the actions, violations and common course of conduct alleged herein.

13. Plaintiff is informed and believe and thereon allege that Defendants and Does 1 through 50 are joint employers of the Plaintiffs and other similarly situated individuals by virtue of a joint enterprise. Plaintiff performs, and has performed, services for each and every one of the Defendants, and to the mutual benefit of all Defendants, and all

1  Defendants share(d) control of Plaintiffs as employees, either directly or indirectly, and the

2  manner in which Defendants' business is conducted.

3         14.  Plaintiff is informed and believes and thereon alleges that there exists such

4  a unity of interest and ownership between Defendants and Does 1 through 50, that the

5  individuality and separateness of Defendants has ceased to exist.  The business affairs of

6  Defendants and Does 1 through 50, are, and at all times relevant hereto were, so mixed and

7  intermingled that the same cannot reasonably be segregated, and the same are inextricably

8  entwined.  Defendant Ulta is, and at all times relevant hereto was, used by Does 1 through

9  50, as a mere shell and conduit for the conduct of certain of Defendant's affairs.  The

10  recognition of the separate existence of Ulta, would not promote justice, in that it would

11  permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, Ulta

12  constitutes the alter ago of Defendants, Does 1 through 150, and the fiction of their separate

13  existence must be disregarded.

14                          **CLASS ALLEGATIONS**

15         15.  Pursuant to California Code of Civil Procedure section 382, Plaintiff

16  brings this action on behalf of herself and on behalf of others similarly situated who worked

17  for Defendants, in the State of California as hourly employees who worked a shift of over

18  three and one half (3½) hours.  Plaintiff does not know the exact size of the Class, but it is

19  estimated that the Class spans forty (40) locations in California and is comprised of

20  approximately 3,500 persons, which can be ascertained by a review of Defendants' records

21  through appropriate discovery.  The persons in the Class are so numerous that the joinder of

22  all such persons is impracticable and the disposition of their claims in a class action rather

23  than in individual actions will benefit the parties and the court.

24         16.  Plaintiffs and other similarly situated current and former employees in the

25  State of California (hereinafter, collectively referred to as "Plaintiffs") of Defendants and

26  Does 1-50, bring this Class Action on behalf of herself and other current and former

27  employees of Defendants and Does 1-50 (collectively, "Defendants"), who are similarly

28  situated, to recover, among other things: unpaid and illegally calculated overtime

1  compensation, unpaid hours worked, illegal break policies, falsification of hours worked,

2  failure to provide meal periods, failure to pay "show up" or reporting time pay (collectively,

3  "illegal payroll practices or policies"), interests, attorney's fees, penalties, costs, and expenses.

4  Plaintiff s reserve the right to name additional class representatives.

5        17.  Plaintiff brings this action on behalf of herself and on behalf of all other

6  similarly situated persons who worked for Defendants and Does 1-50, in the State of

7  California as hourly employees and who worked a shift of over three and one half (3½)

8  hours.  Plaintiffs do not know the exact size of the Class, but it is estimated that the Class

9  exceeds 3,500 individuals.  The persons in the Class are so numerous that the joinder of all

10  such persons is impracticable and the disposition of their claims in a class action rather than

11  in individual actions will benefit the parties and the court.

12        18.  Plaintiff is authorized to bring this action pursuant to California Labor

13  Code sections 95(a), 96.7, 98.3 and 1194.5, and pursuant to the power vested in Plaintiff to

14  enforce the provisions of the California Labor Code and the Industrial Welfare Commission

15  (hereinafter "IWC") orders.

16        19.  The named Plaintiff is a non-exempt employee of Defendants, and the

17  putative class is comprised of both current and former employees who were employed as

18  non exempt hourly employees in Defendants operations and all were employed during the

19  applicable statute of limitations.

20        20.  At all times relevant hereto, Plaintiff and others were not given meal

21  breaks or rest breaks as required by Labor Code sections 226.7 and 512.  Plaintiffs, and

22  others, at the time of their termination or within seventy-two (72) hours of their resignation

23  were not paid wages owed, thus entitling them to penalties under Labor Code section 203.

24        21.  At all relevant times alleged herein Plaintiff and others were employed

25  by Defendants under an employment agreement that was partly written, partly oral, and

26  partly implied.  In perpetrating the acts and omissions alleged herein, Defendants, and each

27  of them, acted pursuant to and in furtherance of a policy and practice of: not paying Plaintiff

28  proper overtime compensation, improperly failing to compensate Plaintiff for actual hours

THE LCTD LAW FIRM
ATTORNEYS AT LAW
5245 Hollywood Blvd, Number 351
Hollywood, CA 90028
Tel  (323) 984-2086
Fax (323) 457-5049

1   worked, failing to provide meal periods, falsifying hours worked, not accurately recording

2   hours worked, and failing to properly itemize wages, all in violation of Industrial Welfare

3   Commission Orders 7-80 and 7-98, California Code of Regulations, Title 8, Chapter 5,

4   §11070, and Labor Code §§ 200, 201, 226, 500, 510, 1194, 1197, 1198, and 2802.

