1  THE BLANCO LAW FIRM, PC
   Alejandro D. Blanco (Cal. Bar No. 133073)
2  Email: ablanco@theblancolawfirm.com
   535 N Brand Blvd Ste 700
3  Glendale, CA 91203
   Telephone: (877) 238-7635
4
   HOBBS LAW GROUP
5  Timothy Hobbs (Cal. Bar No. 268532)
   Email: Tim@hobbslawgroup.com
6  1340 E. Route 66, Suite 204
   Glendora, CA 91740
7  Tel: (626) 782-4520
   Fax: (626) 782-6379
8
9  Attorneys for Plaintiff and the Class

10 ADDITIONAL COUNSEL ON NEXT PAGE

11             UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 SARAH MOORE, on behalf of          Case No: 2:12-CV-03224-FMO (AGRx)
   herself and on behalf of all others  Hon. Fernando M. Olguin
14 similarly situated,
                                       **MEMORANDUM IN SUPPORT OF**
15                                     **UNOPPOSED MOTION FOR PRELIMINARY**
                                       **APPROVAL OF CLASS ACTION**
16             Plaintiff,              **SETTLEMENT**
17    vs.
                                       **[FILED CONCURRENTLY WITH:**
18 ULTA SALON, COSMETICS &
   FRAGRANCE, INC., a Delaware         **(1)  NOTICE OF MOTION FOR**
19 Corporation;                             **PRELIMINARY APPROVAL OF CLASS**
                                            **ACTION SETTLEMENT;**
20
               Defendants.             **(2)  DECLARATIONS IN SUPPORT OF**
21                                          **JOINT MOTION FOR PRELIMINARY**
                                            **APPROVAL OF CLASS ACTION**
22                                          **SETTLEMENT;**
23                                     **(3)  [PROPOSED] ORDER GRANTING**
                                            **PRELIMINARY APPROVAL OF CLASS**
24                                          **ACTION SETTLEMENT AND SETTING**
                                            **FINAL APPROVAL HEARING]**
25
                                       Date:           December 8, 2016
26                                     Time:           10:00 a.m.
                                       Dept.           22
27                                     Complaint filed: March 2, 2012
28

1   WILSON TRIAL GROUP
     Dennis P. Wilson (Cal. Bar No. 133288)
2   Email:  wilsontrialgroup@att.net
     3322 W. Victory Boulevard
3   Burbank, California 91505
     Telephone:  (818) 843-1788
4

5   Attorneys for Plaintiff and the Class

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

I.     INTRODUCTION ...................................................................................... 1

II.    NATURE OF CASE AND PROCEDURAL HISTORY .............................. 3

       A.    Nature of Case ............................................................................... 3

       B.    Discovery ....................................................................................... 4

       C.    Mediation ....................................................................................... 5

III.   SUMMARY OF SETTLEMENT TERMS ............................................... 5

IV.    THE PROPOSED SETTLEMENT MEETS THE STANDARDS FOR
       PRELIMINARY APPROVAL .................................................................. 8

       A.    Plaintiff's Claims Merit Class Action Treatment as the Court has
             Certified the Foregoing Class ....................................................... 9

       B.    The Settlement Is Fair, Reasonable, and Adequate. ................... 11

             1.    The Value of the Settlement Supports Approval. .............. 12

             2.    The Fairness of the Distribution Supports Approval. ........ 16

             3.    The Class Notice/Settlement Share/Election Not to
                   Participate. ......................................................................... 17

I.     THE COURT SHOULD GIVE PRELIMINARY APPROVAL TO
       THE AWARD OF ATTORNEYS' FEES ................................................. 18

V.     THE PROPOSED SCHEDULING ORDER ........................................... 21

VI.    THE COURT SHOULD SCHEDULE A FINAL APPROVAL
       HEARING ............................................................................................. 22

VII.   CONCLUSION ..................................................................................... 23

**TABLE OF AUTHORITIES**
(continued)

Page(s)

CASES

*Acosta v. Trans Union LLC*, 243 F.R.D. 377, 383 (C.D. Cal. 2007) ..........................iii, 9

*Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997) .......................................iii, 11

*Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) ...........iii, 8

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979) .................................iii, 13

California Labor Code § 1194 .................................................................................. 18

*Culinary/Bartender Trust Fund*, 244 F.3d at 1162 .......................................................iv, 10

*Earley v. Superior Court*, 79 Cal.App.4th 1420, 1429 95 Cal.Rptr.2d 57
    (2000) .................................................................................................................. 18

*Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL
    133741, at *20 (M.D. Fla. Jan. 27, 1998) ...........................................................iv, 11

*Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998) .........................................................iii, 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) .................................iv, 9

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Anti-Trust Litig.*, 109
    F.3d 602, 607 (9th Cir. 1997) ............................................................................. 19

*In re FPI/Agretech Securities Litigation*, 105 F.3d 469, 472 (9th Cir.1997) ................. 19, 20

*In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995) ....................................iv, 13

*In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1174 (S.D. Cal.
    2007) ...............................................................................................................iv, 15

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ..........................iv, 15

*In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y.

MEMO ISO JT MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

1993)..................................................................................iv, 18

*Ketchum v. Moses*, 24 Cal.4th 1122, 1134, 104 Cal.Rptr.2d 377 (2001)..........................20

*Mendoza v. United States*, 623 F.2d 1338, 1351 (9th Cir. 1980) ................................iv, 18

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625
(9th Cir. 1982)..................................................................................v, 12, 14

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989) ...................19

*Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)......................................19

*Press v. Lucky Stores, Inc.*, 34 Cal.3d 311, 322, 193 Cal.Rptr. 900 (1983)......................20

*Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) ..................................v, 9, 11, 12

*Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005)..........v, 11

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) .............................v, 8

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir.), *cert. denied*, 537 U.S.
1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) ..................................................19, 20

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) .................v, 10

**RULES**

Fed. R. Civ. Proc. 23(a)(1)..............................................................................9

Fed. R. Civ. Proc. 23(b)(3) .........................................................................12, 13

Fed. R. Civ. Proc. 23(c)(2)(B) .........................................................................20

Fed. R. Civ. Proc. 23(e)(1)..............................................................................23

Fed. R. Civ. Proc. 23(e)(1)(B) .........................................................................20

Fed. R. Civ. Proc. 23(e)(2)..............................................................................7

MEMO ISO JT MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1
2

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

3

OTHER AUTHORITIES

4
5

Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* §
   10:571 (The Rutter Group 2011) .................................................................. 8

6

Manual for Complex Litigation § 1.46, at 53-55 (West 1977) ....................................... 8

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     **INTRODUCTION**

Plaintiff Sarah Moore ("Plaintiff"), on behalf of herself and others similarly situated ("Class Members"), brought a wage and hour class action against Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), and Does 1-100. Plaintiff and Ulta (collectively, the "Parties") have reached a settlement of Plaintiff's claims.

Plaintiff now moves the Court for preliminary approval of the Settlement on behalf of the class (the "Settlement").  The Parties request that the Court enter an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as follows:

1.     Preliminarily approving the parties' Settlement, which is set forth in the Memorandum of Understanding, attached as Exhibit A to this motion.  As stated above the parties are currently in the process of executing an exhaustive Stipulation of Settlement which will set for the precise understanding of the parties with respect to settlement of this action, as discussed in the Declaration of Timothy Hobbs in Support of Joint Motion for Preliminary Approval of Class Action Settlement ("Hobbs Decl.") submitted with this motion.

2.     Appointing CPT Group as Settlement Administrator.

3.     Approving the form and content of the Notice of Pendency and Proposed Settlement of Class Action and Hearing on Final Approval of Settlement, attached as Exhibit B to this motion, the Claim Form and Release, attached as Exhibit C to this motion, and the Request for Exclusion Form, attached as Exhibit D to this motion, and ordering that the Class be given notice of the Settlement and provided with this settlement documentation.

4.     Scheduling a final approval hearing on such date as is appropriate under the settlement procedures proposed and as is available for the Court.

Under the Settlement, Plaintiff and the Class consisting of any and all persons who were employed by Ulta on a non-exempt basis between March 2, 2008, through the date of preliminary Court approval of the Settlement or through January

MEMO ISO JT MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

27, 2017, whichever date first occurs, will share in a $2,700,000 settlement (the "Maximum Settlement Amount" or "Gross Settlement Amount").  Individual Settlement Payments to Class Members who submit timely and valid claims will be based on their workweek equivalents during the Class Period of March 2, 2008, through the date of preliminary Court approval of the Settlement or through January 27, 2017, whichever date first occurs.   The individual settlement awards will be determined by dividing the total number of workweeks for the entire Settlement Class by the Settlement Class Net Settlement Amount, resulting in the Workweek Value; and then multiplying the Workweek Value by the number of workweeks worked by each Settlement Class Member ("The Individual Hourly Employee Settlement Award.") And each Class Member who submits a timely Claim Form will be entitled to a proportionate share of the Net Settlement Amount that is the same as that Class Member's proportionate share of the total workweek equivalents for the entire class.

The Net Settlement amount will be calculated by deducting all attorneys' fees, costs, enhancement awards, and claims administration expenses from the Maximum Settlement Amount ("Net Settlement Amount").  Any unpaid funds from the Net Settlement Amount after payment of timely and valid claims shall be redistributed to the Settlement Class Members.  The employee portion of payroll taxes and ULTA's share of employer payroll taxes will be paid from the unpaid funds; if the unpaid funds are insufficient to cover the employee portion and employer portion of payroll taxes, the Claims Administrator will reduce the individual settlement awards proportionally in amounts sufficient to cover ULTA's payroll tax amount such that total amount paid by ULTA will not exceed the Maximum Settlement Amount.  The Parties agree the Settlement is not subject to California Code of Civil Procedure section 384

The terms of the parties' Settlement as set forth in the Memorandum of Understanding were negotiated after the exchange of significant documentation, careful analysis by experienced counsel, and the engagement in an extensive arms-

1  length mediation session with an experienced wage and hour class action mediator.

2  The Settlement provides a fair and reasonable resolution for Plaintiff and the Class

3  with respect to their claims.  If finally approved by the Court, the Settlement would

4  represent a superior and highly beneficial result for Plaintiff, the Class and Defendant.

5      By this joint motion, the parties request that the Court take the first step

6  in the approval process.

7  **II.   NATURE OF CASE AND PROCEDURAL HISTORY**

8      **A.   Nature of Case**

9      On March 2, 2012, Plaintiff Sarah Moore filed a proposed Class Action

10  Complaint against Defendant on behalf of herself and all individuals who hold or held

11  the position of hourly employee who are employed by, or were formerly employed by,

12  Defendant, and any subsidiaries or affiliated companies within the State of California

13  in the period within four (4) years prior to the filing of this action and continuing to

14  the present.  The Complaint specifically alleged the following causes of action: Failure

15  to Pay Overtime Compensation; Failure to Compensate for all Hours Worked; Failure

16  to Pay Wages Upon Discharge; Failure to Provide Meal Periods; Failure to Provide

17  Rest Periods; Failure to Maintain Accurate Records; Waiting Time Penalties pursuant

18  to Labor Code Section 203; and Unfair Competition in Violation of Business and

19  Professions Code Section 17200.  On April 10, 2012, Defendant filed and served an

20  Answer to Plaintiff's Complaint and removed the matter to federal court.

21      On September 13, 2012, Plaintiff filed a First Amended Complaint which

22  likewise specifically alleged the following causes of action: Failure to Pay Overtime

23  Compensation; Failure to Compensate for all Hours Worked; Failure to Pay Wages

24  upon Discharge; Failure to Provide Meal Periods; Failure to Provide Rest Periods;

25  Failure To Maintain Records; Waiting Time Penalties pursuant to Labor Code Section

26  203; and Unfair Competition in Violation of Business and Professions Code Section

27  17200 (the "FAC").

28      On November 16, 2015, the Court granted Plaintiff's Motion for Class

MEMO ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   Certification and certified a class of "current and former non-exempt employees who

2   were employed by Ulta and who worked in any Ulta store in California at any time

3   from March 2, 2008, through the conclusion of this action."  Doc. No. 115.

4        Defendant has denied all allegations, asserting that it fully complies with

5   applicable laws.  Defendant also disputes that Plaintiff's claims, or any of them, are

6   appropriate for class treatment, and has indicated that any off the clock waiting time

7   was not uniform among class members, and was de-minimis and otherwise non-

8   compensable.

9      **B.**   **Discovery**

10        The parties exchanged Rule 26 initial disclosures and subsequently exchanged

11   additional information informally.  In addition, Plaintiff was deposed.

12        Class Counsel has conducted a thorough investigation into the facts of this class

13   action, including extensive discovery, review of relevant documents, and have

14   diligently pursued an investigation of Class Members' claims against ULTA, including

15   deposing ULTA's Person Most Knowledgeable, attending deposition of Plaintiff,

16   interviewing at least 40 class members, analyzing more than two hundred thousand

17   pages of payroll and time card records produced by Defendant ULTA, including 8.5

18   million time card entries, reviewing 37 declarations and supporting documents

19   submitted by Defendant ULTA in support of Defendants' opposition to Motion for

20   Class Certification.  Based on their own independent investigation and evaluation,

21   Class Counsel is of the opinion that the Settlement with ULTA for the consideration

22   and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and

23   adequate and is in the best interest of the Settlement Class in light of all known facts

24   and circumstances, including the risk of significant delay, defenses asserted by

25   Defendants, and numerous potential appellate issues.  ULTA and ULTA's counsel also

26   agreed to the settlement terms after a lengthy mediation with a trained mediator.  As

27   such Plaintiff believes the settlement is fair to the Settlement Class.

28        The Class Representative has vigorously prosecuted this case, and Defendant as

MEMO ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   vigorously contested it.  The Plaintiff and her attorneys believe that they have engaged

2   in sufficient discovery and investigation, both formal and informal, to assess the

3   relative merits of the claims of the Class Representative and of Defendant's defenses

4   to them.