5          22.     Plaintiff is informed and believes and thereon alleges that each and

6   every of the acts and omissions alleged herein were performed by, and/or attributable to, all

7   Defendants, each acting as agents and/or employees, and/or under the direction and control

8   of each of the other Defendants, and that said acts and failures to act were within the course

9   and scope of said agency, employment and/or direction and control.

10         23.     As a direct and proximate result of the unlawful actions of Defendants,

11  Plaintiffs and the putative class have suffered and continue to suffer from loss of earnings in

12  amounts as yet unascertained, but subject to proof at trial in amounts in excess of the

13  jurisdiction of this Court.

14         24.     This action has been brought and may properly be maintained as a

15  class action, pursuant to the provisions of California Code of Civil Procedure section 382

16  because there is a well-defined community of interest in the litigation and the proposed class

17  is easily ascertainable.

18               a)      **Numerosity**: The Plaintiff Class is so numerous that the

19               individual joinder of all members is not practicable. Upon information

20               and belief, the class is comprised of over 3,500 individuals and joinder

21               of all members of the Class is not practicable.

22               b)      **Common Questions Predominate**: Common questions of

23               law and fact that exist as to all putative members of the Class and

24               predominate over any individual questions of law and fact include,

25               without limitation:

26                     (1) whether Defendants failed to pay Plaintiff proper minimum

27                     wages and overtime compensation;

28

7

(2) whether Defendants improperly failed to compensate
Plaintiff for actual hours worked;

(3) whether Defendant failed to provide required meal periods
to their employees;

(4) whether Defendant failed to pay each of its employees who
was not provided with a meal period an additional one hour of
compensation at each employee's regular rate of pay for each
day that Defendant failed to provide the employee with the
required meal period;

(5) whether Defendant required its employees to work split
shifts without paying the required compensation;

(6) the injury sustained by Plaintiff and members of the Plaintiff
Class as a result of the foregoing wrongful conduct and the
appropriate type and/or measure of damages;

(7) whether Defendant violated the California Unfair
Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*;

(8) whether Defendant's conduct has been and continues to be
unfair, unlawful, and harmful to Plaintiff, the general public, and
the Plaintiff Class;

(9) the amount of additional revenues and profits obtained by
Defendant attributable to its violations of the Unfair
Competition Law;

(10)   the failure to make proper deductions/withholdings
from each class members paycheck; and

(11)  the appropriate nature of class wide equitable relief.

c)    **Typicality**: Plaintiff's claims are typical of the claims of the
members of the Plaintiff Class, and Plaintiffs and all members of the
Plaintiff Class sustained injuries and damages arising out of

Defendants' common course of conduct in violation of law as
complained of herein. The injuries and damages of each member of
the Plaintiff Class were caused directly by Defendants' wrongful
conduct in violation of law as alleged herein. The claims of the
Plaintiff is typical of the class because Defendants subjected all of its
hourly employees to the identical violations of the California Industrial
Welfare Commission Wage Orders, the California Labor Code, and the
California Business and Professions Code which prohibits unfair
business practices arising from such violations.

d)      **Adequacy**: Plaintiff will fairly and adequately protect the
interests of members of the Plaintiff Class. Plaintiff resides in
California, worked for Defendants as an hourly employee, and is an
adequate representative of the Plaintiff Class as she has no interests
which are adverse to the interests of absent Class Members. Plaintiff
has retained highly competent and experienced class action attorneys to
represent their interests and that of the Class. No conflict of interest
exists between Plaintiff and the Class because all questions of law and
fact regarding the liability of Defendants are common to the Class and
predominate over any individual issues that may exist, such that by
prevailing on her own claim, Plaintiff necessarily will establish
Defendants' liability to all Class Members. Plaintiff and her counsel
have the necessary financial resources to adequately and vigorously
litigate this class action, and Plaintiff and counsel are aware of their
fiduciary responsibilities to the Class Members and are determined to
diligently discharge those duties by vigorously seeking the maximum
possible recovery for the Class.

e)      **Superiority**: A class action is superior to other available means
for the fair and efficient adjudication of this controversy since

The Le 11 Law Firm
ATTORNEYS AT LAW
7451 Hollywood Blvd., Number 151
Hollywood, CA 90028
Tel: (323) 960-2628
Fax: (323) 417-4443

1    individual joinder of all members of the Class is impracticable.  Class

2    action treatment will permit a large number of similarly situated

3    persons to prosecute their common claims in a single forum

4    simultaneously, efficiently, and without the unnecessary duplication of

5    effort and expense that numerous individual actions would engender.

6    Furthermore, as the damages suffered by each individual litigation

7    would make it difficult or impossible for individual members of the

8    Class to redress the wrongs done to them, an important public interest

9    will be served by addressing the matter as a class action.  The cost to

10   the court system of adjudication of individualized litigation would be

11   substantial.  Individualized litigation would also present the potential

12   for inconsistent or contradictory judgments.

13        25.     As a direct and proximate result of the unlawful actions of Defendants,

14   Plaintiff and the putative class have suffered and continue to suffer from loss of earnings in

15   amounts as yet unascertained, but subject to proof at trial in amounts in excess of the

16   jurisdiction of this Court.

17        26.     This action has been brought and may properly be maintained as a

18   class action, pursuant to the provisions of California Code of Civil Procedure section 382

19   because there is a well-defined community of interest in the litigation and the proposed class

20   is easily ascertainable.