5           Class Counsel analyzed the information provided by Defendant, and vetted the

6   information during meetings with Plaintiff and interviews with many Class Members in

7   California. Hobbs Decl., ¶6.  Plaintiff's time of service with Defendants provided her

8   with considerable detailed information about the claims asserted, which they shared

9   with their counsel.  Hobbs Decl., ¶5.  All of this information, obtained through

10  discovery and informal exchanges, provided the Plaintiff with a substantial basis to

11  assess the strengths and weaknesses of each party's respective positions prior to the

12  mediation.

13          **C.      Mediation**

14          The Parties mediated on August 4, 2016, with Eugene Moscovitch, who has

15  significant experience in mediating California wage and hour cases.  After a full day of

16  mediation, at which they engaged in good-faith, arms-length bargaining, and

17  realistically assessed the strengths and weakness of their positions, the parties reached

18  the Settlement.  Hobbs Decl., ¶7.

19  **III.    SUMMARY OF SETTLEMENT TERMS**

20          In the Memorandum of Understanding, the parties have agreed to a settlement,

21  whereby Defendant will pay on a non-segregated and claims-made basis a maximum of

22  $2,700,000, including all attorneys' fees, costs, enhancement awards, the employee

23  portion of payroll taxes, the employer portion of payroll taxes (FICA, FUTA, etc.) and

24  claims administration expenses (the "Maximum Settlement Amount"); under no

25  condition will ULTA's liability exceed the Maximum Settlement Amount. At no time

26  shall ULTA have the obligation to segregate the funds comprising the Maximum

27  Settlement Amount, and ULTA shall retain exclusive authority over, and the

28  responsibility for, those funds.  All claims submitted by Class Members, and all

attorneys' fees, costs, enhancement awards, the employee portion of payroll taxes, the employer portion of payroll taxes (FICA, FUTA, payroll taxes, etc.), and claims administration expenses shall be paid out of the Maximum Settlement Amount.

The Settlement will be administered by a Court-appointed Claims Administrator, CPT Group, an independent and experienced third-party claims administration company.  The Maximum Settlement Amount includes:

- attorneys' fees of Class Counsel not to exceed $810,000 (thirty percent (30%) of the Maximum Settlement Amount, as approved by the Court;
- legal costs and expenses not to exceed $30,000, as approved by the Court;
- service payments to the Plaintiff not to exceed $30,000, as approved by the Court;
- Claims administrator costs, not to exceed $80,000, as approved by the Court; and
- Defendant's portion of FICA, FUTA, and all other state and federal payroll taxes.

The balance that remains after the above items are deducted is referred to as the Net Settlement Amount.  The Net Settlement Amount will be distributed on a claims-made basis, and no fluid recovery fund shall be created or maintained.

The individual settlement awards will be determined by dividing the total number of workweeks for the entire Settlement Class by the Settlement Class Net Settlement Amount, resulting in the Workweek Value; and then multiplying the Workweek Value by the number of workweeks worked by each Settlement Class Member ("The Individual Hourly Employee Settlement Award.")  And each Class Member who submits a timely Claim Form will be entitled to a proportionate share of the Net Settlement Amount that is the same as that Class Member's proportionate share of the total workweek equivalents for the entire class.  *Id.*, § 29(a)(i).

The Settlement Administrator will use records provided by Defendants to

1  determine the amount that each Class Member is eligible to receive. Based upon the

2  number of weeks each Class Member actually worked for Defendants during the

3  eligibility period, and the number of individuals who participate in the settlement, the

4  Claims Administrator will calculate an award for each individual.  Any Class Member

5  who wants to be excluded may be excluded from the Settlement by providing a timely

6  notice to the Settlement Administrator.

7       The parties may seek review of the Claims Administrators' calculations.  Class

8  Members who do not exclude themselves from the Settlement may also object to the

9  fairness, reasonableness or adequacy of the Settlement or any award of fees or

10  expenses.   The Notice will fully explain the opt-out and objection procedures.

11       The Settlement Agreement provides what the Plaintiff and her attorneys believe

12  is the fairest and most practicable procedure for notifying the Class Members

13  concerning the terms of the Settlement and their respective rights under the

14  Settlement.  Hobbs  Decl., ¶8. Ulta will provide the Settlement Administrator with

15  each Class Member's last known address, and the Settlement Administrator will use

16  the last known addresses for the initial mailing.

17       The Class Members will have 60 days from the date of mailing to submit claims

18  or request exclusion (opt-out).  In the event that any Notice is returned to the

19  Settlement Administrator as being undeliverable before the claim filing/opt-out

20  deadline, the Settlement Administrator will re-send the Notice to the forwarding

21  address if one is provided by the United States Postal Service.  And if no forwarding

22  address is provided, the Settlement Administrator will take the following steps to find

23  the Class Member's current mailing address:  For notices returned as undeliverable, the

24  Settlement Administrator will facilitate and implement skip tracing individual names to

25  obtain additional addresses.

26       In addition, at least 15 days before the claim filing/opt-out deadline, the

27  Settlement Administrator will send a postcard reminder to any Class Member who has

28  not responded to the Class Notice.

MEMO ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

The Plaintiff and her attorneys believe that the process set forth provides the fairest and most practicable method of notifying the Class Members of the terms of the settlement.  Within 60 days of receiving final court approval of the settlement, Defendants will deliver to the Claims Administrator the Maximum Settlement Amount.

Plaintiff and her attorneys are of the opinion that the Settlement Agreement is fair, reasonable, adequate, and is in the best interest of the Class in light of all known facts and circumstances, including the significant risks and delays of litigation that are presented by the defenses and potential appellate issues that Defendants may assert. Hobbs Dec., ¶9.  Class Counsel has fully advised the Representative Plaintiff of the Settlement Agreement and represents that they fully approve of and consent to it. Hobbs Dec., ¶11.

## IV.   THE PROPOSED SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY APPROVAL

The law favors settlement.  This is particularly true in class actions where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation.  *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

A court may approve a settlement of a class action only when it finds after a hearing that the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. Proc. 23(e)(2).  Judicial review of a class action settlement entails a two-step process.  "The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval.'"  *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) (quoting Manual for Complex Litigation § 1.46, at 53-55 (West 1977)), *overruled in irrelevant part*, *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).  The preliminary approval hearing "is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing."  *Armstrong*, 616 F.2d at 314.  At the second stage of the approval process, after class members have

1   had an opportunity to object to the settlement, the court makes a final determination

2   whether the settlement is "fair, reasonable and adequate" under Rule 23(e)(2).  *Id.* at

3   313.

4        In reviewing a class action settlement, a court undertakes two fundamental

5   inquiries. "First, the district court must assess whether a class exists ..." *Staton v. Boeing*

6   *Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  In other words, the court must determine that

7   the lawsuit qualifies as a class action under Rule 23.  *See, e.g., Hanlon v. Chrysler Corp.*,

8   150 F.3d 1011, 1022 (9th Cir. 1998) (reviewing settlement to ensure compliance with

9   requirements of Rule 23(a) and Rule 23(b)(3)).  Second, the court must determine

10  whether the settlement is "fair, adequate, and reasonable." *Staton*, 327 F.3d at 952.

11  When parties reach a settlement agreement prior to class certification, "courts must

12  peruse the proposed compromise to ratify both the propriety of the certification and

13  the fairness of the settlement." *Acosta v. Trans Union LLC*, 243 F.R.D. 377, 383 (C.D.

14  Cal. 2007) (quoting *Staton*, 327 F.3d at 952).

15  **A.     Plaintiff's Claims Merit Class Action Treatment as the Court has
        Certified the Foregoing Class**

16

17      This court has already ruled that the class was properly certified.  This court

18  found that the Settlement Class met the requirements for certification under Rule 23(a)

19  and Rule 23(b)(3).  The class was so numerous that joinder of all members would be

20  "impracticable."  Fed. R. Civ. P. 23(a)(1).  There were also "questions of law or fact

21  common to the class." Id.  Here the common legal questions to the Settlement Class

22  were whether Defendants violated multiple California Labor Code provisions,

23  including the requirement to (i) pay overtime and (ii) provide meal and rest periods,

24  proper wage statements, and payment of all wages upon termination.  The lead Class

25  Representative Sarah Moore's claims were "typical of the claims ... of the class." Fed.

26  R. Civ. P. 23(a)(3).  The court also found that pursuant to Fed. R. Civ. P. 23(a)(4) that

27  Ms. Moore was capable of "fairly and adequately protect the interests of the class."

28  This court further found that Class Counsel were capable of adequately prosecuting

-9-

1   the claims on behalf of Ms. Moore and the Class.

2        Common questions of law and fact predominate in this action.  The

3   predominance inquiry focuses on whether the class is "'sufficiently cohesive to warrant

4   adjudication by representation.'" *Culinary/Bartender Trust Fund*, 244 F.3d at 1162

5   (citation omitted).  Central to this question is "'the notion that the adjudication of

6   common issues will help achieve judicial economy.'" *Zinser v. Accufix Research Inst., Inc.*,

7   253 F.3d 1180, 1189 (9th Cir. 2001) (citation omitted), *amended*, 273 F.3d 1266 (9th Cir.

8   2001).  Here, this found predominance of issues that are common to all of the

9   members of the Settlement Class, namely whether Defendant's off the clock bag check

10  policy, resulted in Defendant failing to provid meal and rest breaks, paid overtime as

11  required by state law, and failing to pay for all hours worked, etc.

12       Due to the preponderance of common issues, this court determined that the

13  class action was superior to a multitude of individual actions.  To determine whether

14  the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a

15  class action with alternative methods for adjudicating the parties' claims.  Lack of a

16  viable alternative to a class action necessarily means that a class action satisfies the

17  superiority requirement.  "'[I]f a comparative evaluation of other procedures reveals no

18  other realistic possibilities, th[e] [superiority] portion of Rule 23(b)(3) has been

19  satisfied.'" *Culinary/Bartender Trust Fund*, 244 F.3d at 1163 (citation omitted; last

20  alteration in original); *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1235-36 (9th

21  Cir. 1996) ("[A] class action is the superior method for managing litigation if no

22  realistic alternative exists.").

23       In *Culinary/Bartender Trust Fund*, the Ninth Circuit held that a class action met

24  the superiority requirements of Rule 23(b)(3) where class members could recover, at

25  most, damages in the amount of $1,330.  Here, as in *Culinary/Bartender Trust Fund*, "this

26  case involves multiple claims for relatively small sums."

27       Consideration of the factors listed in Rule 23(b)(3) bolsters the conclusion that

28  common issues predominate.  Ordinarily, these factors are (A) the interest of members

-10-

of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).  However, when a court reviews a class action settlement, the fourth factor does not apply.  In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997).  Here, the remaining factors set forth in Rule 23(b)(3)(A), (B) and (C) all favor class certification:

- Any Class Member who wishes to pursue a separate action can opt out of the Settlement.
- The parties are unaware of any competing litigation regarding the claims at issue.
- The parties agree that it would be desirable to resolve Plaintiff's claims in this forum.

"With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious ..." *Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998); *see also Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of  settlement'") (citation omitted).

## B.    The Settlement Is Fair, Reasonable, and Adequate.

No single criterion determines whether a class action settlement meets the requirements of Rule 23(e).  The Ninth Circuit has directed district courts to consider a variety of factors without providing an "exhaustive list" or suggesting which factors are most important.  *See Staton*, 327 F.3d at 959.  "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claims advanced, the types of relief sought, and the unique facts and circumstances

1   presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n of San*

2   *Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

3       Due to the impossibility of predicting any litigation result with certainty, a

4   district court's evaluation of a settlement essentially amounts to "nothing more than

5   'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for*

6   *Justice*, 688 F.2d at 625 (citation omitted). The ultimate touchstone, however, is

7   whether "class counsel adequately pursued the interests of the class as a whole."

8   *Staton*, 327 F.3d at 961. As the Ninth Circuit explained in *Officers for Justice*, the district

9   court's role in evaluating a class action settlement is therefore tailored to meet that

10   narrow objective. Review under Rule 23(e) "must be limited to the extent necessary to

11   reach a reasoned judgment that the agreement is not the product of fraud or

12   overreaching by, or collusion between, the negotiating parties." 688 F.2d at 625.

13   Accordingly, the Ninth Circuit will not reverse a district court's approval of a class

14   action settlement "unless the fees and relief provisions clearly suggest the possibility

15   that class interests gave way to self-interest." *Staton*, 327 F.3d at 961.

16       Here, the parties reached a non-collusive settlement after sufficient discovery

17   enabled counsel to form educated assessments about the strength of Plaintiff's claims,

18   the validity of Defendants' defenses, the costs of proving the claims on a classwide

19   basis, and the difficulties of obtaining a statistically valid sampling of the 13,000 plus

20   member class, as well as the value of the case.

21       Because overcoming Defendants' defenses, and establishing damages on a class-

22   wide basis through statistical modeling posed difficult and expensive hurdles for

23   Plaintiff that justified compromise of their claims, the Settlement falls well within the

24   range of reasonable outcomes and merits approval under Rule 23(e).

25           **1.**    **The Value of the Settlement Supports Approval.**

26       To estimate the value of continuing to litigate, Plaintiff considered the inherent

27   risks, the potential magnitude of a recovery, and the probable length of the delay in

28   payment. Here, there were approximately 4,250,000 shifts within the class period.

1    Assuming, an average hourly rate of pay of approximately $9.00 per hour, the

2    settlement would pay each worker for more than 4 minutes of uncompensated time

3    for each shift worked.  Given Defendant's position that there was no uniform off the

4    clock inspection policy, and if there were ever off the clock inspections, there was little

5    to no wait, and the inspection took just moments, the settlement appears to be

6    reasonable.