21        27.     Class action treatment provides a fair and efficient method for the

22   adjudication of the controversy herein described, affecting a large number of persons,

23   joinder of whom is impracticable.  The class action provides an appropriate and effective

24   method whereby the enforcement of the rights of Plaintiffs and members of the Class can be

25   fairly managed without unnecessary expense or duplication.  The expense and burden of

26   individual litigation of a case of this magnitude make it impractical for individual Class

27   Members to seek redress for the wrongs done to them.

28

The La Di Law Firm
ATTORNEYS AT LAW
7095 Hollywood Blvd., Number 864
Hollywood, CA 90028
Tel  (323) 960-2600
Fax  (323) 457-6689

10                                    CLASS ACTION COMPLAINT

28.     Individual litigation of all claims which might be asserted by all Class Members would produce such a multiplicity of cases that the judicial systems having jurisdiction of the claims would become unnecessarily congested. The certification of a Class would allow litigation of claims that, in view of the expenses of the litigation, may be insufficient in amounts to support separate actions.

29. Plaintiff will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiff, as the Class Representative, are consistent with those of the members of the Class. In addition, Plaintiff is represented by counsel experienced in complex class action litigation.

30. Plaintiff and Class Members envision no unusual difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION

### (Failure To Pay Overtime Compensation)

### (Cal. Lab. Code § 1198 *et seq.*)

31.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

32.     Pursuant to Industrial Welfare Commission Order 7-90, California Code of Regulations, Title 8, Chapter 5, § 11070, and Labor Code §§ 200, 226, and 1198, at all times relevant hereto, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½ ) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

33.     Pursuant to Industrial Welfare Commission Order 7-98, California Code of Regulations, Title 8, Chapter 5, § 11070, and Labor Code §§ 200, 226, and 1198, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated as one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours per week, and after the first eight (8) hours on the seventh consecutive work day.

11

34.     Pursuant to Labor Code §§ 200, 226, 500, 510, and 1198, and California Code of Regulations, Title 8, Chapter 5, § 11070, on and after January 1, 2000, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day.

35.     Plaintiff was a non-exempt employee entitled to the protections of Industrial Welfare Commission Orders 7-80 and 7-98, California Code of Regulations, Title 8, § 11070, and Labor Code §§ 200, 226, 500, 510, and 1198.  During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for overtime hours worked as required under the aforementioned labor regulations.

36.     Under the aforementioned wage orders, statutes, and regulations, Plaintiff is entitled to one and one half (1 ½) times and /or double their regular rate of pay for overtime work performed during the three (3) years preceding the filing of this Complaint based on appropriate calculations of the total remuneration for each workweek.

37.     In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wage earned and all hours worked.  As a direct result, Plaintiff has suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.  Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting in malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

12

38.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

39.     Defendants' conduct described herein violates Labor Code §§ 200, 226, 500, 510 and 1198. Therefore, pursuant to Labor Code §§ 200, 203, 218.5, 226, 558, and 1194, Plaintiff is entitled to recover the unpaid balance of overtime compensation Defendants owe Plaintiff, plus interest penalties, attorney's fees, expenses, and costs of suit.

40.     WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### (Failure To Compensate For All Hours Worked)

### (Cal. Lab. Code § 1198 *et seq.*)

41.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

42.     At all times relevant herein, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to Industrial Welfare Commission Oders 7-80 and 7-98, California Code of Regulations, Title 8, Chapter 5, § 11070, Labor Code §§ 200, 226, 500, 510, 1197, and 1198.

43.     At all times relevant hereto, Defendants failed to compensate Plaintiff for all hours worked by not compensating her for work performed. Defendants established policies, *inter alia*, wherein hourly employees would be "taken 'off the clock'" for a variety of reasons, including security checks and searches; Defendants failed to provide breaks as required by law; Defendants failed to compensate employees for all overtime worked; Defendants would "ding" (illegally deduct wages) as punishment for violation of company policies; Defendants failed to pay for meal periods; Defendants failed to pay "show up" or reporting time pay; Defendants did not accurately record hours worked; Defendants failed to properly itemize wages.

13

44.     Under the aforementioned wage orders and regulations, Plaintiff is entitled to recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code § 218.5, and penalties pursuant to Labor Code §§ 203 and 226.

45.     In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked. As a direct result, Plaintiff has suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

46.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

47.     Defendants' conduct described herein violates Labor Code §§ 200, 226, 500, 1197 and 1198, and Industrial Welfare Commission Orders 7-80 and 7-98, California Code of Regulations, Title 8, Chapter 5, §11070. Therefore, pursuant to Labor Code of Regulations §§ 203, 218.5, 226, 558, 1194, and 1194.2, Plaintiff is entitled to recover damages for the nonpayment of wages of all hours worked that were improperly deducted by Defendants' policies, penalties, reasonable attorney's fees, expenses, and costs of suit.