7             **a.**      **The Risks Inherent in Continued Litigation Are Great.**

8          To assess the fairness, adequacy, and reasonableness of a class action settlement,

9    the Court must weigh the immediacy and certainty of substantial settlement proceeds

10    against the risks inherent in continued litigation.  *See In re General Motors Corp.*, 55 F.3d

11    768, 806 (3d Cir. 1995) ("[T]he present value of the damages Plaintiff would likely

12    recover if successful, appropriately discounted for the risk of not prevailing, should be

13    compared with the amount of the proposed settlement.") (citation omitted and

14    internal quotation marks); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979).

15          This factor supports preliminary approval here.  The Settlement affords the

16    Class prompt and substantial relief, while avoiding significant legal and factual hurdles

17    that otherwise may have prevented the Class from obtaining any recovery at all.  The

18    outcome of trial and any attendant appeals, were inherently uncertain.   Hobbs Dec.,

19    ¶9.

20

21          All in all, the Settlement achieved confers a substantial benefit on Plaintiff and

22    the Class Members, whereas proceeding with litigation would impose significant risk

23    of no recovery as well as ongoing, substantial expense.  If Settlement were not

24    achieved, continued litigation of Plaintiff's and the Class' claims in this action would

25    require substantial additional preparation and discovery.  It ultimately would involve

26    the deposition and presentation of numerous witnesses; the consideration, preparation

27    and presentation of documentary evidence; and the preparation and analysis of expert

28    reports.  Specifically, proof of liability and damages would both hinge on statistical

sampling of the class.

According to Plaintiff's statistical consultant, to withstand challenge, a statistical modeling of damages would require a sample size of between 200-300 respondents, who must be interviewed or provide a declaration, with a participation rate in excess of 90%. Clearly, there are immense logistical burdens which would be posed to Plaintiff and the class to obtain the information from which a statistically valid sampling could be obtained. If this case were to go to trial, costs would be astronomical.

By contrast, the Settlement will yield a prompt, certain, and very substantial recovery for the Class. Such a result will benefit the parties and the Court. For these reasons, Class Counsel believe this is an excellent Settlement for Plaintiff and the Class. Hobbs Dec., ¶10.

### b. The Amount Offered in the Settlement Supports Approval.

Defendant has agreed to pay a maximum of $2,700,000 to settle this lawsuit. Even assuming that Defendant had no defenses to Plaintiff's claims (in fact, they contend they have several strong defenses to all claims), the Settlement would represent a reasonable approximation of potential recovery.

The Settlement's adequacy must be judged as "'a yielding to absolutes and an abandoning of highest hopes ...' Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation ..." *Officers for Justice*, 688 F.2d at 624 (citation omitted; second alteration in original). Therefore, considering the potential recovery, the probability of lengthy litigation in the absence of settlement, and the risks that the Class would not have been able to succeed at trial and that a jury could award lower damages, the amount of the Settlement is well within the range of reasonableness.

### c. Discovery Supports Approval.

"'[I]n the context of class action settlements, "formal discovery is not a

MEMO ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   necessary ticket to the bargaining table" where the parties have sufficient information

2   to make an informed decision about settlement.'" *In re Mego Fin. Corp. Sec. Litig.*, 213

3   F.3d 454, 459 (9th Cir. 2000) (citation omitted); *see also In re Immune Response Sec. Litig.*,

4   497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007) (approving settlement where informal

5   discovery gave parties clear view of strength and weaknesses of their cases).

6       However, here, the parties engaged in formal discovery. Besides the substantial

7   information that Plaintiff herself provided to their counsel, Defendants produced

8   payroll and time card data for the entire class, along with 37 declarations opposing

9   Plaintiff's motion for certification. Hobbs Dec., ¶¶5, 6.

10      These documents and data provided Plaintiff's counsel with the facts needed to

11  settle these class actions: data relating to payment of wages, meal and rest periods

12  taken by the Class Members, their hourly wages, and their final pay dates. Based on

13  this information, counsel formed educated assessments about the strength of

14  Plaintiff's claims, the validity of the defenses, and the value of the case.

15              **d.    Earlier Payment Supports Approval.**

16      This Court also should consider that the Settlement provides for payment to the

17  Class now, rather than a speculative payment many years down the road. If the

18  litigation were to continue, and even if Plaintiff were to prevail, payment would occur

19  at some indeterminate time in the future. Even though trial is not presently scheduled,

20  if Defendants were not to prevail at trial, the company would be determined to appeal

21  from all adverse rulings. An appeal, of course, might last another year or two, or even

22  more. If the appellate court were to overturn the verdict, the case might be remanded

23  to the trial court for further proceedings which, again, could last indefinitely.

24      This delay and the risks inherent in continued litigation led Plaintiff to conclude

25  that fighting the lawsuit to the bitter end was not the wise course. The Settlement calls

26  for $2,700,000 (less approved payments to Plaintiff, Class Counsel, the Settlement

27  Administrator, and taxes) to be paid to the Class Members now. Although a portion of

28  the Net Settlement Amount may revert to Defendant, that is not unfair, particularly

MEMO ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   since Defendant disputes all claims in their entirety, there will only be reversion if the

2   claims rate is low, if the litigation continues, the Class Members may receive nothing at

3   all or may receive much less at some distant time in the future.

4   **2.      The Fairness of the Distribution Supports Approval.**

5       The parties not only believe that the total Settlement is fair to the Class, but

6   Plaintiff contend and Defendant does not contest that the proposed awards of

7   $810,000 in attorney's fees and $30,000 in reimbursed litigation expenses and $30,000

8   to the Class Representative to reimburse for time, effort, and risk demanded by this

9   litigation are fair and reasonable.  The parties also propose to pay out of the Maximum

10  Settlement Amount the Settlement Administrator's reasonable costs and expenses not

11  to exceed $80,000.

12  **a.      The Plan of Allocation for Distributing the Settlement to the Class Members.**

13

14      The plan for allocating and distributing the Settlement to the Class Members is

15  set forth in detail in the Stipulation of Settlement which is being finalized.  The

16  working plan, which may be slightly modified, based on comment by Defense

17  Counsel, contemplates that after preliminary approval of the Settlement, Defendant

18  will provide the Settlement Administrator with the number of workweek equivalents

19  for each Class Member, based on payroll records.  Each Class Member's portion will

20  be a *pro rata* share based upon the total number of workweek equivalents for the entire

21  Class during the class period.  The Parties believe that this method for determining

22  how much each member should receive possesses the dual advantages of efficiency

23  and fairness.

24  **b.      Settlement Administration.**

25      The Parties propose CPT Group as the Settlement Administrator here.  CPT

26  Group is an experienced administrator of class action settlements, including those of

27  employment claims, and the parties believe it will faithfully and competently carry out

28  its obligations to administer their Settlement.  The Settlement Administrator's will

provide notice, receive opt outs, calculate damages and deliver settlement funds to class members.  Reasonable fees and expenses will be paid from the Maximum Settlement Amount, and are projected at $80,000 based on CPT's written estimate.

### c.     Employer Taxes.

The Settlement Administrator will withhold payroll tax from the portion of the Settlement designated as compensation for unpaid wages, and issue a W-2 Form  with respect to the portion of the Settlement designated as settlement for Class Members' claims for interest on unpaid wages and civil and statutory penalties.

### 3.     The Class Notice/Settlement Share/Election Not to Participate.

If the Court conditionally certifies a settlement class and preliminarily approves the settlement, it must direct the "best notice practicable" under the circumstances to the Class Members.  Fed. R. Civ. Proc. 23(c)(2)(B), 23(e)(1)(B).  Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received."  *Silber v. Mahon*, 18 F.3d 1449, 1454 (9th Cir. 1994).  Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, Plaintiff plans to provide notice by first-class mail to Class Members, whose last-known names and addresses are available to Defendants.  In addition, the Settlement Administrator will, upon receipt of a returned packet, search for a more current address for the Class Member and re-mail the Class Notice Packet to the Class Member.  Notice by this method clearly suffices.

Apart from the manner of notice, Rule 23(c)(2)(B) also sets forth requirements regarding the content of the notice.  The notice must concisely and clearly state in plain, easily understood language:

- the nature of the action;

1         •   the definition of the class certified;

2         •   the class claims, issues, or defenses;

3         •   that class members may enter an appearance through counsel if the

4           member so desires;

5         •   that the court will exclude from the class any member who requests

6           exclusion, stating when and how members may elect to be excluded; and

7         •   the binding effect of a class judgment on class members under

8           Rule 23(c)(3).

9       Here, the proposed notice (Settlement, Exh. B) complies fully with

10 Rule 23(c)(2)(B).  Courts routinely approve class notices even when they provide only

11 general information about a settlement.  *See, e.g., Mendoza v. United States*, 623 F.2d

12 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement"

13 sufficient); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993)

14 (notice "need only describe the terms of the settlement generally").  The class notice

15 provides more than adequate notice about the Settlement.  In addition, accompanying

16 the class notice will be a Claim Form (Settlement, Exh. C), and a Request for

17 Exclusion Form.  (*Id.*, Exh. D.)

18       Class Members thus will be provided with all of the information they need to

19 make an informed choice whether to be part of the Settlement.

## I.  THE COURT SHOULD GIVE PRELIMINARY APPROVAL TO THE AWARD OF ATTORNEYS' FEES

22       The settlement in this case has vindicated the rights of Class Members

23 under state and federal law.  When an employee does not receive the "legal overtime

24 compensation" or "less than the legal minimum wage," California law provides for the

25 recovery of "reasonable attorney's fees and costs of suit" in a civil action.  California

26 Labor Code § 1194; *see also Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1429

27 (Labor Code § 1194 is the *sole* statutory authority for the award of attorney's fees upon

28 the successful prosecution of such claims).

MEMO ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    In class actions, the court has broad discretion in assessing the

2    reasonableness of attorneys' fees. *In re FPI/Agretech Securities Litigation* (9th Cir. 1997)

3    105 F.3d 469, 472; *Powers v. Eichen* (9th Cir. 2000) 229 F.3d 1249, 1256.  This discretion

4    "extends to the court's choice of method – lodestar or percentage recovery – for

5    calculating the award."  *In re FPI/Agretech Securities Litigation*, 105 F.3d at  472; *accord In*

6    *re Coordinated Pretrial Proceedings in Petroleum Prods. Anti-Trust Litig.* (9th Cir. 1997) 109

7    F.3d 602, 607.

8            The proposed award of attorneys' fees, costs and expenses to Plaintiff's

9    counsel  in this case can be justified under either method –  lodestar or percentage

10   recovery.  Plaintiff's counsel, however, intend to base the proposed award of fees,

11   costs and expenses on the percentage method.

12           In common fund cases the Ninth Circuit has established 25% of the

13   common fund as the "benchmark" award for attorney fees. *Paul, Johnson, Alston &*

14   *Hunt v. Graulty* (9th Cir. 1989) 886 F.2d 268, 272; *see also Six Mexican Workers v. Arizona*

15   *Citrus Growers* (9th Cir. 1990) 904 F.2d 1301, 1311 (affirming 25% award to attorneys

16   in class action lawsuit on behalf of "undocumented Mexican workers" for violations of

17   the Farm Labor Contractor Registration Act). This "benchmark percentage should be

18   adjusted, or replaced by a lodestar calculation, when special circumstances indicate that

19   the percentage recover would be either too small or too large in light of the hours

20   devoted to the case or other relevant factors." *Six Mexican Workers*, 904 F.2d at 1311;

21   *accord, Torrisi*, 8 F.3d at 1376.  In *Vizcaino v. Microsoft Corp.* (9th Cir. 1997) 290 F.3d

22   1043, *cert. denied*, (2002) 537 U.S. 1018, 123 S.Ct. 536, for example, the Ninth Circuit

23   affirmed a fee award of 28% of the settlement fund, worth $27,127,800, because,

24   among other things, counsel achieved exceptional results for the class, the case was

25   extremely risky for counsel to assume, and 25% was below the market rate for

26   contingency cases.  *Id.* at 1046-49.

27           The proposed fee award in this case compares favorably with *Torrisi*,

28   where the Ninth Circuit affirmed a fee award to class counsel of 25% of the total

-19-                    MEMO ISO MOTION FOR PRELIMINARY
                        APPROVAL OF CLASS ACTION SETTLEMENT

1   recovery of $30 million or $7.5 million even though the total lodestar amount was $3

2   million.  8 F.3d at 1376-77.  The proposed fee award with the settlement here also

3   compares favorably with *Vizcaino*, where the fee award to class counsel of 28% of the

4   settlement fund was more than 3 ½ times the lodestar amount.  290 F.3d at 1050-51.

5                    While Plaintiff's counsel are proceeding on the percentage recovery, the

6   proposed fee award to them would also be justifiable under the lodestar method.