48.     WHEREFORE, Plaintiff requests relief as hereinafter provided.

14

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**(Failure To Pay All Wages Due Upon Discharge)**

**(Cal. Lab. Code § 201 *et seq.*)**

49.   Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

50.   Pursuant to California Labor Code § 201, upon former employee Plaintiff termination dates, Defendants were required to pay those Plaintiffs all earned wages.  At the time of all former employee Plaintiff termination dates, former employees were owed substantial amounts in unpaid wages.   In violations of Labor Code § 201, Defendants failed  to pay former employee Plaintiffs any amount of wages due and owing him or her, in amounts to be proven at the time of trial, but in excess of the jurisdiction of this Court.

51.   Defendants' failure to pay former employees and Plaintiff the respective wages due and owing them was willful, and done with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff rights.

52.   Defendants' willful failure to pay Plaintiffs the wages due and owing each of them constitutes violations of Labor Code §§ 201 and 203, which provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is each entitled to penalties pursuant to Labor Code § 203.

53.   Pursuant to Labor Code § 218.5, Plaintiff is also each entitled to an award of reasonable attorney fees, expenses, and costs incurred in this action.

54.   WHEREFORE, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**(Compensation to Employees Not Provided with Required Meal Period)**

**(Cal. Lab. Code § 226.7 *et seq.*)**

55.   Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

The LUTI LAW Firm
ATTORNEYS AT LAW
7095 Hollywood Blvd., Number 581
Hollywood, CA 90028
Tel  (323) 969-3600
Fax  (323) 467-6492

CLASS ACTION COMPLAINT

1       56.     Section 2 of IWC Order 4-2000 and its successor order, 4-2001,

2  provides in relevant part:

3

4       "(F) 'Employee' means any person employed by an employer. …(H)
      'Employer' means any person as defined in Section 18 of the Labor Code,

5      who directly or indirectly, or through an agent or any other person, employs
      or exercises control over the wages, hours, or working conditions of any

6      person. …(O) 'Professional, Technical, Clerical, Mechanical, and Similar
      Occupations' includes professional, semiprofessional, managerial,

7      supervisorial, laboratory, research, technical, clerical, office work, and
      mechanical occupations. Said occupations shall include, **but not be limited**

8      **to,** the following: accountants; agents; appraisers; artists; attendants; audio-
      visual technicians; bookkeepers; bundlers; billposters; canvassers; carriers;

9      cashiers; checkers; clerks; collectors; communications and sound technicians;

10    compilers; copy holders; copy readers; copy writers; computer programmers
      and operators; demonstrators and display representatives; dispatchers;

11    distributors; door-keepers; drafters; elevator operators; estimators; editors;
      graphic arts technicians; guards; guides; hosts; inspectors; installers;

12    instructors; interviewers; investigators; librarians; laboratory workers;

13    machine operators; mechanics; mailers; messengers; medical and dental
      technicians and technologists; models; nurses; packagers; photographers;

14    porters and cleaners; process servers; printers; proof readers; salespersons

15    and sales agents; secretaries; sign erectors; sign painters; social workers;
      solicitors; statisticians; stenographers; teachers; telephone, radio-telephone,

16    telegraph and call-out operators; tellers; ticket agents; tracers; typists; vehicle

17    operators; x-ray technicians; their assistants and other related occupations
      listed as professional, semiprofessional, technical, clerical, mechanical, and

18    kindred occupations. …(T) 'Workday' and 'day' mean any consecutive 24-

19    hour period beginning at the same time each calendar day."

20       57.    At all times relevant hereto, Defendants were "employers" as defined

21  in Section 2(H) of IWC Order 4-2000 and its successor order, 4-2001.  Defendants are

22  persons, associations, organizations, partnerships, business trusts, limited liability companies,

23  or corporations who directly or indirectly, or through an agent or any other person, employ

24  or exercise control over the wages, hours, or working conditions of any person.

25       58.    At all times relevant hereto, Plaintiff and the members of the putative

26  Class were "employees" as defined in Section 2(F) of IWC Order 4-2000 and its successor

27  order, 4-2001, because Plaintiff and members of the putative Class were persons employed

28  by Defendants.

59.     Section 11(A) of IWC Order 4-2000 and its successor order, 4-2001, provides:

> "No employer shall employ any person for a work period of
> more than five (5) hours without a meal period of not less than
> 30 minutes, except that when a work period of not more than
> six (6) hours will complete the day's work the meal period may
> be waived by mutual consent of the employer and the
> employee. Unless the employee is relieved of all duty during a
> 30 minute meal period, the meal period shall be considered an
> 'on duty' meal period and counted as time worked. An 'on
> duty' meal period shall be permitted only when the nature of the
> work prevents an employee from being relieved of all duty and
> when by written agreement between the parties an on-the-job
> paid meal period is agreed to. The written agreement shall state
> that the employee may, in writing, revoke the agreement at any
> time."

60.     Section 11(B) of IWC Order 4-2000 and its successor order, 4-2001, provides: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

61.     Labor Code section 226.7 provides:

> "(a) No employer shall require any employee to work during any
> meal or rest period mandated by an applicable order of the
> Industrial Welfare Commission. (b) If an employer fails to
> provide an employee a meal period or rest period in accordance
> with an applicable order of the Industrial Welfare Commission,
> the employer shall pay the employee one additional hour of pay
> at the employee's regular rate of compensation for each work
> day that the meal or rest period is not provided."