7   Under the lodestar method, the court first multiplies the number of hours an attorney

8   reasonably spent on the case by a reasonable hourly rate.  *Hensley v. Eckerhart* (1983)

9   461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40.   That figure is then adjusted

10   according to the circumstances of the case to reach a reasonable result.  *Id.* at 434; *In re*

11   *FPI/Agretech Securities Litigation*, 105 F.3d at 472 n. 4.[1]

12                    The settlement with Ulta was achieved after over a year and a half of

13   investigation and discovery, protracted negotiation, and ultimately mediation.  The

14   work of Plaintiff'ss counsels is not yet complete, since they will surely spend dozens of

15   hours in preparing the necessary documents for the fairness hearing and in overseeing

16   the claims administration process before the final checks are distributed to Class

17   Members.  Prior to the fairness hearing for the settlement, Plaintiff's counsel are

18   willing to submit, if requested by the Court,  detailed evidence regarding the hours that

19   they have devoted to this case in general and to prosecuting claims against Defendant

20   in particular and the reasonable hourly rate for such work.  Plaintiff's counsel have not

21   presented such voluminous evidence at the present time for several reasons.  First, the

22   compilation of all those time records would itself be a major undertaking.  Second,

23

24

25   [1] California courts have likewise applied the lodestar adjustment method to "a broad range of statutes authorizing attorney fees."  *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134.  The starting point for

26   determining the appropriate amount of fees is a "'careful compilation of the time spent and reasonable hourly compensation for each attorney. . .involved in the presentation of the case.'"  *Press*

27   *v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 322 (citation omitted). That "lodestar" figure "may then be increased or reduced by the application of a "multiplier" after the trial court has considered other

28   factors concerning the lawsuit."  *Id.*

many of the entries in the time records will have to be redacted to preserve attorney-client and attorney work product privileges.[2]

## V.      THE PROPOSED SCHEDULING ORDER

The following schedule sets forth the Parties' proposed sequence for the relevant dates and deadlines (see also [proposed] Order), assuming the Court preliminarily approves the Settlement.

| EVENT | TIMING |
|---|---|
| Last day for Defendants to provide to Settlement Administrator a database of all Class Members, including names, last known addresses, social security numbers, and individual work weeks | Within 20 days after entry of Court's Order granting preliminary approval of Settlement [_____] |
| Last day for Settlement Administrator to mail Notices to Class Members | Within 20 days after Settlement Administrator's receipt of database [_____] |
| Last day for Class Members to submit Claim Forms, Request for Exclusion Forms, or Objections | Within 60 days after mailing of class Notice [_____] |
| Last day for Settlement Administrator to provide to Defendants' counsel and Class Counsel a Declaration of Proof of Mailing | No later than 15 days prior to the final approval hearing |
| Last day for filing and service of moving papers in support of final Settlement approval and request for attorneys' fees and costs | At least __ days before the Final Settlement hearing [on or after _____] |
| Last day for Class Counsel to provide the Court | At least 10 days prior to the final |

---

[2] Plaintiff's counsel would invite any suggestions from the Court on how they might be able to simplify the task of submitting hundreds of pages of redacted time records.

| EVENT | TIMING |
|---|---|
| with a declaration by the Settlement Administrator specifying the due diligence undertaken with regard to the mailing of the Notice | Settlement approval hearing [_____] |
| Final Settlement approval hearing | [_____] |
| Last day for Defendants to make payment to Settlement Administrator for individual settlements, court-approved attorney's fees and costs, service payments to Plaintiff, LWDA payment and Settlement Administrator's fees | 60 days after entry of Court Order granting final Settlement approval, unless Defendants request and Class Counsel agrees to additional time, which agreement will not be unreasonably withheld  [_____] |
| Last day for Settlement Administrator to mail payments to individual Class Members | No later than 30 calendar days after receipt of the funds from Defendants  [_____] |
| Dismissal of action with prejudice | Upon filing of proof that timely claims have been paid |

## VI.   THE COURT SHOULD SCHEDULE A FINAL APPROVAL HEARING.

The last step in the settlement approval process is the final approval hearing, where members of the Settlement Class who timely submit objections to the Settlement may be heard, and the court makes a final determination about the propriety of the settlement.  Fed. R. Civ. P. 23(e)(1).  Based on the timetable for giving

1   notice and submitting objections to the Settlement, the parties request that the fairness

2   hearing in this case be scheduled in 2012 at a time convenient for the Court and

3   consistent with the parties' proposed schedule.

4   **VII.   <u>CONCLUSION</u>**

5          For the foregoing reasons, the parties respectfully request that this Court grant

6   this joint Motion in its entirety and enter the accompanying proposed Order.

7

8   November 4, 2016                          HOBBS LAW GROUP

9

10

11                                    By: _____

12                                          Attorneys for Plaintiffs
                                            SARAH MOORE, et al

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO ISO MOTION FOR PRELIMINARY
                                            APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT 1

THE BLANCO LAW FIRM, PC
Alejandro D. Blanco (Cal. Bar No. 133073)
Email: ablanco@theblancolawfirm.com
535 N Brand Blvd Ste 700
Glendale, CA 91203
Telephone:  (877) 238-7635

HOBBS LAW GROUP
Timothy Hobbs (Cal. Bar No. 268532)
Email: Tim@hobbslawgroup.com
1340 E. Route 66, Suite 204
Glendora, CA 91740
Tel: (626) 782-4520  Fax: (626) 782-6379

WILSON TRIAL GROUP
Dennis P. Wilson (Cal. Bar No. 133288)
Email:  wilsontrialgroup@att.net
3322 W. Victory Boulevard
Burbank, California 91505
Telephone:  (818) 843-1788

Attorneys for Plaintiff and the Class

ADDITIONAL COUNSEL ON NEXT PAGE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MOORE, on behalf of herself and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation;<br><br>                    Defendants. | Case No: 2:12-CV-03224-FMO (AGRx)<br>Hon. Fernando M. Olguin<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.**<br><br>Date:<br>Time:              8:30 a.m.<br>Dept.:             20<br>Complaint filed:   March 2, 2012 |

1   JOHN C. KLOOSTERMAN, Bar No. 182625
    jkloosterman@littler.com
2   ALEXIS SOHRAKOFF, Bar No. 273410
    asohrakoff@littler.com
3   LITTLER MENDELSON, P.C.
    333 Bush Street, 34th Floor
4   San Francisco, CA  94104
    Telephone:   415.433.1940
5   Fax No.:     415.399.8490

6   Attorneys for Defendant
    ULTA SALON, COSMETICS & FRAGRANCE, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

### PREAMBLE

This Joint Stipulation of Settlement and Release (hereinafter "Stipulation of Settlement" or "Settlement") is made and entered into by and between Named Plaintiff Sarah Moore and Ulta Salon, Cosmetics & Fragrance, Inc. ("ULTA" or "Defendant") in the Action titled <u>Sarah Moore, et al. v. Ulta Salon, Cosmetics & Fragrance, Inc.,</u> (United States District Court, Central District of California--Case No.: 2:12-CV-03224-FMO (AGRx)) (the "Action").

This Settlement shall be binding on Plaintiff Sarah Moore and the class Plaintiff represents and ULTA and its respective present and former parent companies, subsidiaries, divisions, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be liable for any of the Released Claims (hereinafter "Released Parties"), and any individual or entity which could be jointly liable with ULTA, and their respective counsel, subject to the terms and conditions hereof and the approval of the Court.

### DEFINITIONS

1.      "Action" as used herein means the class action pending entitled <u>Sarah Moore, et al. v. Ulta Salon, Cosmetics & Fragrance, Inc.,</u> (United States District Court, Central District of California--Case No.: 2:12-CV-03224-FMO (AGRx)).

2.      "Claims" as used herein means any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action arising from or related to this Action under any federal, state or local law that were or could have been plead based on the allegation in the Complaint, whether known or unknown, arising from employment as an employee of ULTA within California at any time between March 2, 2008 and the date of final court approval of the terms of this Settlement, including, but not limited to, unpaid wages of any kind, inaccurate pay stubs, "off the clock" work, unpaid overtime, split shift allegation, meal and rest break violations, unreimbursed expenses, unfair compensation, injunctive relief, punitive damages, penalties of any nature, interest, fees, costs, any alleged violations of all applicable Labor Code Sections, and Business and Professions Code section 17200 <u>et seq.</u>, and all other claims and allegations made or which

1

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANTS

could have been made in the Action, including any such claims which any of the members of the Settlement Class do not know or suspect to exist in his or her favor against Defendant as of the date of the Court's final approval of this Settlement.

3.     "Claims Administrator" as used herein means CPT Group, Inc., or an entity or individual to be selected jointly by the parties who will be responsible for the administration of this Stipulation of Settlement and any related matters.

4.     "Class Counsel" as used herein means Hobbs Law Group, The Blanco Firm and Wilson Trial Group.

5.     "Class Period" as used herein means the period of time from March 2, 2008 to the date of preliminary court approval of the terms of this Settlement for the Settlement Class.

6.     "Class Representative" as used herein mean Plaintiff Sarah Moore acting on her own behalf and on behalf of all members of the Settlement Class.

7.     "Court" as used herein means the United States District Court, Central District of California.

8.     "Defendant" as used herein mean Defendant Ulta Salon, Cosmetics & Fragrance, Inc.

9.     "Effective Date" The settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred:  (i) this Stipulation of Settlement has been executed by all parties and by counsel for the Settlement Class and Defendant; (ii) the Court has given preliminary approval to the Settlement; (iii) the notice has been given to the putative members of the Settlement Class, providing them with an opportunity to object to the terms of the Settlement or to opt out of the Settlement; (iv) the Court has held a formal fairness hearing and entered a final order and judgment certifying the Class, dismissing this case with prejudice, and approving this Stipulation of Settlement; and (v) in the event there are written objections filed prior to the formal fairness hearing which are not later withdrawn or denied, the later of the following events:  when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld the Court's final order

with no right to pursue further remedies or relief.  In this regard, it is the intention of the parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

10.     "ULTA" means Defendant Ulta Salon, Cosmetics & Fragrance, Inc.

11.     "Party" or "Parties" as used herein means Class Representative, or ULTA or all of them, as may be appropriate.

12.     "Release Period" as used herein means the period of time from March 2, 2008, to the date of the Court grants final approval of the terms of this Settlement for the Settlement Class.

13.     "Released Parties" as used herein means ULTA and all of its present and former parent companies, subsidiaries, divisions, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns, and any individual or entity which could be liable to any of the members of the Settlement Class for any of the Claims and Defendant's counsel of record in the Action.

14.     "Settlement Class Members" are members of the settlement class, who do not opt-out of the settlement by submitting a valid "Request for Exclusion."  The Settlement Class shall not include any person who previously settled or released the claims covered by this Stipulation of Settlement or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Stipulation of Settlement.  There shall be one "Settlement Class," which is defined as follows:  All persons employed in California by Ulta Salon, Cosmetics & Fragrance, Inc. on a non-exempt basis between March 2, 2008, through the date of preliminary Court approval of the Settlement or through January 27, 2017, whichever date first occurs.  As of the date of settlement, the parties estimated the class as containing approximately 13,080 individuals.  If the class ultimately contains more than 15,700 individuals, then the parties agree to discuss whether an additional settlement amount is appropriate.

## SUMMARY OF RELEVANT FACTS

15.     On March 2, 2012, Plaintiff Sarah Moore filed a proposed Class Action Complaint against Defendant on behalf of herself and all individuals who hold or held the position of hourly employee who are employed by, or were formerly employed by, Defendant, and any subsidiaries or

affiliated companies within the State of California in the period within four (4) years prior to the filing of this action and continuing to the present. The Complaint specifically alleged the following causes of action: Failure to Pay Overtime Compensation; Failure to Compensate for all Hours Worked; Failure to Pay Wages Upon Discharge; Failure to Provide Meal Periods; Failure to Provide Rest Periods; Failure to Maintain Accurate Records; Waiting Time Penalties pursuant to Labor Code Section 203; and Unfair Competition in Violation of Business and Professions Code Section 17200.

16.   On April 10, 2012, Defendant filed and served an Answer to Plaintiff' Complaint and removed the matter to federal court.

17.   On September 13, 2012, Plaintiff filed a First Amended Complaint which likewise specifically alleged the following causes of action: Failure to Pay Overtime Compensation; Failure to Compensate for all Hours Worked; Failure to Pay Wages upon Discharge; Failure to Provide Meal Periods; Failure to Provide Rest Periods; Failure To Maintain Records; Waiting Time Penalties pursuant to Labor Code Section 203; and Unfair Competition in Violation of Business and Professions Code Section 17200 (the "FAC").

18.   On November 16, 2015, the Court granted Plaintiff's Motion for Class Certification and certified a class of "current and former non-exempt employees who were employed by Ulta and who worked in any Ulta store in California at any time from March 2, 2008, through the conclusion of this action." Doc. No. 115.

19.   On August 4, 2016, the parties mediated the action before Eugene Moscovitch, in Los Angeles, and were able to reach a settlement.

## STATEMENT OF INVESTIGATION

20.   ULTA denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Action, and continues to deny that, for any purpose other than settling this lawsuit, the action is appropriate for class or representative treatment. With respect to the claims in the Action, Defendant contends, among other things, that Defendant has complied at all times with the California Labor Code, the California Business and Professions Code, and all other laws, statutes and Orders alleged in the FAC.

21.   It is the desire of the Parties to fully, finally, and forever settle, compromise, and

4

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

discharge all disputes and claims in the FAC in this Action.  In order to achieve a full and complete release of Defendant, each Class Member acknowledges that this Stipulation of Settlement is intended to include in its effect all claims of any nature arising from or related to this Action, and all claims of any nature related to this Action, including the payment of wages, pay stub violations, "off the clock" allegations, split shift allegations, meal and rest break allegations, and expense reimbursement under any federal, state or local law, including any such claims which the Settlement Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of the Court's final approval of this Settlement.

22.     It is the intention of the parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims arising from or related to the allegations relating to this Action against the Released Parties, which release includes in its effect all present and former parent companies; subsidiaries; related or affiliated companies; shareholders; officers; directors; employees; agents; attorneys; insurers; and successors and assigns of Defendant, any individual or entity which could be jointly liable with Defendant, and Defendant's counsel of record in the Action.

23.     Class Counsel has conducted a thorough investigation into the facts of this class action, including extensive discovery, review of relevant documents, and have diligently pursued an investigation of Class Members' claims against ULTA, including deposing ULTA's Person Most Knowledgeable, attending deposition of Plaintiff, interviewing at least 40 class members, reviewing more than two hundred thousand pages of documents produced by Defendant ULTA, including 8.5 million time card entries, reviewing 37 declarations and supporting documents submitted by Defendant ULTA in support of Defendants' opposition to Motion for Class Certification.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with ULTA for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendants, and numerous potential appellate issues.  ULTA and ULTA's counsel also agree that the Settlement was reached after a lengthy mediation with a trained mediator and is fair to the Settlement Class.

24.     The parties agree to cooperate and take all steps necessary and appropriate to

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

consummate this settlement and to obtain a judgment as set forth in paragraphs 54 and 55.