62.     At all times relevant hereto, Defendants failed to comply with Section 11 of IWC Order 4-2000, and its successor order, 4-2001, by failing to provide required meal periods to their employees. Defendants further violated these IWC orders, and violated Labor Code § 226.7, by failing to pay each of its employees who was not provided with a meal period as required under these orders, an additional one hour of compensation at each employee's regular rate of pay for each day that Defendants failed to provide the employee with the required meal period. This compensation, in a sum to be proven at trial, is owed and unpaid.

17

## FIFTH CAUSE OF ACTION

**(Compensation to Employees Not Authorized or Permitted to Take Required Rest Periods)**

**(Cal. Lab. Code § 226.7 et seq.)**

63.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

64.     Section 12 of IWC Order 4-200 and its successor order, 4-2001, provides:

> "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

65.     At all times relevant hereto, Defendants failed to comply with Section 12 of IWC Order 4-2000, and its successor order, 4-2001, by failing to authorize and permit its employees to take required rest periods.  Defendants further violated these IWC orders, and violated Labor Code § 226.7, by failing to pay each of their employees who was not authorized and permitted to take rest periods as required under these orders, an additional one hour of compensation at each employee's regular rate of pay for each day that the employee was not authorized or permitted to take a required rest period.  This compensation, in a sum to be proven at trial, is owed and unpaid.

18

CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

### (Failure to Maintain Required Records/Penalty)

### (Cal. Lab. Code § 1174.5 *et seq.*)

66.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

67.     Section 7 of IWC Order 4-1998 and its successor orders, 4-2000 and 4-2001, provides in relevant part:

"(A) Every employer shall keep accurate information with respect to each employee including the following: ...(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded."

68.     Labor Code section 1174 provides in relevant part:

"Every person employing labor in this state shall: ...(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years."

69.     Labor Code section 1174.5 provides:

"Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

70.     Upon information and belief, at all times relevant hereto, Defendants willfully failed to comply with Section 7 of IWC Order 4-1998, and its successor orders, 4-2000 and 4-2001, and with Labor Code § 1174, by failing to maintain certain records which employers are required to maintain, including records of hours worked, overtime, rest periods and meal periods provided to each employee. As a result of the failure to keep these

19

1    required records, Defendants are subject to a civil penalty, pursuant to Labor Code § 1174.5,

2    in the amount of $500.

3                               **SEVENTH CAUSE OF ACTION**

4                                 **(Waiting Time Penalties)**

5                                 **(Cal. Lab. Code § 203)**

6                71.    Plaintiff re-alleges and incorporates by reference each and every

7    allegation of the preceding paragraphs as though fully set forth herein.

8                72.    Labor Code section 201 provides, in relevant part: "(a) If an employer

9    discharges an employee, the wages earned and unpaid at the time of discharge are due and

10   payable immediately."

11               73.    Labor Code section 202 provides in relevant part:

12   "(a) If an employee not having a written contract for a definite period quits
     his or her employment, his or her wages shall become due and payable not
13   later than 72 hours thereafter, unless the employee has given 72 hours
     previous notice of his or her intention to quit, in which case the employee is
14   entitled to his or her wages at the time of quitting.  Notwithstanding any
     other provision of law, an employee who quits without providing 72-hour
15   notice shall be entitled to receive payment by mail if he or she so requests
     and designates a mailing address. The date of the mailing shall constitute the
16   date of payment for purposes of the requirement to provide payment within
     72 hours of the notice of quitting."
17

18               74.    Labor Code section 203 provides:

19   "If an employer willfully fails to pay, without abatement or reduction, in
     accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
20   employee who is discharged or who quits, the wages of the employee shall
     continue as a penalty from the due date thereof at the same rate until paid or
21   until an action therefor is commenced; but the wages shall not continue for
     more than 30 days. An employee who secretes or absents themselves or
22   herself to avoid payment to him or her, or who refuses to receive the
     payment when fully tendered to him or her, including any penalty then
23   accrued under this section, is not entitled to any benefit under this section
     for the time during which he or she so avoids payment.
24

25
     Suit may be filed for these penalties at anytime before the expiration of
26   the statute of limitations on an action for the wages from which the penalties
     arise."
27

28

1      75.    By willfully failing to pay its separated employees the amounts owed

2   pursuant to paragraphs 75, 78, and 83, above, in a timely manner as required by Labor Code

3   sections 201 and 202, Defendants are liable for penalties pursuant to Labor Code § 203, in

4   an amount equal to thirty days of each said employee's per diem wage rate.  These penalties,

5   in a sum to be proven at trial, are owed and unpaid.

6                     **EIGHTH CAUSE OF ACTION**

7                       **(Unfair Competition)**

8              **(Bus. & Prof. Code § 17200 *et seq.*)**

9      76.    Plaintiff re-alleges and incorporates by reference each and every

10   allegation of the preceding paragraphs as though fully set forth herein.

11      77.    This is a Representative Private Attorney General Action and Class

12   Action for Unfair Business Practices.  Plaintiff s on their own behalf and on behalf of the

13   general public, and on behalf of others similarly situated, brings this claim pursuant to

14   Business and Professions Code § 17200 *et seq.*  The conduct of all Defendants as alleged in

15   this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the

16   general public, and the Plaintiff Class.  Plaintiff seek to enforce important rights affecting the

17   public interest within the meaning of Cal. Code Civ. P. § 1021.5.