**TERMS OF SETTLEMENT**

NOW, THEREFORE, in consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

25.     It is agreed by and among Class Representative and ULTA that this Action and any claims, damages, or causes of action arising out of the disputes involving this Action, be settled and compromised as between the Settlement Class and ULTA, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court.

26.     ULTA agree to pay on a non-segregated and claims-made basis a maximum of $2,700,000, including all attorneys' fees, costs, enhancement awards, , the employee portion of payroll taxes, the employer portion of payroll taxes (FICA, FUTA, etc.) and claims administration expenses (the "Maximum Settlement Amount"); under no condition will ULTA's liability exceed the Maximum Settlement Amount. At no time shall ULTA have the obligation to segregate the funds comprising the Maximum Settlement Amount, and ULTA shall retain exclusive authority over, and the responsibility for, those funds.  All claims submitted by Class Members, and all attorneys' fees, costs, enhancement awards, the employee portion of payroll taxes, the employer portion of payroll taxes (FICA, FUTA, payroll taxes, etc.), and claims administration expenses shall be paid out of the Maximum Settlement Amount.

27.     The Net Settlement amount will be calculated by deducting all attorneys' fees, costs, enhancement awards, and claims administration expenses from the Maximum Settlement Amount ("Net Settlement Amount").  Any unpaid funds from the Net Settlement Amount after payment of timely and valid claims shall be redistributed to the Settlement Class Members.  The employee portion of payroll taxes and ULTA's share of employer payroll taxes will be paid from the unpaid funds; if the unpaid funds are insufficient to cover the employee portion and employer portion of payroll taxes, the Claims Administrator will reduce the individual settlement awards proportionally in amounts sufficient to cover ULTA's payroll tax amount such that total amount paid by ULTA will not exceed the Maximum Settlement Amount.  The Parties agree the Settlement is not subject to California Code of Civil Procedure section 384.

28.     Any monies not able to be delivered due to an inaccurate or non-current address of a Settlement Class Member who has made a valid and timely claim at the end of the Claims Administration process, will be redistributed to the Settlement Class Members.  Any checks that were delivered to a Settlement Class Member who had made a valid and timely claim at the end of the Claims Administration process, but remain uncashed at the time the checks expire according to Paragraph 48, will be redistributed to the Settlement Class Members.

29.     Any monies that are to be redistributed as outlined in Paragraphs 27 and 28 above will be redistributed among the Settlement Class Members who have timely cashed their checks or, if the amount remaining is less than $25,000, the remaining monies will be donated to the Los Angeles County Bar Association's Counsel for Justice program under the *cy pres* doctrine.

30.     Settlement Payments:  The Settlement Payments will be paid out as follows:

        a.      <u>Settlement Payments to the Settlement Class</u>:

                i.      The Claims Administrator will calculate the individual settlement awards to eligible Settlement Class Members.  The individual settlement awards will be determined by dividing the total number of workweeks for the entire Settlement Class by the Settlement Class Net Settlement Amount, resulting in the Workweek Value; and then multiplying the Workweek Value by the number of workweeks worked by each Settlement Class Member ("The Individual Hourly Employee Settlement Award.").  ULTA will provide the Claims Administrator with the number of workweeks worked by each Settlement Class Member.

                ii.     For each Settlement Class Member who submits a timely and valid claim form, the Claims Administrator will attempt to deliver the Individual Hourly Employee Settlement Award to the Settlement Class Member at their last known address.

                iii.    <u>Tax Treatment of the Settlement Class Payments</u>:  The Individual Hourly Employee Settlement Awards payable to eligible Settlement Class Members will be allocated as follows: 1/3 will be allocated to alleged unpaid wages; 1/3 will be allocated to alleged unpaid interest; and 1/3 will be allocated to alleged unpaid civil and statutory penalties.  The appropriate W-2 and/or Form 1099 will issue for each such payment or appropriate portion of such payment.

31.     <u>Dispute Over Information In the Notice of Settlement Award Form</u>:  ULTA's workweek

data will be presumed to be correct, unless a particular Settlement Class Member proves otherwise to the Claims Administrator by credible evidence.  A Settlement Class Member may challenge the pre-printed information on the Claim Form as to the number of workweeks worked in a covered position only if he or she documents the challenge in writing; the Settlement Class Member also may submit any data supporting his or her challenge to the Claims Administrator.  If there is a dispute, the Claims Administrator will be asked to resolve the dispute by expeditiously investigating the facts, and issuing a final and non-appealable decision as to the number of workweeks worked by the Settlement Class Member during the Class Period.

32.  <u>Settlement Awards Do Not Trigger Additional Benefits</u>:  All settlement awards to Settlement Class Members shall be deemed to be paid to such Settlement Class Members solely in the year in which such payments actually are received by the Settlement Class Members.  It is expressly understood and agreed that the receipt of such individual settlement awards will not entitle any Settlement Class Member to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Settlement Class Member to any increased retirement, 401K benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that the individual settlement awards provided for in this Settlement are the sole payments to be made by ULTA to the Settlement Class Members, and that the Settlement Class Members are not entitled to any new or additional compensation or benefits as a result of having received the individual settlement awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

33.  <u>Attorneys' Fees and Attorneys' Costs</u>:  Subject to Court approval and/or modification, Class Counsel will receive their attorneys' fees and attorneys' costs from the Maximum Settlement Amount in accordance with the terms set forth in Paragraph 40 below.

34.  <u>Payment to Plaintiff/Class Representative's Enhancement Award</u>:  Subject to Court approval, the Class Representative will receive a service payment from the Maximum Settlement Amount for her service as Class Representative of up to Thirty Thousand Dollars ($30,000.00).  ULTA will not object to Class Counsel's application for Court approval of this service payment to Class

Representative.  It is understood that the service payments are in addition to any claimed individual settlement award to which the Class Representative is entitled along with other claiming Class Members.  The service payments will be paid out of the Maximum Settlement Amount.  The Claims Administrator will issue an IRS Form 1099 for the service payment to the Class Representative for her service as Class Representative, and Class Representative will be responsible for correctly characterizing this compensation for tax purposes and for paying any taxes on the amounts received. The Class Representative agrees to indemnify ULTA for any liability or costs incurred by ULTA should the Class Representative fail to pay all taxes due on the service payment, or if any tax authority should dispute the allocation of the service payment.  Should the Court approve the service payment to the Class Representative in an amount less than that set forth above, the difference between the lesser amount approved by the Court and the service payment set forth above will revert back to the Net Settlement Amount.

35.  <u>Claims Administrator</u>:  Subject to the Court's approval, the Claims Administrator will be CPT Group, Inc., or such other claims administrator as may be mutually agreeable to the parties.  The parties estimate the fees of the Claims Administrator will be no more than $80,000,unless there is a redistribution pursuant to Paragraph 29 above, in which case the fees will be no more than $90,000.  All administration costs shall be taken from the Maximum Settlement Amount.  The fees of the Claims Administrator for work done shall be paid regardless of the outcome of this Settlement.

36.  <u>Mailing of Settlement Awards</u>:  The Claims Administrator shall cause the settlement awards to be mailed to the Settlement Class Members within approximately fifteen (15) calendar days following the Court's final approval of the Settlement and after the Settlement becomes effective as defined in Paragraph 9.

37.  <u>Service Payment to Representatives</u>:  The Claims Administrator will pay the service payment approved by the Court to Class Representative within approximately fifteen (15) calendar days following the Court's final approval and after the settlement becomes effective as defined in Paragraph 9.

38.  <u>Right to Rescission</u>:  If more than ten percent (10.0%) of the Settlement Class object to the Settlement by submitting valid and timely objections, ULTA shall has the right in its sole discretion

to rescind and void the Settlement before final approval by the Court by providing written notice to Class Counsel no more than fourteen (14) days following the date the Claims Administrator provides ULTA with the total number and percentage of valid and timely objections.

39.     <u>Right of Class Member to Object or Request Exclusion From the Settlement</u>: Settlement Class Members have sixty (60) calendar days from the original date of mailing the Notice and the Claim Form within which to file an objection to or request exclusion from the Settlement.  Only Settlement Class Members who have not requested exclusion may object to the Settlement.  To object, a Settlement Class Member must file a written objection and a notice of intention to appear at the Final Approval hearing and send copies to the Parties' Counsel as set forth in the Notice.  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise ordered by the Court.  Class Counsel and Defense Counsel may, at least ten (10) calendar days (or some other number of days as the Court shall specify) before the Final Approval Hearing, file responses to any written objections submitted to the Court.

## <u>CLAIMS ADMINISTRATION</u>

40.     Subject to the Court's approval, the parties have agreed to the appointment of CPT Group, Inc. to perform the customary duties of Claims Administrator.  However, subject to the Court's approval, the parties shall have the right to select or substitute a different Claims Administrator by mutual agreement.  The Claims Administrator will send out to the Settlement Class the Notice of Pendency of Class Action and Proposed Settlement and Claim Form in English.  Settlement Class Members will be permitted sixty (60) days from the date the notices are mailed by the Claims Administrator to postmark the Claim Form with any corrections of the information contained on the form.  Additionally, Settlement Class Members who request exclusion must be signed and postmarked to the Claims Administrator within sixty (60) days of the initial mailing by the Claims Administrator. Settlement Class Members wishing to be excluded from the Settlement must state in writing their name, address and telephone number, and state that they wish to be excluded from the settlement and must sign their name to same.

41.     The Claims Administrator will issue and send out settlement award checks to Class

Members.  Tax treatment of the settlement awards will be as set forth herein, and in accordance with state and federal tax laws.  All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.

## ATTORNEYS' FEES AND COSTS

42.     In consideration for settling this matter and in exchange for the release of all claims by the Settlement Class, and subject to final approval and/or modification by the Court, Class Counsel shall petition the Court for attorneys' fees not to exceed 30% of the Maximum Settlement Amount and for costs not to exceed $30,000.00.  ULTA will not object to Class Counsel's application for attorneys' fees and costs up to this amount.  The amount set forth above will cover all work performed and all fees and costs incurred to date, and all work to be performed and all fees and costs to be incurred in connection with the approval by the Court of this Stipulation of Settlement, the administration of the Settlement, and obtaining judgment in this case.  Should the Court approve the attorneys' fees and/or costs in an amount less than set forth above, the difference between the lesser amount approved by the Court and the attorneys' fees and/or costs set forth above will revert back to the Net Settlement Amount.

43.     The attorneys' fees and costs approved by the Court shall be paid to Class Counsel within approximately fifteen (15) calendar days following the Court's final approval of the settlement and settlement becomes effective as defined in Paragraph 9.

## NOTICE TO THE SETTLEMENT CLASS

44.     A Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Preliminary Court Approval ("Notice of Pendency of Class Action and Proposed Settlement") in approximately the form attached hereto as Exhibit "A," and as approved by the Court, shall be sent by the Claims Administrator to the Settlement Class Members in English, by first class mail.  A Class Action Settlement Claim Form in approximately the form attached hereto as Exhibit "B", and as approved by the Court, also shall be sent by the Claims Administrator to the Settlement Class Members in English, by first class mail.  Any returned envelopes from this mailing with forwarding addresses will be utilized by the Claims Administrator to forward the Notice to the Settlement Class Members.

45.     Within approximately fifteen (15) calendar days of preliminary approval of this Settlement by the Court, ULTA shall provide to the Claims Administrator a database, which will list for each Settlement Class Member (1) the Settlement Class Member's name, (2) last known address, (3) social security number, (4) dates of employment with ULTA in California, and (5) number of workweeks worked during the Class Period.  This database shall be based on ULTA's payroll and other business records and in a format reasonably acceptable to the Claims Administrator.  ULTA agrees to consult with the Claims Administrator prior to the production date to ensure that the format will be acceptable to the Claims Administrator.  The Claims Administrator will run a check of the Settlement Class Members' addresses against those on file with the U.S. Postal Service's National Change of Address List; this check will be performed only once per Settlement Class Member by the Claims Administrator.  Within thirty (30) calendar days of preliminary approval of this Settlement, the Claims Administrator will mail the Notice and Class Action Settlement Claim Form to the Settlement Class Members.  Absent mutual written agreement of counsel for the parties or Court order, the Claims Administrator will keep this database confidential and use it only for the purposes described herein, and will return this database to ULTA upon final approval of the Settlement.

46.     Notices returned to the Claims Administrator as non-delivered during the sixty (60) calendar-day period for the filing of objections shall be resent to the forwarding address, if any, on the returned envelope.  A returned Notice and Claim Form will be forwarded only once per Settlement Class Member by the Claims Administrator.  If the Claims Administrator receives notice of non-delivery of a Class Notice, it shall make one commercially reasonable attempt to discover a current address for such a Settlement Class Member and re-send within five (5) days the Class Notice if another address for the affected Member is discovered. Upon completion of these steps by the Claims Administrator, ULTA and the Claims Administrator shall be deemed to have satisfied their obligations to provide the Notice of Pendency of Class Action and Settlement and the Class Action Settlement Claim Form to the affected member of the Settlement Class.  The affected member of the Settlement Class shall remain a Settlement Class Member and shall be bound by all the terms of the Stipulation of Settlement and the Court's Order and Final Judgment.

47.     The Claims Administrator is to send one and only one deficiency notice to the Settlement

Class Members for deficiencies in timely claim forms submitted.  The deficiency notice will provide the Settlement Class Members a maximum of ten (10) calendar days to cure the deficiency.  The claim forms must be signed, dated and completed in full to be valid.  The Claims Administrator will not send any reminder notices to the Settlement Class Members.

48.     Class Counsel shall provide to the Court, at least ten (10) calendar days prior to the final fairness hearing, a declaration by the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Notice of Pendency of Class Action and Proposed Settlement and the Notice of Settlement Award Form.

## ADMINISTRATION OF SETTLEMENT CHECKS

49.     Within approximately fourteen (14) business days after the Court issues an Order granting final approval of the Settlement, ULTA shall fund the settlement by transferring the Maximum Settlement Amount into an account established by the Claims Administrator for this purpose at a financial institution.