18      78.    Plaintiff is "persons" within the meaning of Bus. & Prof. Code §

19   17201, and therefore has standing to bring this cause of action pursuant to Bus. & Prof.

20   Code § 17204 for injunctive relief, restitution, and other appropriate equitable relief.

21      79.    Bus. & Prof. Code § 17200 *et seq.* provides that "unfair competition

22   shall mean and include any unlawful, unfair or fraudulent business act or practice."

23      80.    Wage and hour laws express fundamental public policies.  The prompt

24   payment of overtime pay and other legally required wages and benefits is a fundamental

25   public policy of this State and of the United States.  Labor Code § 90.5(a) articulates the

26   public policies of this State to enforce vigorously minimum labor standards, to ensure that

27   employees are not required or permitted to work under substandard and unlawful

28

1    conditions, and to protect law-abiding employers and their employees from competitors who

2    lower their costs by failing to comply with minimum labor standards.

3        81.    Defendants have violated statutes and public policies.  Through the

4    conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to

5    these public policies, have violated specific provisions of the Labor Code, including but not

6    limited to, Sections 201, 202, 558, 2802 and have engaged in other unlawful and unfair

7    business practices in violation of Bus. & Prof. Code § 17200 *et seq.* depriving Plaintiff, and all

8    persons similarly situated, and all interested persons of rights, benefits, and privileges

9    guaranteed to all employees under law.

10       82.    Defendants' unlawful and unfair conduct, as alleged herein above,

11   constitutes unfair competition in violation of Bus. & Prof. Code § 17200.

12       83.    Defendants, by engaging in the conduct herein alleged, by failing to pay

13   applicable minimum wages, by failing to pay a "split shift premium" as required by law;

14   failing to provide breaks as required by law, by failing to compensate employees for overtime

15   based on "total remuneration" for the workweek, by failing to pay "show up" or reporting

16   time pay, by failing to accurately record hours worked, by failing to properly itemize wages,

17   and by failing to properly reimburse employees for uniforms, either knew or in the exercise

18   of reasonable care should have known that the conduct was unlawful.  As such, it is a

19   violation of Bus. & Prof. Code § 17200.

20       84.    Business & Professions Code § 17204 provides for a private cause of

21   action in stating that "[a]ctions for any relief pursuant to this chapter shall be prosecuted

22   exclusively in a court of competent jurisdiction … upon the complaint of any board, officer,

23   person, corporation or association or by any person acting for the interests of itself, its

24   members or the general public."

25       85.    Business & Professions Code § 17203 provides the court with available

26   remedies in stating that "[a]ny person who engages, has engaged, or proposes to engage in

27   unfair competition may be enjoined in any court of competent jurisdiction.  The court may

28   make such orders or judgments … as may be necessary to restore to any person in interest

22

1  any money or property ... which may have been acquired by means of such unfair

2  competition."

3       86.    The unlawful and unfair business practices of Defendants described

4  herein present a continuing threat to members of the public in that Defendants continue to

5  engage in the conduct described herein.

6       87.    Defendants have wrongfully retained monies belonging to Plaintiff and

7  Class Members that it may have acquired by means of unfair and unlawful business practices.

8       88.    Unless restrained by this Court, Defendants will continue to engage in

9  the unlawful conduct as alleged above.  Pursuant to the Business and Professions Code, this

10  Court should make such orders or judgments, including the appointment of a receiver, as

11  may be necessary to prevent the use or employment, by Defendants, their agents or

12  employees, of any unlawful or deceptive practice prohibited by the Business & Professions

13  Code, and/or, including but not limited to, disgorgement of profits which may be necessary

14  to restore Plaintiff and the Class Members to the money Defendants have unlawfully failed

15  to pay.

16                        **PRAYER**

17       WHEREFORE, Plaintiff prays for relief as follows:

18       1.     Damages and restitution according to proof at trial for all unpaid wages,

19  unpaid overtime, and other injuries, as provided by the California LABOR CODE;

20       1.    For a declaratory judgment that Defendants have violated the California

21  LABOR CODE and public policy as alleged herein;

22       3.     For a declaratory judgment that Defendants hvs violated BUSINESS AND

23  PROFESSIONS CODE '17200 et seq., as a result of the aforementioned violations of the

24  LABOR CODE and of California public policy protecting wages;

25       4.     For preliminary, permanent and mandatory injunctive relief prohibiting Zacky,

26  its officers, agents and all those acting in concert with them, from committing in the future

27  those violations of law herein alleged;

28       5.     For an equitable accounting to identify, locate and restore to all current and

1   former employees the wages they are due, with interest thereon;

2        6.    For an order awarding Plaintiff and the Class Members compensatory

3   damages, including lost wages, earnings and other employee benefits and all other sums of

4   money owed to Plaintiff and Class Members, together with interest on these amounts,

5   according to proof;

6        7.    For an order awarding Plaintiff and the Class civil penalties pursuant to the

7   LABOR CODE provisions cited herein and the Unfair Business Practices Act, with interest

8   thereon.