50.     Payments to Settlement Class Members will be mailed by the Claims Administrator within approximately fifteen (15) calendar days after the settlement becomes effective pursuant to Paragraph 9, above.  Within approximately fifteen (15) calendar days of the Effective Date of final approval of the settlement, the Claims Administrator will deliver the check representing the Class Representative enhancement payments and all Court-approved attorneys' fees and costs to Class Counsel.  Any settlement award checks shall remain valid and negotiable for One Hundred Twenty (120) calendar days from the date of issuance and will automatically be cancelled by ULTA or the Claims Administrator if not cashed by the Settlement Class Member within that time, at which point the Settlement Class Member's claim will be deemed void and of no further force or effect, and the Settlement Class Member's claims will remain released by the Settlement.  Settlement award checks which have expired will not be reissued.  Any checks that were delivered to a Settlement Class Member who had made a valid and timely claim at the end of the Claims Administration process, but remain uncashed at the time the checks expire, will revert back to ULTA.

51.     Upon completion of its calculation of payments, the Claims Administrator shall provide Plaintiff and ULTA with a report listing the amount of all payments to be made to each Settlement Class

Member.  Proof of payment will be filed with the Court and provided to Class Counsel and ULTA's Counsel (to be identified by claim number).

52.     Any Settlement Class Members who have previously entered into settlements with, or received payments from, ULTA on account of the claims being released and settled herein will have the amounts of such settlements or payments deducted from the amount of their settlement awards before payment by the Claims Administrator.  Any Settlement Class Members, who have executed a release of claims in favor of ULTA for any and all claims being settled herein, shall not receive a settlement award in this case from ULTA and such awards to which they otherwise would have been entitled shall remain the property of ULTA.

## GENERAL RELEASE BY CLASS REPRESENTATIVE

53.     In consideration for the Enhancement Award, Class Representative releases all claims related to her employment with Defendant, including, but not limited to, all claims related to her employment, conditions of employment, any claims for breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, retaliation, harassment, violation of public policy, constructive discharge, whistle blowing, negligent or intentional infliction of emotional distress, interference with prospective economic advantage or contractual relations, unfair business practices, unfair competition, premises liability or other tort or personal injury and arising under any federal, state or local law, statute, ordinance, rule or regulation or Executive Order relating to employment, employment discrimination, employee benefit plans, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866, as amended, the Civil Rights Act of 1991, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, unvested claims under the Employee Retirement Income Security Act of 1974, the Consolidated Omnibus Budget Reconciliation Act of 1985, the California Fair Employment and Housing Act, the California Family Rights Act, the California Business and Professions Code, the California Civil Code, the California Commercial Code and the California Labor Code.

## RELEASE BY THE SETTLEMENT CLASS AND CLASS REPRESENTATIVE

54.     Upon final approval by the Court of this Stipulation of Settlement, and except as to such

rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and Class Representative and each member of the Settlement Class who has not submitted a valid Request for Exclusion, fully releases and discharges ULTA, its present and former parent companies; subsidiaries; related or affiliated companies; shareholders; officers; directors; employees; agents; attorneys; insurers; successors and assigns; and any individual or entity which could be jointly liable with ULTA, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, punitive damages, penalties, action or causes of action of any nature action for, or which relate to or that reasonably could have arisen out of the allegations in the FAC by Plaintiff and the Settlement Class, including but not limited to all claims for unpaid wages of any kind, inaccurate pay stubs, "off the clock" work, split shift allegations, meal and rest break allegations, and expense reimbursement, and Business & Professions Code section 17200 et seq., injunctive relief, and all claims made in the Action.  This release also covers all claims for interest, attorney fees and costs related to the Action.  The time period covered by this release is March 2, 2008, through the date of preliminary approval.  The claims covered by this release are referred as the Released Claims.  In addition, Class Representative and the Settlement Class and each member of the Settlement Class who has not submitted a valid Request for Exclusion forever agrees that it, he or she shall not institute, nor accept back pay, unpaid wages, liquidated damages, punitive damages, penalties of any nature, attorneys' fees and costs, or any other relief from any other suit, class, collective action, or representative or administrative claim or other claim of any sort or nature whatsoever against ULTA, for any period from, March 2, 2008 up to and including the date of final approval of this settlement, relating to the Released Claims.

55.     Furthermore, pursuant to the terms of the Settlement, Class Representative and the Settlement Class Members will expressly waive any rights or benefits available to them under the provisions of Section 1542 of the California Civil Code, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

56. The back of each check or each pay stub attached to the check issued to the Settlement Class Members will state, "My signature below constitutes a full and complete release by me of Ulta Salon, Cosmetics & Fragrance, Inc., and its present and former parent companies; subsidiaries; divisions; related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Ulta for claims alleged in the <u>Sarah Moore, v. Ulta.</u> case, including but not limited to all claims for unpaid wages of any kind, inaccurate pay stubs, "off the clock" work, unpaid overtime, split shift violations, meal and rest break violations, failure to reimburse expenses, and Business & Professions Code section 17200 et seq., and all claims and allegations made in the case, including without limitation all claims for restitution, injunctive relief, and other equitable relief, damages, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, other compensation or benefits including 401K benefits or matching benefits, retirement or deferred compensation, whether known or unknown, from March 2, 2008, through the date the Court finally approves the Settlement ("Released Claims")." Whether the above language is set forth on the back of the check or the pay stub attached to the check will determined by the Claims Administrator.

### <u>DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL</u>

57. The parties shall promptly submit this Stipulation of Settlement to the United States District Court, Central District in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Stipulation of Settlement, the parties shall apply to the Court for the entry of an order scheduling a fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees and costs, and the Class Representative's service payment, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

    a.    Approving, as to form and content, the proposed Notice of Pendency of Class Action and Proposed Settlement;

    b.    Approving as to form and content the proposed Claim Form;

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

c.        Approving the manner and method for Class Members to request exclusion from the Settlement as contained herein and within the Notice of Pendency of Class Action and Proposed Settlement;

d.        Directing the mailing of the Notice of Pendency of Class Action and Proposed Settlement and Class Action Settlement Claim Form, by first class mail to the Settlement Class Members;

e.        Preliminarily approving the settlement subject only to the objections of Class Members and final review by the Court; and

f.        Enjoining Plaintiffs and all Class Members from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the California Division of Labor Standards Enforcement and the Labor and Workforce Development Agency) regarding claims released by the Settlement unless and until such Class Members have filed valid Requests for Exclusion with the Claims Administrator.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

58.    Following final approval by the Court of the Settlement provided for in this Stipulation of Settlement, Counsel for the Class will submit a proposed final order of approval and judgment:

a.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.    Approving Class Counsel's application for an award of attorneys' fees and costs;

c.    Approving the service payment to the Class Representative;

d.    Setting a date when the parties shall report to the court the total amount that was actually paid to the Settlement Class Members; and

e.    Entering judgment in this Action barring and enjoining all members of the Settlement Class from prosecuting against ULTA, its present or former parent companies; subsidiaries; related or affiliated companies; shareholders; officers; directors; employees; agents; attorneys; insurers; and successors and assigns; and any individual or entity which could be jointly liable with ULTA, any individual or class, or representative claims

released herein pursuant to Paragraphs 53, 54 and 56 above, upon satisfaction of all payments and obligations hereunder.

## PARTIES' AUTHORITY

59.     The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions thereof.

## MUTUAL FULL COOPERATION

60.     The parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement. The parties to this Stipulation of Settlement shall use best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of ULTA and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

61.     The parties and their respective counsel agree that they will not attempt to encourage or discourage Class Members from filing Claim Forms or Request for Exclusion.

## NO PRIOR ASSIGNMENTS

62.     Plaintiff and her counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## TERMINATION OF SETTLEMENT

63.     Subject to the obligation(s) of Mutual Full Cooperation as set out in Paragraphs 58 and 59 either Party may terminate this Settlement if the Court declines to enter the Preliminary Approval Order, the Final Approval Order or final judgment in substantially the form submitted by the Parties, or the Stipulation of Settlement as agreed does not become final because of appellate court action.  The terminating Party shall give to the other Party (through its counsel) written notice of its decision to

18

terminate no later than ten (10) days after receiving notice that one of the enumerated events has occurred.  Termination shall have the following effects:

       a.     The Settlement Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms.

       b.     In the event the Settlement is terminated, Defendant shall have no obligation to make any payments to any party, class member or attorney, except that the Terminating Party shall pay the Claims Administrator for services rendered up to the date the Claims Administrator is notified that the settlement has been terminated;

       c.     The Preliminary Approval Order, Final Approval Order and Judgment, including any order of class certification, shall be vacated;

       d.     The Stipulation of Settlement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Lawsuit prior to the settlement;

       e.     Neither this Stipulated Settlement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever.

## NO ADMISSION

64.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of any Defendant.  Defendant specifically denies any liability or wrongdoing of any kind associated with the claims alleged in the Action.  Defendant further contends, among other things, that it has complied with the California Labor Code, the California Business and Professions Code, and the applicable Industrial Welfare Commission Wage Order.  Each of the parties hereto has entered into this Stipulation solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## ENFORCEMENT ACTIONS

65.    In the event that one or more of the Parties to this Stipulation of Settlement institutes any

19

legal action or other proceeding against any other party or parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

### NOTICES

66.   Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and the Settlement Class:

THE BLANCO LAW FIRM, PC
535 N Brand Blvd Ste 700
Glendale, CA 91203
Telephone:  (877) 238-7635

HOBBS LAW GROUP
Timothy Hobbs
1340 E. Route 66, Suite 204
Glendora, CA 91740
Tel: (626) 782-4520  Fax: (626) 782-6379

WILSON TRIAL GROUP
Dennis P. Wilson
3322 W. Victory Boulevard
Burbank, California 91505
Telephone:  (818) 843-1788


To Defendant Ulta Salon, Cosmetics & Fragrance, Inc.:

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:    415.433.1940
Fax No.:       415.399.8490

### CONSTRUCTION

67.   The parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Stipulation of

20

Settlement shall not be construed in favor of or against any Party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

68.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

69.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto.

## INTEGRATION CLAUSE

70.     This Stipulation of Settlement contains the entire agreement between the pParties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

71.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

72.     It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each member of the Class execute this Stipulation of Settlement.  The Notice of Pendency of Class Action and Proposed Settlement, Exhibit "B" hereto, will advise all Settlement Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Settlement Class.

## COUNTERPARTS

73.     This Stipulation of Settlement may be executed in counterparts and by facsimile

signatures, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all parties.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Joint Stipulation of Settlement and Release Between Plaintiff and Defendant as of the date(s) set forth below:

DATED: __11-4-2016__                                    SARAH MOORE

By: _____

Plaintiff

DATED: _____                ULTA SALON, COSMETICS & FRAGRANCE, INC.

By: _____

Jodi J. Caro
General Counsel
Corporate Secretary

22

1

Approved and executed as to Form:

2

3

DATED: _November 4, 2016_     HOBBS LAW GROUP

4

5

By: _____

6

Timothy Hobbs
Attorneys for Plaintiffs

7

SARAH MOORE, et al

8

9

DATED: November 4, 2016          WILSON TRIAL GROUP

10

11

By: _____

12

Dennis P. Wilson

13

Attorneys for Plaintiffs
SARAH MOORE, et al

14

15

16

DATED: _____          LITTLER MENDELSON, P.C.

17

By: _____

18

John C. Kloosterman

19

Attorneys for Defendant Ulta Salon, Cosmetics & Fragrance, Inc.

20

21

22

23

24

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

# EXHIBIT A

1   THE BLANCO LAW FIRM, PC
    Alejandro D. Blanco (Cal. Bar No. 133073)
2   Email: ablanco@theblancolawfirm.com
    535 N Brand Blvd Ste 700
3   Glendale, CA 91203
    Telephone:  (877) 238-7635
4
    HOBBS LAW GROUP
5   Timothy Hobbs (Cal. Bar No. 268532)
    Email: Tim@hobbslawgroup.com
6   1340 E. Route 66, Suite 204
    Glendora, CA 91740
7   Tel: (626) 782-4520
    Fax: (626) 782-6379
8
    WILSON TRIAL GROUP
9   Dennis P. Wilson (Cal. Bar No. 133288)
    Email:  wilsontrialgroup@att.net
10  3322 W. Victory Boulevard
    Burbank, California 91505
11  Telephone: (818) 843-1788

12  Attorneys for Plaintiff and the Class

13              UNITED STATES DISTRICT COURT

14      FOR THE CENTRAL DISTRICT OF CALIFORNIA

15  | SARAH MOORE, on behalf of | Case No: 2:12-CV-03224-FMO (AGRx) |
16  | herself and on behalf of all others | Hon. Fernando M. Olguin |
17  | similarly situated, | **PROPOSED ORDER APPROVING** |
    |  | **PRELIMINARY CLASS ACTION** |
18  |  | **SETTLEMENT AND SCHEDULING** |
19  | Plaintiff, | **ORDER** |
    | vs. |  |
20  |  |  |
21  | ULTA SALON, COSMETICS & |  |
    | FRAGRANCE, INC., a Delaware |  |
22  | Corporation; |  |
23  | Defendants. |  |

24

25

26

27

28

**GOOD CAUSE APPEARING THE COURT HEREBY ORDERS AS FOLLOWS:**

1.      The court preliminarily approves the parties' Settlement, set forth in the Memorandum of Understanding.  Consistent with the terms of the Memorandum of Understanding, specific terms of settlement shall be updated according to the terms of the forthcoming Stipulation of Settlement.

2.      CPT Group is appointed Settlement Administrator.

3.      The form and content of the Notice of Pendency and Proposed Settlement of Class Action, the Claim Form and Release, are hereby preliminarily approved, subject to modification pursuant to the terms of the forthcoming Stipulation of Settlement.