9        8.    For an award of reasonable attorneys' fees as provided by the California

10   LABOR CODE; California CODE OF CIVIL PROCEDURE '1021.5; and/or other applicable law;

11        9.    For all costs of suit; and

12        10.    For such other and further relief as this Court deems just and proper.

13   Dated:  February 12, 2012         LAW OFFICES OF ALEJANDRO BLANCO

14                        HOBBS LAW GROUP

15                        WILSON TRIAL GROUP

16                        THE LUTI LAW FIRM

17                        Anthony N. Luti

18                        By

19                        Anthony N. Luti

20                        Attorneys for Plaintiff
                         And Proposed Class

21

22

23

24

25

26

27

28

THE LUTI LAW FIRM
ATTORNEYS AT LAW
5055 Hollywood Blvd., Superior 351
Hollywood, CA 90028
Tel. (323) 960-2500
Fax. (323) 417-5500

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

3

4   Dated: February 12, 2012         LAW OFFICES OF ALEJANDRO BLANCO

5                       HOBBS LAW GROUP

6                       WILSON TRIAL GROUP

7                       THE LUTI LAW FIRM
                          Anthony N. Luti

8

9                       By
                         Anthony N. Luti

10                    Attorneys for Plaintiff
                    And Proposed Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LUTI LAW FIRM
ATTORNEYS AT LAW
5900 Hollywood Blvd., Number 541
Hollywood, CA 90028
Tel. (323) 960-3600
Fax (323) 857-5963

                       CLASS ACTION COMPLAINT

**EXHIBIT B**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kristin Hobbs, Esq., SBN 277843<br>HOBBS LAW GROUP<br>1135 E. Route 66, Suite 203<br>Glendora, CA 91740<br>TELEPHONE NO.: (626) 782-4520     FAX NO. *(Optional):* (626) 782-6379<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*   Plaintiff, SARAH MOORE | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central District |

| |
|---|
| PLAINTIFF/PETITIONER: SARAH MOORE<br>DEFENDANT/RESPONDENT: ULTA SALON, COSMETICS & FRAGRANCE, et al. |

| | |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC480087 |

TO *(insert name of party being served):* ULTA SALON, COSMETICS & FRAGRANCE, INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 6, 2012

Susan Rose
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

MArch 26 2012
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
for ULTA

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**EXHIBIT C**

JOHN C. KLOOSTERMAN, Bar No. 182625
KAI-CHING CHA, Bar No. 218738
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940
Fax No.:       415.399.8490

Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE,
INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 11 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
KE. LaFLEUR-CLAYTON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| SARAH MOORE, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC , a Delaware corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.  BC480087   **BY FAX**<br><br>**DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S ANSWER TO COMPLAINT**<br><br>COMPLAINT FILED: May 2, 2012<br>TRIAL DATE:  No date set.<br><br>Dept 24 |

Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. ("Defendant") hereby answers the unverified complaint ("Complaint") filed by Plaintiff SARAH MOORE, purporting to be on behalf of herself and all others similarly situated, as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies, singularly and collectively, all material allegations contained in each and every cause of action of the Complaint. In addition, Defendant further denies that the Plaintiff or putative class members has been damaged or has sustained or will sustain any loss or damage in any manner

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433.1940

1    or amount whatsoever as a result of any act or omission on the part of Defendant.  Defendant further

2    asserts the following separate and distinct defenses:

3                                    **AFFIRMATIVE DEFENSES**

4            In further answer to the Complaint, and as separate and affirmative and other defenses

5    Defendant alleges the following defenses.  In asserting these defenses, Defendant does not assume

6    the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

7            AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

8    the Complaint fails to state sufficient facts to constitute a cause of action or claim for relief.

9            AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

10   that Plaintiff's Complaint and each purported cause of action alleged therein, is barred by the statutes

11   of limitations, including but not limited to Code of Civil Procedure sections 338 and 340 and

12   Business and Professions Code section 17208, and by the doctrine of laches.

13           AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

14   that Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent and unclean hands.

15           AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

16   that Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff has an

17   adequate remedy at law.

18           AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

19   Plaintiff's Complaint, and each purported cause of action therein, is barred because the certification

20   of a class, or the pursuit of a representative or collective action, in the context of the facts and

21   circumstances of this case, would constitute a denial of Defendant's due process rights and to a trial

22   by jury, both substantive and procedural, in violation of the Due Process and Equal Protection

23   clauses of the Fourteenth Amendment of the United States Constitution and the Due Process and

24   Equal Protection clauses of Article I, Section 7 of the California Constitution.

25           AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, this suit may not

26   properly be maintained as a class, collective or representative action because: (a) Plaintiff has failed

27   to plead and cannot establish the necessary procedural elements for class treatment; (b) a class action

28   is not an appropriate method for the fair and efficient adjudication of the claims described in the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1.

Case No. BC480087

DEFENDANT'S ANSWER TO COMPLAINT

1    Complaint; (c) individual issues are predominant; (d) Plaintiff's claims are not representative or

2    typical of those of the putative class; (e) Plaintiff is not a proper class representative; (f) Plaintiff is

3    not an adequate representative for the alleged putative class; (g) Plaintiff cannot satisfy the

4    requirements for class action treatment, and class action treatment is neither appropriate nor

5    constitutional; (h) there is not a well-defined community of interest in the questions of law or fact

6    affecting Plaintiff and the members of the alleged putative class; and (i) Plaintiff lacks standing to

7    assert some or all claims.