4.      A final approval hearing on such date shall take place on _____, at _____, at in Department 20 of this court.

5.      The Court orders the following schedule of events with respect to effectuating settlement of the class action.

| EVENT | TIMING |
|---|---|
| Last day for Defendants to provide to Settlement Administrator a database of all Class Members, including names, last known addresses, social security numbers, and individual work weeks | Within 20 days after entry of Court's Order granting preliminary approval of Settlement [_____] |
| Last day for Settlement Administrator to mail Notices to Class Members | Within 20 days after Settlement Administrator's receipt of database [_____] |
| Last day for Class Members to submit Claim Forms, Request for Exclusion Forms, or | Within 60 days after mailing of class |

| EVENT | TIMING |
|---|---|
| Objections | Notice [_____] |
| Last day for Settlement Administrator to provide to Defendants' counsel and Class Counsel a Declaration of Proof of Mailing | No later than 15 days prior to the final approval hearing |
| Last day for filing and service of moving papers in support of final Settlement approval and request for attorneys' fees and costs | At least __ days before the Final Settlement hearing [on or after _____] |
| Last day for Class Counsel to provide the Court with a declaration by the Settlement Administrator specifying the due diligence undertaken with regard to the mailing of the Notice | At least 10 days prior to the final Settlement approval hearing [_____] |
| Final Settlement approval hearing | [_____] |
| Last day for Defendants to make payment to Settlement Administrator for individual settlements, court-approved attorney's fees and costs, service payments to Plaintiff, LWDA payment and Settlement Administrator's fees | 60 days after entry of Court Order granting final Settlement approval, unless Defendants request and Class Counsel agrees to additional time, which agreement will not be unreasonably withheld [_____] |
| Last day for Settlement Administrator to mail payments to individual Class Members | No later than 30 calendar days after receipt of the funds from Defendants [_____] |

-2-

PROPOSED ORDER RE PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

| EVENT | TIMING |
|-------|--------|
| Dismissal of action with prejudice | Upon filing of proof that timely claims have been paid |

DATED: _____

By: _____

Hon. Fernando Olguin

PROPOSED ORDER RE PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1

## PROOF OF SERVICE

2

3       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action; my business address is 1340 E. Route 66, Suite 204, Glendora, CA 91740.

4

5       On October 28, 2016, I served the foregoing documents described as: **PROPOSED ORDER** on the interested parties by:

6

7    **LITTLER MENDELSEN, PC**          **THE BLANCO LAW FIRM, PC**
     John Kloosterman, Esq.              Aleiandro D. Blanco
8    Kai-Ching Cha, Esq.                 535 N Brand Blvd Ste 700
     Alexis Sohrakoff, Esq.              Glendale, CA 91203
     650 California Street, 20th Floor   Telephone:  (877) 238-7635
9    San Francisco, CA 94108-2693        *Attorneys for Plaintiffs*
     Tel: (415) 433-1940
10   *Attorneys for Defendant*

                                         **WILSON TRIAL GROUP**
11                                       Dennis P. Wilson
                                         3322 W. Victory Boulevard
12                                       Burbank, California 91505
                                         Telephone:  (818) 843-1788
13                                       *Attorneys for Plaintiffs*

14

15      [X ]   (**BY AUTOMATIC SERVICE**)  The Notice of Electronic Filing will be generated by CM/ECF and electronically mailed to the offices of  the consenting addressees as stated above.

16

17

18      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

20   Executed on October 28, 2016, at Glendora, CA 91740.  _____/S/_____

                                                    Timothy Hobbs

21

22

23

24

25

26

27

28

                                    -4-          PROPOSED ORDER RE PRELIMINARY
                                                 APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MOORE, on behalf of herself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation;<br><br>Defendants. | Case No: 2:12-CV-03224-FMO (AGRx)<br>Hon. Fernando M. Olguin<br><br>**CLASS ACTION**<br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING ON FINAL APPROVAL OF SETTLEMENT** |

**YOU ARE RECEIVING THIS NOTICE BECAUSE ULTA SALON, COSMETICS & FRAGRANCE, INC.'S, RECORDS INDICATE THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED IN THIS NOTICE.**

**PLEASE READ THIS NOTICE CAREFULLY.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION.  IF YOU ARE A CLASS MEMBER, THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS.**

## I.    INTRODUCTION

On March 2, 2012, Plaintiff Sarah Moore filed a Class Action Complaint in the Superior Court of the State of California, County of Los Angeles against Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta").  Ulta removed the case to this Court.   The case is known as *Sarah Moore, as an individual on behalf of herself and on behalf of all others similarly situated, Plaintiff vs. Ulta Salon, Cosmetics & Fragrance, Inc., a Delaware Corporation, Defendants,* Case No. 2:12-CV-03224-FMO (AGRx) ("the Action").

Moore is a former Ulta employee. She worked for Ulta as an hourly employee in California. She alleged in the Action that Ulta has violated wage and hour laws by a number of alleged practices in its California facilities. The alleged unlawful practices include all of the following: (1) allegedly failing to provide 30-minute meal breaks as required by law; (2) allegedly failing to provide 10-minute rest breaks as required by law; (3) allegedly failing to pay required overtime; (4) allegedly failing to pay for all "hours worked" by, among other things, allegedly failing to pay for time spent undergoing security checks when entering or leaving the facilities; (5)  allegedly not paying all wages due at the time of termination; and (7) allegedly failing to provide itemized wage statements that contain all information required by California law.

Moore filed the Action on behalf of herself and on behalf of all current and former Ulta employees who have worked in California at Ulta's California locations.

Moore has now reached an agreement with Ulta to settle the Action on behalf of herself and the Settlement Class (defined in Section IV. The Settlement Class, below).  This agreement is referred to as the "Class Settlement," and is set forth in the Stipulation of Settlement ("Stipulation") on file with the Clerk of the United States District Court for the Central District of California.

The Class Settlement is a compromise and is not to be construed as an admission of liability on the part of Ulta or anyone else.  The Court has granted preliminary approval of the Class Settlement, and the parties are now seeking final Court approval, which is required for the Class Settlement to become effective.  The Class Settlement includes a procedure for Settlement Class Members to receive compensation (See Section V. Claims Procedure, below).

## II.    BACKGROUND OF THE SETTLEMENT

The parties and their attorneys have conducted investigations of the facts and law during the litigation of the Action, including, among other things, the formal and informal exchange of information and documents.  The attorney for Moore has analyzed the applicable law as it relates to the allegations made by Moore, the defenses thereto, and the damages claimed by Moore.

**There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual or legal allegations made against Ulta in the Action.**

Moore and her counsel believe that the claims asserted in the Action have merit.  However, they also recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Ulta through trial and possible appeals.  Moore and her counsel have also taken into account the uncertainty of the outcome and the risk of litigation.  Thus, Moore and her counsel engaged in intensive arm's length negotiations with Ulta and its attorneys, in a mediation overseen by a very widely respected and experienced mediator.  The mediation led to the Class Settlement.  Moore and her counsel believe that the Class Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class (defined below, in Section IV. The Settlement Class) and of Moore.

Ulta believes that the claims asserted in the Action are without merit.  Accordingly, the Company has denied and continues to deny all of the claims made by Moore and all charges of wrongdoing and liability.  Although the Company has vigorously contested the allegations in the Action and denies that it committed any wrongdoing or violation of law, it believes that further litigation of this case would be protracted, expensive, and contrary to its best interests.  Substantial amounts of time, energy, and other resources have been devoted to defending the Company against the Action, and unless there is a settlement, that situation will continue.  Ulta has also taken into account the uncertainty of the outcome and the risk of litigation.  In light of these realities, Ulta believes that the settlement is the best way to resolve the Action while minimizing its own further expenditures.

### III.     THE PROPOSED SETTLEMENT

Ulta has agreed to pay a Gross Settlement Amount of not more than Two Million, Seven Hundred Thousand Dollars ($2,700,000.00), inclusive of all costs of administration, employer payroll taxes, payments of valid claims, any enhancement awards to the named plaintiff, attorneys' fees and costs, and other expenses, to resolve the claims, as stated in the release provisions of the Stipulation and summarized below.

The following is a summary of the Settlement provisions.  The complete terms of the proposed Settlement are stated in the Stipulation, a copy of which is on file with the Clerk of the Court at the address provided below in section IX. Examination of Papers and Inquiries.

**Individual Settlement Payments:**

Under the terms of the proposed Settlement, each member of either Settlement Class (defined below in Section IV. The Settlement Class) to whom this Notice is delivered is called a "Class Participant."  Each Class Participant will receive a share ("Individual Settlement Payment") of the Net Settlement Amount to be paid by Ulta.  If this Notice is delivered to you at your home address, you do not need to do anything to receive an Individual Settlement Payment.

The Net Settlement Amount is the amount remaining after all attorneys' fees, costs, enhancement awards, and claims administration expenses have been deducted from the Gross Settlement Amount.  Any unpaid funds from the Net Settlement Amount after payment of timely and valid claims shall be redistributed to the Settlement Class Members.  The employee portion of payroll taxes and Ulta's share of employer payroll taxes will be paid from the unpaid funds; if the unpaid funds are insufficient to cover the employee portion and employer portion of payroll taxes, the Claims Administrator will reduce the individual settlement awards proportionally in amounts sufficient to cover Ulta's payroll tax amount such that total amount paid by Ulta will not exceed the Maximum Settlement Amount.

**Settlement Class Individual Payment**: The portion of the Net Settlement Amount payable to each Class Participant in the Settlement Class will be determined by dividing the total number of workweeks for the entire Settlement Class by the Net Settlement Amount, resulting in the Workweek Value; and then multiplying the Workweek Value by the number of workweeks worked by each Settlement Class Member ("The Individual Hourly Employee Settlement Award.").

Ulta's records indicate that during the period covered by the settlement (March 2, 2008, to the date of the Court grants final approval of the terms of this Settlement for the Settlement Class), you worked a total of _____ workweek equivalents. Overtime, vacation days, sick days, dis[ ]ty leave, holidays, pregnancy leave, FMLA leave, workers' compensation related absences, jury duty, bereavement leave, and all other time off, is not counted toward your workweek equivalents.

**Payments to Class Members:**

The Company has agreed to pay all Class Participants through the Settlement Administrator, in accordance with the terms of the Stipulation, after Final Approval of the Class Settlement. The Individual Settlement Payments will be distributed approximately 60 days after

the Court enters its order giving final approval to the Class Settlement, provided there is no appeal of the Court's Final Approval of the Class Settlement.

**No Effect On Employee Benefit Plans:**

Neither the Class Settlement nor any amounts paid under the Class Settlement will modify any previously credited hours of service under any employee benefit plan, policy or bonus program sponsored by Ulta. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under, Ulta sponsored benefit plans, policies or bonus programs. The payments made under the terms of the Class Settlement shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any Ulta benefit plan, policy or bonus program. Ulta retains the right to modify the language of its benefit plans, policies and bonus programs to effect this intent and to make clear that any amounts paid pursuant to the Class Settlement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies and bonus programs for purpose of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by the Class Settlement.

**Releases:**

When the Court enters an Order granting Final Approval of the Class Settlement, every member of the Settlement Class who has not validly exercised his or her right to opt-out of the settlement will forever release Ulta Salon, Cosmetics & Fragrance, Inc., and all of its present and former parent companies; subsidiaries; related or affiliated companies; shareholders; officers; directors; employees; agents; attorneys; insurers; successors and assigns; and any individual or entity which could be jointly liable with Ulta from any and all claims as follows:

Settlement Class. If you are a member of the Settlement Class, you will release all claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether or not concealed or hidden, that relate to or that reasonably could have arisen out of the allegations made against Ulta by Plaintiff in the Action, including but not limited to all claims for unpaid wages of any kind, inaccurate pay stubs, "off the clock" work, split shift allegations, meal and rest break allegations, and expense reimbursement, and Business & Professions Code section 17200 et seq., injunctive relief, and all claims made in the Action. This release also covers all claims for interest, attorney fees and costs related to the Action. The time period covered by this release is March 2, 2008, through the date of preliminary approval.

If you are a member of the Settlement Class, your release will include all of the claims described in the paragraph above.

**Taxation of Individual Settlement Payments:** Your Individual Settlement Payment will be taxable and subject to tax withholding. The Settlement Administrator will calculate your withholding based on the last W4 form you submitted to Ulta. And if you do not have a W4 form on file with Ulta, your withholding will be at the highest rate. If you are uncertain about whether you have a W4 form on file with Ulta, or you wish to change your withholding rate, you can submit a W4 form to the Settlement Administrator. A copy of W4 form is enclosed with this Notice.

## IV. <u>THE SETTLEMENT CLASS</u>

Settlement Class means any and all persons employed in California by Ulta Salon,

4

CASE NO: 2:12-CV-03224-FMO (AGRx)
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND HEARING ON FINAL APPROVAL OF SETTLEMENT

Cosmetics & Fragrance, Inc. on a non-exempt basis between March 2, 2008, through the date of preliminary Court approval of the Settlement or through January 27, 2017, whichever date first occurs.

## V.   CLAIM PROCEDURE

All members of the Settlement Class whose mailing addresses are known by the Settlement Administrator by the date the Individual Settlement Payments are to be made under this Agreement will receive an Individual Settlement Payment under the terms of the Class Settlement. If you received this Notice at your home address, your address is known to the Settlement Administrator and you do not need to do anything to receive an Individual Settlement Payment.

Any member of the Settlement Class who does not receive this Notice at his or her home address, but who learns of the Settlement through some other means, can request an Individual Settlement Payment by submitting a Claim Form.