8                    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

9    that Plaintiff's Complaint, and each and every cause of action contained therein, is barred in whole

10   or in part by this Court's lack of subject matter jurisdiction.

11                   AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

12   that Plaintiff's Complaint, and each and every cause of action contained therein, is barred in whole

13   or in part by Plaintiff's failure to exhaust contractual and administrative remedies.

14                   AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

15   that Plaintiff's Complaint, and each and every cause of action contained therein, is barred in whole

16   or in part because they are preempted by the National Labor Relations Act ("NLRA") and § 301 of

17   the Labor Management Relations Act ("LMRA").

18                   AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

19   that Plaintiff's claim for waiting time penalties is barred because (1) a good faith, bona fide dispute

20   exists or existed as to whether additional compensation is or was owing, (2) Defendant has not

21   willfully failed to pay such additional compensation, and (3) to impose waiting time penalties in this

22   action would be inequitable and unjust.

23                   AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is

24   informed and believes that further investigation and discovery will reveal, and on that basis alleges,

25   that any entitlement to relief by Plaintiff and/or those persons whom she seeks to represent is barred

26   or limited by the doctrines of after-acquired evidence and "avoidable consequences."

27                   AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant,

28   without admitting that any violation took place, alleges that any violation of the Labor Code, or of an

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

2.                                                       Case No. BC480087

DEFENDANT'S ANSWER TO COMPLAINT

1    order of the Industrial Welfare Commission, was an act or omission made in good faith and that

2    Defendant, having any participation in such acts, had reasonable grounds for believing that the act or

3    omission was not a violation of the Labor Code or any order of the Industrial Welfare Commission.

4            AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

5    alleges that Plaintiff's prayer for restitution pursuant to Business and Professions Code § 17200 is

6    barred with respect to any claim for penalties of any nature.

7            AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is

8    informed and believes that further investigation and discovery will reveal, and on that basis alleges

9    that, without admitting that Plaintiff or any of the persons she purports to represent are entitled to

10   any recovery, Plaintiff and those Plaintiff seek to represent have failed to take reasonable steps to

11   mitigate their alleged damages.

12           AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

13   alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in

14   whole or in part because of Plaintiff's breach of the duties owed to Defendant under the California

15   Labor Code, including but in no way limited to § 2854 *et seq.*

16           **PRAYER FOR RELIEF**

17           WHEREFORE, Defendant prays for judgment as follows:

18           1.      That Plaintiff take nothing by her Complaint;

19           2.      That the Complaint be dismissed with prejudice and that judgment be entered

20   in favor of Defendant and against Plaintiff, on all causes of action;

21           3.      That Plaintiff be ordered to pay Defendant its costs and attorneys' fees,

22   including, but not limited to, costs and attorneys' fees provided for under Labor Code section 218.5;

23   and

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

Case No. BC480087

DEFENDANT'S ANSWER TO COMPLAINT

4.      That Defendant be awarded such other and further relief as the Court deems appropriate and proper.

Dated: April 10, 2012

JOHN C. KLOOSTERMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
ULTA SALON, COSMETICS &
FRAGRANCE, INC.

Firmwide:110059195.1 059310.1028

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.                                                      Case No. BC480087
DEFENDANT'S ANSWER TO COMPLAINT

**PROOF OF SERVICE BY MAIL**

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On April 10, 2012, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S ANSWER TO COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Alejandro D. Blanco<br>The Blanco Law Firm, PC<br>535 N. Brand Boulevard, Suite 700<br>Glendale, CA 91203 | Kristin Hobbs<br>Hobbs Law Group<br>1135 E. Route 66, Suite 203<br>Glendora, CA 91740 |
| Dennis P. Wilson<br>Wilson Trial Group<br>3322 W. Victory Boulevard<br>Burbank, CA 91505 | Anthony N. Luti<br>The Luti Law Firm<br>7095 Hollywood Boulevard, No. 351<br>Hollywood, CA 90028 |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 10, 2012 at San Francisco, California.

_____
Anne Kawase

Firmwide:110339874.1 059310.1028

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Case No. BC480087

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 3224 PSG (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

------------------------------------------------------------

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

------------------------------------------------------------

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SARAH MOORE, on behalf of herself and others similarly situated,

**DEFENDANTS**
ULTA SALON, COSMETICS & FRAGRANCE, INC, and DOES 1 through 50

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Anthony N. Luti, Esq.
The Luti Law Firm
7095 Hollywood Blvd., No. 351
Hollywood, CA 90028
Telephone: 323.417.5049

Attorneys (If Known)
John C. Kloosterman, Esq.
Kai-Ching Cha, Esq.
Littler Mendelson, A Professional Corporation
650 California St., 20th Floor, San Francisco CA 94108.2693
Telephone: 415.433.1940

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** 70,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §1332; Class action for meal and rest period violations, and off-the-clock and overtime wages.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV12-3224

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

American LegalNet, Inc
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No  ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No  ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):            Date   4/12/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com