**If you did not receive this Notice at your home address, in order to obtain payment under the terms of the Class Settlement, you must submit a signed Claim Formto the Settlement Administrator, and your Claim Form must be postmarked or received by the Settlement Administrator no later than _____, which is the Final Date for Submission of Claims.**

**If you did not re ceive this Notice at your home and you also fail to submit a Claim Form by the Final Date for Submission of Claims, you will be disqualified from seeking monetary relief under the Class Settlement.  A Claim Form is enclosed with this Notice.**

**The Settlement Administrator:**

**Mr. Henry Arjad, President**
**CPT Group, Inc.**
**16630 Aston StreetIrvine, California 92606**

**Do not use the Request for Exclusion Form enclosed with this notice if you wish to receive payment under the terms of the Class Settlement. The Request for Exclusion Form is only to be used if you wish not to participate in the Class Settlement.**

## VI.   RIGHT TO OPT OUT OF THE CLASS SETTLEMENT

You may opt out of the Class Settlement if you comply with the Opt Out procedure stated below.

To opt out, you must complete the enclosed Request for Exclusion from Class Action Settlement (the "Request for Exclusion Form"), and return it to the Settlement Administrator on or before _____, which is the Final Date for Submission of Claims.  You must also provide a copy of the signed Request for Exclusion Form, by mail or other lawful means, to

counsel for each of the parties at the addresses listed in this notice below, no later than the Final Date for Submission of Claims. If you send the Request for Exclusion Form to the Settlement Administrator by U.S. Mail, it will be timely if it is postmarked on or before the Final Date for Submission of Claims, _____. However, if you send the Request for Exclusion Form by any other means (Fed-Ex, UPS, fax, etc.), for it to be timely, you must ensure that the Settlement Administrator actually receives it by the Final Date for Submission of Claims.

If you elect to opt out of the Class Settlement, you will not be entitled to receive any monetary relief under the Class Settlement, nor will you be considered to have released your claims. If you opt out of the Class Settlement, you will not obtain any recovery under the Class Settlement, but you may pursue other legal remedies apart from the Class Settlement that may be available to you.

If you have submitted a Request for Exclusion Form you will have no right to challenge the settlement or participate in the Final Approval Hearing.

**YOU SHOULD NOT OPT OUT IF YOU WISH TO RECEIVE PAYMENT UNDER THE CLASS SETTLEMENT. IF YOU WISH TO OPT OUT, YOU MUST SEND THE REQUEST FOR EXCLUSION FORM TO ALL OF THE FOLLOWING:**

**Settlement Administrator:**
Mr. Henry Arjad, President
CPT Group, Inc.
16630 Aston Street
Irvine, California 92606

**Class Counsel:**
WILSON TRIAL GROUP
DENNIS P. WILSON
3322 W, Victory Blvd.,
Burbank, CA 91505

and

**Defendant's counsel:**
JOHN C. KLOOSTERMAN
ALEXIS SOHRAKOFF
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104

## VII. DISTRIBUTION OF AMOUNTS REMAINING AFTER INDIVIDUAL SETTLEMENT PAYMENTS

Any unpaid funds from the net settlement amount after payment of timely and valid claims shall be redistributed to the Settlement Class members.

## VIII. <u>ATTORNEYS' FEES AND COSTS AND PAYMENT TO CLASS REPRESENTATIVES</u>

Counsel for Moore, and the Class ("Class Counsel") will be paid a sum for all past and future fees, costs and expenses in an amount to be determined by the Court. Class Counsel undertook this litigation on a contingent fee basis and, under the terms of the Class Settlement, may seek attorneys' fees in an amount up to 30% of the Gross Settlement Amount, without opposition from Ulta. In addition, Class Counsel will seek reimbursement for out of pocket expenditures ("costs"). The Court will determine the actual amount of the fees and costs awarded.

As compensation for their active participation in the litigation, for the risk they undertook to become representative plaintiffs, and for their assistance to the attorneys for the class, in addition to any Individual Settlement Payments to which they are entitled under the terms of the Stipulation, Moore will receive a lump sum payment of up to $30,000, subject to Court approval. In return, she will release Ulta from all claims, including claims unrelated to the claims in the Action. The Court will determine the actual amount to be awarded.

## IX. <u>NOTICE OF HEARING ON FINAL APPROVAL OF SETTLEMENT</u>

You are hereby notified that a final approval hearing will be held before the Honorable _____ on _____ at ___ in Courtroom __ of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012, to determine whether the proposed Settlement of the Action is fair, reasonable, and adequate, and should be finally approved by the Court. The Court may adjourn the hearing from time to time, without further notification, as the Court may direct. If you worked for Ulta as an hourly employee anywhere in California during the Class Period (as defined above in Section I, above), you will be bound by the proposed settlement if it is approved, unless you opt out by making a timely written request for exclusion as described above.

Any Class Member who has not opted out of the Settlement, who objects to the proposed Settlement, and who has followed the procedure set forth in this paragraph, may appear in person or through counsel at the hearing on final approval, described above, and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a dismissal with prejudice should or should not be entered. (No attorney's fees will be paid by the Company for such counsel's appearance at the hearing on final approval.) No person will be heard or entitled to object, and no papers or briefs submitted by any such person will be received or considered by the Court unless, no later than the Final Date for Submission of Claims, he or she files with the Court, at the address indicated above, written notice of intention to appear at the hearing on final approval, together with copies of all papers and briefs proposed to be submitted to the Court at the hearing, <u>and</u> serves them by mail or other lawful means on the attorneys listed above by said date.

Any Class Member who does not make and serve his or her written objections within the time and in the manner provided above will be deemed to have waived such objections and will be foreclosed from making any objections (by appeal or otherwise) to the Class Settlement. Any member of the Settlement Class who is satisfied with the Class Settlement need not appear at the hearing.

**X.    EXAMINATION OF PAPERS AND INQUIRIES**

The foregoing is only a summary of the Action and the Class Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the Class Settlement, you may refer to the pleadings, the Stipulation, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012, during the Court's regular business hours of each court day (9 a.m. to 4 p.m.).

All inquiries by Settlement Class Members about the Class Settlement should be directed to the Settlement Administrator,

**Mr. Henry Arjad, President**
**CPT Group, Inc.**
**16630 Aston Street**
**Irvine, California 92606**

**or you may contact Class Counsel, listed above.**
**PLEASE DO NOT CONTACT DEFENDANT'S COUNSEL, THE CLERK OF THE COURT, OR THE JUDGE WITH INQUIRIES ABOUT THE SETTLEMENT.**

# EXHIBIT C

EXHIBIT C
**REQUEST FOR EXCLUSION FORM**

Name/Address Changes (if any):

[name]
[address]
[city/state/zip]

If your name or address is different from those shown above, print the corrections on the lines to the right.

**THE DEADLINE FOR SUBMITTING THIS FORM IS _____.**

**DO *NOT* SUBMIT THIS FORM IF YOU WISH TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT**

**REQUEST FOR EXCLUSION**

I, the undersigned, certify that I have read the Notice of Proposed Settlement in this action and wish to be excluded from the settlement.  I understand that this means I will not receive any money or other benefits under the Settlement.  I understand that I have the right to consult with Class Counsel and/or my own attorney about my decision, and I have exercised that right as I see fit.

**ADDITIONAL INFORMATION**

Please return this Request for Exclusion Form to the Settlement Administrator at the address listed below, **only if you do NOT want to receive money under the settlement.**  In order to be valid, your Request for Exclusion must be postmarked (if sent by U.S. Mail) or received (if sent by fax or any other method such as Fed-Ex or UPS) on or before _____.  The address of the Settlement Administrator is:

Mr. Henry Arjad, President
CPT Group, Inc.
16630 Aston Street
Irvine, California 92606

If you have any questions about this Request for Exclusion, or your rights under this proposed settlement, you may contact Class Counsel at the address and telephone number listed below:

WILSON TRIAL GROUP
DENNIS P. WILSON
3322 W. Victory Blvd.
Burbank, CA 91505

I declare under penalty of perjury that the foregoing is true and correct.  (Please date and sign.)

Dated: _____        _____

[Signature]

# EXHIBIT D

**EXHIBIT D**
**CLAIM FORM AND RELEASE**


**GENERAL INSTRUCTIONS**

**If you did not receive a copy of the Notice of Class Action Settlement delivered to your home but you wish to receive an Individual Settlement Payment, this Claim Form and Release must be submitted no later than _____, which is the final date for submission of claims. This claim form must be signed. If you mail this Claim Form, it will be considered timely as long as it postmarked on or before _____. If you submit this Claim Form by any method other than U.S. Mail (Fed-Ex, UPS, fax, etc.), it is your responsibility to make sure that it is *received* by _____.**

**PLEASE NOTE: If you received the Notice of Class Action Settlement delivered to your home, you do not have to submit this Claim Form.**


**Please print clearly using dark ink.** Complete all applicable sections of the Claim Form and Release. Failure to provide information may result in your claim being delayed or denied.

You will need to **sign and date this Claim Form at the place indicated below**. **Claim Forms that are not signed and dated will be considered to be incomplete, and will prevent you from receiving payment under the terms of the Class Action Settlement.**


**Mailing Instructions.** Send this completed Proof of Claim and Release to the Class Action Settlement Administrator, at the following address or fax number:


**The Ulta Class Action Settlement Administrator**

**Mr. Henry Arjad, President**
**CPT Group, Inc.**
**16630 Aston StreetIrvine, California 92606**

**Questions.** Any questions concerning this form should be directed to

Mr. Henry Arjad, President
CPT Group, Inc.
16630 Aston Street
Irvine, California 92606


**SECTION I --** CONTACT INFORMATION AND SOCIAL SECURITY NUMBER


My name is:                              _____


My current address is:                  _____

My current telephone number is: _____

My Social Security Number is: _____

I worked for Ulta Salon, Cosmetics & Fragrance, Inc. from _____ to _____ and my job(s) was/were
_____
_____

## SECTION II - - RELEASE OF CLAIMS - - READ CAREFULLY

By completing this Claim Form and accepting the benefits under this settlement, I understand that I am releasing and discharging Ulta Salon, Cosmetics & Fragrance, Inc. and all of its present and former parent companies, subsidiaries, affiliates, and joint ventures, and each of their respective present and former officers, directors, stockholders, agents, employees, insurers, co-insurers, reinsurers, attorneys, accountants, auditors, advisors, representatives, consultants, predecessors, successors and assigns as follows:

☐ Class claims.  If I am a member of the Class (as determined by the Settlement Administrator based on Ulta Salon, Cosmetics & Fragrance, Inc.'s records), my release includes any and all claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether or not concealed or hidden, that have been asserted or that might have been asserted by the Named Plaintiff or either of them or by any Class Member, arising during the period from and including March 2, 2008  through the Preliminary Approval Date, for unpaid wages (including premiums) or other compensation allegedly owed, or for damages, penalties (including without limitation waiting time penalties under Labor Code section 203), interest, liquidated damages, attorneys' fees, or costs or any other recovery based on or arising out of the following:  (1) Ulta's alleged failure to provide meal periods or failure to comply with any provision of California law relating to the provision of meal periods; (2) Ulta's alleged failure to provide rest breaks or failure to comply with any provision of California law relating to the provision of rest breaks; (3) Ulta's alleged failure to pay regular wages or overtime premiums for all hours worked as a result of  its practices of rounding employees' clock times, requiring employees to submit to bag checks and other security checks; and (4) Ulta's alleged failure to provide itemized wage statements in compliance with Labor Code section 226.  Without limiting the foregoing, with respect to the Settlement Class, the Released Claims include all claims for violation of any provision of the California Labor Code or Business & Professions Code § 17200 et seq., as well as claims for conversion or for penalties under the California Labor Code Private Attorneys General Act ("PAGA") arising out of Ulta's alleged failure to provide meal periods or failure to comply with any provision of California law relating to the provision of meal periods; Ulta's alleged failure to provide rest breaks or failure to comply with any provision of California law relating to the provision of rest breaks; Ulta's alleged failure to pay regular wages or overtime premiums for all hours worked as a result of  its practices of rounding employees' clock times, requiring employees to submit to bag checks and other security checks; and Ulta's alleged failure to provide itemized wage statements in compliance with Labor Code section 226.

In addition to the claims listed above, my waiver and release encompasses both known and unknown claims as described above.  Specifically, I agree to waive the provisions of Section 1542 of the California Civil Code, which state as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him  or her must have materially affected his or her settlement with the debtor."

Accordingly, I understand that if the facts relating in any manner to this Settlement are hereafter found to be other than or different from the facts now believed to be true, the release of claims contained herein shall remain effective.

I have read this Claim Form and Release, and I declare under penalty of perjury under California law that all of the information I provided in this Claim Form is true and correct to the best of my knowledge.  The release and waivers of claims herein are given knowingly and voluntarily.


_____          Date:
Signature


**<u>BE SURE TO SIGN AND DATE THIS FORM ABOVE AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR NO LATER THAN ---------------------.</u>**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action; my business address is 1340 E. Route 66, Suite 204, Glendora, CA 91740.

On November 4, 2016, I served the foregoing documents described as: **MOTION FOR APPROVAL OF PRELIMIANRY CLASS SETTLMEENT** on the interested parties by:

LITTLER MENDELSEN, PC
John Kloosterman, Esq.
Kai-Ching Cha, Esq.
Alexis Sohrakoff, Esq.
650 California Street, 20th Floor
San Francisco, CA 94108-2693
Tel: (415) 433-1940
*Attorneys for Defendant*

THE BLANCO LAW FIRM, PC
Alejandro D. Blanco
535 N Brand Blvd Ste 700
Glendale, CA 91203
Telephone:  (877) 238-7635
*Attorneys for Plaintiffs*

WILSON TRIAL GROUP
Dennis P. Wilson
3322 W. Victory Boulevard
Burbank, California 91505
Telephone:  (818) 843-1788
*Attorneys for Plaintiffs*

[X ]   (**BY AUTOMATIC SERVICE**)  The Notice of Electronic Filing will be generated by CM/ECF and electronically mailed to the offices of  the consenting addressees as stated above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 4, 2016, at Glendora, CA 91740. _____/S/_____

Timothy Hobbs

MEMO ISO MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT