**THE BLANCO LAW FIRM, PC**
Alejandro D. Blanco (Cal. Bar No. 133073)
Email: ablanco@theblancolawfirm.com
535 N Brand Blvd Ste 700
Glendale, CA 91203
Telephone:  (877) 238-7635

**HOBBS LAW GROUP**
Kristin Hobbs (Cal. Bar No. 268532)
Email: k.hobbs@hobbslawgroup.com
1340 E. Route 66, Suite 204
Glendora, CA 91740
Tel: (626) 782-4520  Fax: (626) 782-6379

**WILSON TRIAL GROUP**
Dennis P. Wilson (Cal. Bar No. 133288)
Email:  wilsontrialgroup@att.net
3322 W. Victory Boulevard
Burbank, California 91505
Telephone:  (818) 843-1788

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MOORE, on behalf of herself and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation; and DOES 1through 50, Inclusive, <br><br> Defendants. | Case No: 2:12-CV-03224-FMO (AGRx) <br> Hon. Fernando M. Olguin <br><br> **DECLARATIONS OF DENNIS P. WILSON, ESQ, ALEJANDRO D. BLANCO, ESQ. ,TIMOTHY HOBBS, ESQ., AND SARAH MOORE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

## <u>DECLARATION OF DENNIS P. WILSON</u>

I, Dennis P. Wilson, declare as follows:

1.      I am the principle attorney with The Law Offices of Dennis P. Wilson, counsel of record for the named Plaintiff Sarah Moore and the class in this action.  I am a member of good standing of the bar of the State of California.  I have personal knowledge of the matters set forth herein, and could and would testify truthfully thereto, if called upon to do so.  I offer this declaration in support of the Plaintiff's Unopposed Motion for Preliminary Approval.

2.      I am admitted to practice in all State Courts in California and in the United States District Courts for the Southern District, Central District, Eastern District and Northern District of California, and the United States Court of Appeals for the Ninth Circuits.

3.      Plaintiff Sarah Moore brought this lawsuit to challenge the employment practices concerning all non-exempt hourly employees of Defendants.  Plaintiff's claims in this action relate to Defendants' policies and procedures for: (1) unpaid wages, (2) overtime, (3) meal periods, (4) rest breaks, (5) failure to pay wages at the time of separation, (6) inaccurate wage statements, and (7) violations of Cal. Bus. & Prof. Code § 17200 et seq., as to all of the applicable non-exempt employees.  (*See Generally*, Plaintiff's Complaint)

4.      In order to come to a resolution regarding the aforementioned issues, the Parties engaged in discovery, including depositions, and informally exchanged documents and information.  Defendants were in possession of most of the documents because they were the employer in this relationship and maintained Plaintiff's employee record as well as the other employee's records.  Defendants disclosed thousands of documents which I and the other Plaintiff's attorneys working on this case reviewed and analyzed.  I also had record checks and other data searches conducted on the Defendants so as to get an idea of the company and the size thereof as well as the wherewithal of Defendants.  We also conducted extensive interviews with the Plaintiff, took depositions,

and interviewed other members of the Class concerning the documents and discovery turned over to us, the Defendants' business practices, the job duties of the Class members, the mechanics of how the Defendants subjected the workers to various Labor Code violations and related matters.  I helped in the selection of the mediator Eugene Moscovitch, a well-known and respected wage and hour class action mediator with whom I had previously used in successful mediations.

5.      Thereafter, the Parties prepared and submitted confidential mediation briefs to employment law and class action mediator Eugene Moscovitch, which included a detailed analysis of liability, class certification and damages.  The Parties attended one full day mediation with Mr. Moscovitch and were able to reach a resolution that day.

6.      Through the diligent efforts of all of the attorneys involved in this action, and the instrumental work of the Class Representative and other workers, Plaintiff's counsel were able to put together a collaborative reasoning of the potential evidential impact numerous witnesses that are able to garner direct evidence of systematic violation of the California Labor law.  Workers were serially denied uninterrupted rest and meal breaks on an ongoing basis, caused to work off the clock on an ongoing basis, did not receive overtime pay on an ongoing, and were subjected to the other Labor Code violations set forth in the Consolidated Complaint.

7.      Counsel became informed and thereon believe that the workers at Ulta were manipulated by the Defendants in the way and how they work on a daily basis so as to minimize the labor costs.  This type of exploitation of the workers created an increase in retained earnings of Ulta at the expense of our Class.   However, the Defense also had very strong arguments related to the commonality of the various categories of work duties, the ability to garner conflicting evidence as to the all of the workers over time being subjected to Labor Code violations as well as a number of other arguments all of which may have been able to successfully defeat the Class' claims at trial.

9.      Based on their own respective independent investigations and evaluations and after taking into account the sharply disputed factual and legal issues involved in this

matter, the risk attending further prosecution and defense, the discovery and investigation conducted to date, and the substantial benefits received under the settlement, the Plaintiff, Defendants and their respective counsel are of the opinion that settlement, for the consideration and on the terms set forth in the Final Settlement Agreement are fair, reasonable and adequate and are in the best interests of the named Plaintiff, the Class Members and Defendants.

10.     This Settlement Agreement occurred only after investigation and litigation of this matter, and was the product of arms-length negotiations, presided over in the final stretch by experienced and respected mediator Eugene Moscovitch.

11.     I am experienced in wage and hour class action lawsuits.  In my opinion the Settlement Agreement is fair, reasonable and adequate to members of the affected class and the Plaintiff Class Representative.  It also provides for the class members to be able to have continued employment with the Defendants by not putting said Defendants out of business and to remain solvent.

13.     I am experienced and qualified to fairly and adequately represent class members and Class Representatives in class action wage and hour cases.

14.     I have handle these types of employment class action matters and am capable of assessing the strengths and weaknesses of claims against the Defendants.

15.     I am a senior litigator with ample experience in large employment law cases, and have participated in multimillion dollar settlements in complex wage and hour employment cases throughout the years.  I have the resources and know how to litigate these type of class actions cases.

16.     I have never been charged with attorney misconduct or subjected to any disciplinary proceedings in any court in which I have practiced.

17.     Since my admission to the bar in 1988 I have represented numerous parties in civil employment actions of various types and degrees of complexity.  My current litigation practice is focused primarily wage and hour class actions, employment discrimination, and complex litigation.

18.    I entered the private practice of law in January of 1988 with an emphasis in the areas of business and complex civil litigation in Los Angeles, California.

19.    I have been practicing law in Los Angeles since January of 1988 (over 28 years), and have worked with some of the top trial attorneys in California such as Dave Harney, Darrel Decur, John Constanzo, Marshall Morgan, Bud Bogust, Dave Greenberg, Howard Panish, Brian Panish, John Taylor, Mat Matern, Farzad Rastegar, Carl Douglas, Jim DeSimone, Anthony Luti, Lisa Maki, John Sweeney, Greg Yates and others. I received my law degree from Southwestern University, where I served as the Night Class President.

20.    I have tried over 200 bench trials and over approximately 63 jury trials, including civil and criminal law cases.

21.    I am a continuing student of the Gerry Spence Wyoming Trial Lawyer College. The Trial Lawyers College is the most selective institution for training trial lawyers in the nation. The Trial Lawyers College is a training school for lawyers who represent the Plaintiff in civil actions and Defendants in criminal action, the common person.  Rex Parris, Milton Grimes and other senior litigators through the United States all participate in and train members of the Trial Lawyers College on an ongoing basis.

22.    I received the Criminal Defense Trial Lawyer of The Year award for 2011 from the Private Defenders, was named as one of the Top Attorneys in Pasadena covering from 2010 through 2015, I have litigated wage and hour cases, civil rights and discrimination and other cases throughout California including multi-week jury trials in Ventura County, Kern County and Los Angeles County.  My best estimate is that I have tried over 63 jury trials all over California including a multi-week Federal Court process patent infringement case, a 7 week defamation and interference with contract case, a multi-week wrongful death case against the LAPD, a 4 week business litigation case in Los Angeles, Ca, a number of multi-week employment discrimination cases, a multi-week sexual molestation case against a school district in Merced County, many multi-

week personal injury cases, sexual harassment cases, other employment discrimination cases, and other non-criminal cases, as well as a number of criminal cases ranging from lynching, rape, assault and battery, to a double execution murder trial.  I have tried cases all over the State of California from Imperial County to Del Norte County.  I have litigated cases.  I am familiar with trial court practices and procedures in both State and Federal Court.  Some of my recent victories include an eight million dollar settlement during trial in Los Angeles in February of this year, a collections case in Orange County, $2,879,864 million jury verdict including $1.4 million in punitive damages on a trial over the rights to the television program "The Man From U.N.C.L.E."; Singh vs. Rajpoot, et al wherein we received a $162,700 verdict and were awarded $175,000 in attorney's fees; a number of million dollar plus wrongful death settlements against the Inglewood Police Department; a published opinion from the 5th Appellate District of California along with new trial on all issues for the Plaintiff in the seminal case of Pantoja vs Anton, Appellate Case No.  F 058414 (Superior Ct. No. S-1500-CV-252471), and an award of $615,000 in a binding medical malpractice action against Kaiser Permanente in Fresno, California.  I have handled a number of class action cases including wage and hour class actions and currently I am working with other counsel in the litigation of several active class actions in Fresno County and Los Angeles County which include a number that have class members state wide with defendants such as Starwood Hotels, Port Logistics and a number of temp agencies, Starline Tours, Neil Jones food processing, Del Monte, Marquez Brothers, Warner Brothers, Dynamex delivery service,  and a number of other pending class actions.  Some of the wage and hour class actions we have settled include First Interstate Security, California Overnight, Niagra Waters, Chevron, New Gold mining and others.  I am or have been a member of the Consumer Attorneys of San Diego, the Consumer Attorneys Association of Los Angeles, the California Employment Lawyers Association, American Association for Justice and the Trial Lawyer's College.

23.     My Firm has both the experience and resources to prosecute these type of law suits to finality and adequately represent the class members.  We do or have worked or consulted with many other class counsel in California in wage and hour class action cases.

24.     I have advised Sarah Moore of her obligations as a class representative to select adequate and skilled counsel, to cooperate with counsel and to place the interests of the class on a level equal with his own interests.  He has and continues to meet these obligations and has cooperated fully providing information, names, and other details to assist in litigating this action.

25.     It is my opinion that the interests of the litigants and the court will be best served by certifying this matter as a class action.  I believe all of the requirements for certification are met.  I know of no other method for the resolutions of the claims raised by the Plaintiff herein that would be a superior method to the class action procedure.  The Plaintiff's firms continue to work diligently together to protect the interests of the Plaintiff and of the proposed class.  We are familiar with the law as it applies to the legal and factual issues relevant to this matter as well as the procedural aspects of the class representation.

26.     A substantial portion of my firm's current practice includes the representation of Plaintiff and Plaintiff classes in a variety of employment class actions, including but not limited to wage and hour class actions as well as discrimination and other employment cases.

27.     This firm and counsel I have associated with have litigated and successfully certified numerous class actions.  Some of the class actions we have handled or are currently involved in are as follows:

- *Henderson v. Sport Chalet (Case No. BC 318081)*
- *Frear, et al. v. Bizui, Inc. (Case No. BC392378)*

- *Herrera, et al. v. Caliber Collision (Case No. BC328623; published decision at 36 Cal.Rptr.3d 31 (2005) -- the first case to delineate the filing requirements under the California Private Attorney General's Act (PAGA))*
- *Solis v. Hitech Collision and Glass, Inc. (Case No. BC336338)*
- *Allen v. Bloomingdales (Case No. BC340208)*
- *Channa San v. Sacramento Overnight, Inc. (Case No. 10 CECG02413)*
- *Rodriguez v. Western Mesquite Mines (Case No.11CV0330 MMAPOR)*
- *Barbosa v. Cargill Meat Solutions Corp. (Case No.11CV00275OWWSKO)*
- *Minor v. Starwood Hotels*
- *Martinez vs. Guess*
- *Valdez vs. Neil Jones Food Company*
- *Injosa vs Charoltte Russe*

28.     This firm, together with my co-counsel, were prepared to zealously pursue this case on behalf of the class through class certification and trial.

29.     We advised the Class Representative Plaintiff Sarah Moore of her obligations as a Class Representative to select adequate and skilled counsel, to cooperate with all counsel, and to place the interests of the class on a level equal with his own interests, and the other Plaintiff's counsel to do the same.   The Class Representative Plaintiff agreed to meet these obligations.

30.     It is my opinion that the interests of the litigants and the Court will be best served by approving this settlement.  I believe all of the requirements for certification are met.  I know of no other method for the resolutions of the claims raised by the Plaintiff herein that would be a superior method to the class action procedure.  All Plaintiff's firms continue to work diligently together to protect the interests of the Plaintiff and of the

proposed class.  We are familiar with the law as it applies to the legal and factual issues relevant to this matter as well as the procedural aspects of the class representation.

31.     Prior to mediation, the Parties conducted formal discovery, and exchanged information and documents.  Defendants disclosed over thousands of pages of documents to Plaintiff, which included time sheets, and payroll information for all non-exempt employees who worked at Ulta since March 2008.  Additionally, seven depositions were taken, including the deposition of Ulta's Head of Loss Prevention in Chicago Illinois.  32.

The Parties all participated in a full day of mediation with Mediator Eugene Moscovitch ("Mediator").

33.     Through an opening joint session and throughout various break-out sessions throughout the day, the Parties apprised each other of their respective factual contentions and legal theories and defenses, resulting in extensive arms-length negotiations taking place between the Parties.

34.     Plaintiff strongly asserted the validity of her arguments and assessment that this case could be worth a substantial amount of money.  However, as the mediation progressed, Defendants presented their arguments as to various issues, and it became apparent that many issues would be highly disputed and could pose a risk to both parties in going forward with litigation.

35. The parties were successfully able to resolve this matter through mediation that day.

36.     The final decision to settle this matter was not only based on arguments on the merits, but was greatly based on the economic standing of the Defendants and the risks of going forward with appeals and further litigation.

37.     Based on my experience, the candid economic evidence Defendants disclosed, the appeals, and the foregoing information as to the parties presented and break out session format of the mediation, it was Plaintiff's counsels opinion that this case should be settled and that we should accept the Defendants final offer of $2,700,000.00.

38.     To do otherwise would put Plaintiff and their attorneys at risk of loss on the case, and jeopardizing any recovery by the class whatsoever.

39.      The settlement was well within the bounds of what a reasonable and experienced wage and hour class action Plaintiff's attorney would have accepted based upon the facts of this case as they exist.

40.     Moreover, Mr. Moscovitch presided over the back and forth exchanged of information on an ongoing basis, and helped guide the parties towards what he believed based on his experience was a reasonable resolution given the disputed issues of liability.

41.     More specifically, as to the documents disclosed, Defendants disclosed time sheets for all employees' hours worked during the class period.  These included clock in and out times for beginning and ending shifts but not breaks.   Defendants also provided Plaintiff hiring and firing paperwork, paystubs, an employee manual.

42.     In addition, Defendants disclosed that altogether with current employees, the class size was approximately 13,080 employees.

43.     Defendants further disclosed dates of termination or voluntary separation of employment for former employee(s) and dates of their final pay check(s); Defendants' policies regarding their meal periods; Defendants' policies regarding their rest periods; and Defendants' policies regarding overtime.

44.     As to unpaid wages for off-the-clock time, Plaintiff informed counsel that they were not receiving pay for time of the clock that they worked.

45.      Defendants dispute that this occurred, and that if it did occur then potentially that would be a *de minimus* amount of time.

46.      Plaintiff also informed counsel that the class was not receiving uninterrupted meal breaks.  Plaintiff Sarah Moore provided specific detailed information to her attorneys in consultation, in mediation preparation, and in preparation for propounding discovery, and during mediation and after mediation.

50.     It is apparent that Defendants were going to attempt to break class certification with evidence that each manager was responsible for implementing the bag

check protocol, and that many managers conducted inspections prior to clock out, and further, many of the managers who conducted inspections after clock out would adjust time cards to compensate for the time spent during inspection.  This would have thrown into dispute the class size and undertaking further extensive depositions, further written discovery and a highly contentious dispute would ensue to determine the actual class size and the violations.

51.    52.    On the whole, the causes of action for inspections was highly contentious and both sides were able to offer substantial credible evidence.  Settlement to the Class Members and all Parties was therefore favorable to prevent a loss on the part of any Party.

52.    Therefore, the Parties compromised on this issue and made it part of the Settlement Agreement in order to dispose of any dispute that could be a costly part of ongoing litigation.   This portion of the Settlement Agreement was fair and appropriate since there was no evidence of dry cleaning requirements.

53.    In sum, the causes of action presented were highly contentious.  The Parties discussed the competing evidence at Mediation and the months that followed.  It could have been either of the Parties that would win in a trial, and it was going to be a lengthy and costly legal battle.

54.    Given the nature of trial and the nature of litigation, Plaintiff would have been hard pressed to win on every single issue presented, and this could have resulted as a total loss or a win that would have been outweighed by the length and cost of the proceedings at hand.

55.    The settlement for each participating Class Member is fair, reasonable and adequate given the inherent risk of litigation, the risk relative to class certification and the costs of pursuing such litigation.

56.    The class size is approximately 13,000 employees who have nearly identical claims as the named Plaintiff.  However, the length of employment for the 13,000 Class

Members varies substantially, due to high turnover and the fact many of the employees work part-time while pursuing other careers.

57.     Taking this into account, the settlement amount will adequately compensate the Class Members.  Therefore, the compensation as agreed upon is reasonable under the circumstances.

57.     Moreover, the manner for calculating compensation is reasonable.  Each Class Member's claim is dependent on the number of workweeks he/she has worked during the liability period.

58.     Therefore, each Class Member will share in a proportionate share of the settlement amount, and not one Class Member will be favored over another.  Thus, the settlement provides for a significant recovery to Class Members.  As such, the proposed settlement amount falls well within the range of reasonableness.

59.     The Settlement provides for an award to be paid to the class representative Plaintiff.  The purpose is to compensate the Class Members for their claims and provide an additional incentive payments to the Class Representative, taking into consideration the *risks*, time, effort and expenses incurred by the Class Representative in coming forward to provide invaluable information and litigate this matter on behalf of all Class Members.

60.     Named Plaintiff Sarah Moore has spent countless hours providing supporting information, meeting with myself and/or other counsel, keeping us apprised of things going on at Ulta, filling out her claim form, responding to discovery, reviewing declarations, sitting for deposition, and other things.  This time also includes initial consult, further meetings with Sarah Moore and other employees, preparation for mediation, and in post-mediation discussions and other things.

61.     Named Plaintiff Sarah Moore reviewed her counsels' initial discovery requests, as well as the Defendants' responses and responding documents for inaccuracies.  Plaintiff also prepared responses to interrogatories for potential formal discovery and to help inform her counsel of the evidence available in this case.

62.     Named Plaintiff Sarah Moore sat for a full day of deposition, and reviewed her 200+ page transcript.  During deposition, she described her conversations with witnesses.   She also participated in the full-day of mediation instead of working.  She generally assisted counsel in developing information necessary to litigate and settle this case, helped develop the damages model through his input.

63.     Moreover, Name Plaintiff Sarah Moore placed her employability feasibility on the line by being a class representative, and it has been hard enough to find work in this economy.  This is compounded by the fact that Plaintiff put her employability at risk by complaining about her former employer in a public forum.

64.     Therefore, this incentive payment of $30,000.00 should be awarded to Named Plaintiff Sarah Moore given her involvement in this case and the risk to her employability.

65.     Defendants have already cooperated with Plaintiff in deciphering who the Class Members are in this case.

66.     The proposed award of attorneys' fees, costs and expenses to Plaintiff's counsel in this case can be justified under either method –  lodestar or percentage recovery.  Plaintiff's counsel, however, intend to base the proposed award of fees, costs and expenses on the percentage method.

67.     The settlement with Defendants was achieved after almost two years of investigation and discovery, litigation, mediation, law and motion and protracted negotiations.

68.     My firm and my cocounsel incurred over $900,000 in attorney's fees. This work included traveling to and from Chicago to conduct depositions, meeting with Sarah Moore numerous times and reviewing her working conditions, her documents, the mechanics of his work, obtaining information from Sarah Moore as to the various job duties of the non-exempt employees at Ulta, going to Ulta, and other things. Counsel traveled to and from and attended numerous Court hearings, conferred with various counsel, developed a working dynamic damages model, reviewed thousands of pages of

documents including the applicable collective bargaining units, pleadings research materials, declarations and other things, prepared for and attended the mediation in this case, drafted documents, communicated with the mediator Eugene Moscovitch post mediation and facilitated the final resolution of this case, reviewed numerous emails from the Plaintiff and Defense attorneys in this case, reviewed the administrators documents, coordinated with, conferred with and worked with co-counsel, field many, many calls from lawyers and others in this case, and did many other things with regard to this case. I believe that my billing rate of $650 per hour in this matter is within the range of other similarly situated senior trial attorneys and at the minimum rate of $600.00 per hour for the work of employment.  Similarly situated attorneys bill between $500 and over $850 per hour in these types of cases.

69.   Plaintiff has incurred costs in this action of over $50,000.  We have paid the filing fees on this case, traveling fees, mediator fees, and, incurred copying and printing costs, incurred mailing costs, incurred Lexis and West Law Fees.  The total fees we are seeking in this case are reduced to $30,000.00.

70.   Both co-consel and myself are owners of our law firms, and have ample labor and employment law litigation experience.

71.   Together all Plaintiff's counsel in this case will have over approximately 1500 hours of work by the time they bring this case to completion.

72.   Prior to the fairness hearing for the Defendants' settlement, Plaintiff are willing to submit, if requested by the Court, detailed evidence regarding the hours that they have devoted to this case in general and to prosecuting claims against Defendants in particular and the reasonable hourly rate for such work.

73.   I have not presented such voluminous evidence at this time because presentation of all those time records and documents would itself be a major undertaking. Second, many of the entries in the time records will have to be redacted to preserve attorney-client and attorney work product privileges.

1       I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true.

3   Executed on November 4, 2016 in Los Angeles, California.

_____

Dennis P. Wilson

DECLARATIONS IN SUPPORT OF
MOTION FOR PRELIMARY APPROVAL

### DECLARATION OF TIMOTHY HOBBS

I, Timothy Hobbs, declare as follows:

1. In this action, I serve as counsel to Plaintiff Sarah Moore, individually and on behalf of all others similarly situated.  I make this declaration in support of Plaintiff's Motion for Prelimary Approval of the Class Settlement, based on personal knowledge.

2. Representative Plaintiff, Sarah Moore, contacted my office regarding the allegations set forth in this lawsuit against Ulta.  After researching her complaints, it was determined a viable class action existed.

3. We have played a significant role in the factual investigation of class-wide claims, the analysis of class wide damages, drafting pleadings and motions, drafting discovery and responses to discovery, appearing and arguing motions, and appearing at and preparing Plaintiff for her deposition.  This office has been the primary contact with Plaintiff during the course of this litigation, keeping her abreast of every significant development.

4. Plaintiff Sarah Moore has been intimately involved in the prosecution of this action and has cooperated fully with counsel to fulfill her fiduciary duties to the class.  She has had her deposition taken and has assisted counsel in preparing responses to voluminous written discovery, including sitting for a full day's deposition, reviewing the 200+ page transcript, assisting in drafting a declaration to accompany Plaintiff's motion to compel, and has helped identify factual issues relevant to her claims against Defendant.

5. Ms. Moore also prepared for and attended mediation at which time she was able to secure a $2.7 million settlement on behalf of the class.  Ms. Moore has faced significant personal exposure in prosecuting this action on behalf of the class, including the risk of being held responsible for sanctions and attorney's fees based on her role as plaintiff. Ms. Moore has fulfilled all duties, done everything which was asked of her, and indeed has been the sole class representative throughout this action.

6. Plaintiff's time of service with Defendants provided her with considerable detailed information about the claims asserted, which she shared with her attorneys.  Indeed, Ms.

Moore provided us with the client handbook which set forth the inspection protocol and, and provided us with details on how the inspections were implemented.

7.  Class counsel interviewed more than 50 class members during the investigation of the pending matter, including more than a dozen interviews prior to certification, and approximately 40 interviews in preparation for mediation.  It is my opinion that the settlement reached at mediation was fair and in the best interests of the class.

8. The Parties mediated on August 4, 2016, with Eugene Moscovitch, who has significant experience in mediating California wage and hour cases.  After a full day of mediation, at which they engaged in good-faith, arms-length bargaining, and realistically assessed the strengths and weakness of their positions, the parties reached the Settlement.

9.  I believe the proposed settlement as set forth in the accompanying memorandum provides the fairest and most practicable procedure for notifying the Class Members concerning the terms of the Settlement and their respective rights under the Settlement.

10.CPT Settlement has provided us with a quote for $90,000 to serve as class administrator, which will include case set up, mailing the notice packet, skip tracing class members for whom mail was undeliverable, programming the claims database, calculating distribution, mailing checks, and reporting to the relevant taxing agencies, and redistributing excess funds, inter alia.

11.I am an attorney in good standing, licensed to practice in all the courts in the State of California.  I have significant experience as a litigator, and have practiced law uninterrupted since 2009.  My hourly rate is $350 per hour, which I believe is reasonable based on my knowledge of the billing practices of Attorneys with similar skill and experience.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Executed on November 4, 2016 in Glendora, California.

_____
Timothy Hobbs, Esq.

## DECLARATION OF ALEJANDRO BLANCO

I, Alejandro D. Blanco, declare as follows:

1. In this action, I serve as counsel to Plaintiff Sarah Moore, individually and on behalf of all others similarly situated.  I make this declaration in support of Plaintiff's Motion for Class Certification based on personal knowledge.  I am the principal in the Blanco Law Firm, P.C.

2. I have been practicing law continuously in California since 1988 and have spent over 20 years as a trial lawyer.  I am informed and believe I have tried over 100 civil trials to verdict in areas of personal injury and medical malpractice, including matters dealing with employment law issues in addition to others. Some notable cases I have litigated as part of trial teams, include a $38.6 million verdict in 2012 for a brain-damaged client, $31.6 million verdict for a brain-damaged accident victim, $8.1 million settlement for brain injury victim, $5.9 million judgment for brain damaged client, $4.5 million for an injured client, and $850,000 sexual harassment verdict, a 36.7 million dollar verdict in 2012, Orange County Superior Court for a traumatically brain injured hotel guest, a 26.8 million dollar verdict in a medical related negligence in 2013, Kern Superior Court, a $25,000,000 for a traumatically brain injured motorcycle rider in Nueces County, Texas in 2015, and recently, a record setting confidential settlement before delivery of closing argument in a Nursing home in Allen County, Indiana

3.

4. My firm has committed its financial resources to this case and will continue to fund the prosecution of this case along with my co-counsels.  I have further committed to acting as lead trial attorney should the case proceed to trial.  I have also partnered with other attorneys experienced in the prosecution of this case, including Dennis P. Wilson and Timothy Hobbs.

It is my opinion that the interests of the litigants and the court will be best served by approving settlement in this matter.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Executed on November 4, 2016 in Glendale, California.

_____/S/_____
Alejandro D. Blanco

DECLARATIONS IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL

## DECLARATION OF SARAH MOORE

I, Sarah Moore, declare as follows:

1. I am over the age of eighteen.  I submit this declaration in support of the concurrently filed Motion for Preliminary Approval of Settlement Agreement of Class Action("Settlement" or "Settlement Agreement").  The following is based upon my personal knowledge, and if called as a witness, I could and would competently testify regarding the statements in this Declaration.

2. I am currently a resident of the County of Los Angeles.  I worked for Defendant Ulta from approximately October 2011 through March 2012 as a hourly employee at Defendant's Glendora, Pasadena, and Chino locations.

3. I was employed as an "Arch Expert" in the Benefit Brow Bar.  I was an hourly worker and my starting hourly wage was $11.60 per hour.

4. When I discuss leaving Ulta Salon's "premise" herein, I am referring to leaving the actual store and am not including any outside sidewalks or parking lots that Ulta Salon may or may not own and/or possess.

5. I knew of the actions complained of in this lawsuit not only happened to me, but happened to other employees of Defendant that I worked with.  I wanted to help the other Ulta employees vindicate their rights, so I decided to bring this lawsuit that we filed in this case.

6. I believe my situation has been similar to all other non- exempt Ulta employees like me who worked for the defendants during the Class Period involved in this case. The complaint which was brought on behalf of myself claims on a class-wide basis for the failure to pay wages including overtime under California labor laws, failure to provide lawful meal and rest periods, failure to timely pay wages, failure to provide accurate itemized wage statements, failure to pay overtime, and unfair business practices. I believe my claims are typical of the other Class Members and I can represent our common claims because I believe Defendants applied the same policies, practices and

schedules for us all and treated me and all Class Members similarly throughout the Class Period and California.

7.  I believe that my interests have been and continue to be in alignment with the Class Members, and I am willing to continue to pursue and prosecute their class claims against Defendants in this litigation.  I believe I do not have any interests which are against the interest of the Class Members and I will continue to do what is best for all the Class Members rather than myself, as I have done from the beginning of this case. I have no other business or familial relationships with class counsel, and no other relationship with Defendant other than being a former employee of Defendant.  For those reasons, there is no conflict of interest between myself and my attorneys, myself and Defendant, or between myself and the Class.

8.  As the Class Representative in this case, I participated in every aspect of litigation and have been apprised of its progress.  I believe I have maintained the best interests of the Class Members while performing my Class Representative duties, and, in addition to my own video-taped deposition, I participated in many interviews and conferences with class counsel regarding the conduct and settlement of this matter, I have spoken with several other Class Members and provided information regarding their claims to my counsel in support of proving the class claims and establishing what happened to us as a group of employees.  My counsel has informed me that this information, along with the details and support I provided for my class claims, was very important in convincing defendants to negotiate the settlement now before the Court for approval.  I have also provided and reviewed many documents to and with Class Counsel in support of the class claims, sat for my deposition, responded to written discovery, have helped my attorneys with preparing written questions and what documents to ask for, and I have invested a lot of time and effort in performing my duties on behalf of the Class.  I also conducted numerous meetings with my counsel to prepare for and discuss Defendants' information requests in response to written discovery and in advance of both my deposition and mediation.

9. I attended the all-day mediation with Eugene Moscovitch, and reviewed my employee file and/or jacket and all relevant payroll records in my file in advance of the mediation. I met with my attorneys regarding the motion for class certification, which my deposition was used for, and assisted in obtaining other declarations from current and former employees that was instrumental in winning our motion for class certification in this case and ultimately helping the Class obtain a favorable settlement.

10. After reviewing the Settlement Agreement and speaking with my counsel about it, I agreed to sign it on behalf of myself and all the other Class Members. I signed the settlement because I believe the Settlement obtained in this case on behalf of the Class is very fair and sufficient and reasonable in view of the facts I know and have been made aware of, and due to the risk of going though further litigation. I believe the average payouts for the class member will be very reasonable considering all the facts and evidence.

11. I have not received and understand I will not receive any consideration or promises that are different from any of the other Class Members will receive under the Settlement. I understand this because all Settlement Class Members who do not ask to be excluded will receive Individual Settlement Payments under the formulas in the Settlement Agreement which I understand to be fair. I also understand and believe to be fair the settlement allocation formula in the Settlement Agreement and believe it fairly accounts for the individual settlement payments based on the strengths and weaknesses of the various alleged claims and also considering the individual compensation and pay rates for the various class members overs the settlement period.

12. I also understand that my counsel will request that I be awarded an enhancement payment of $30,000 (which is not opposed by the Defendants) for my efforts as Class Representative, and that this additional payment is not guaranteed, but must be approved by the Court. I believe the requested enhancement payment is fair and reasonable based upon the excellent result we have achieved for the class members and because of the many tasks I have performed on their behalf including:

- Discussions with other Class Members regarding this case, and gathering their information and providing it to counsel;
- review and compilation of many documents for my attorneys;
- conducting discovery, deposition and mediation preparation with my attorneys and participating in responding to information responses for mediation, deposition and written discovery requests from Defendants;
- several in-person meetings with counsel and travelling to and from them, and also may telephone conferences with my attorneys and their representatives;
- participation in fact gathering and witness statements;
- participation in the motion for class certification; and
- participation in the preliminary approval and eventual final approval process with class counsel and reviewing and signing related documents.

13. I also believe the requested Class Representative enhancement award is fair and reasonable because my decision to accept the risk of being a Class Representative in a class action under the Labor Code may affect my future ability to get other jobs in the makeup and fashion industry. I also understood and accepted the risk of potentially being liable for the opposing parties' costs and attorney fees if I was unsuccessful in this lawsuit. I was the only Class Representative, and I voluntarily assumed these real and large risks and the case would not have been brought without me. I believe the approximately 13,000 Class members will receive a great benefit by resolving their claims against Defendants under the terms of the Settement Agreement.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Executed on November 4, 2016 in Glendale, California.

_____
Sarah Moore

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action; my business address is 1340 E. Route 66, Suite 204, Glendora, CA 91740.

On November 4, 2016, I served the foregoing documents described as: **DECLARATIONS OF DENNIS P. WILSON, ESQ, ALEJANDRO D. BLANCO, ESQ. ,TIMOTHY HOBBS, ESQ., AND SARAH MOORE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF  CLASS SETTLEMENT** on the interested parties by:

**LITTLER MENDELSEN, PC**
John Kloosterman, Esq.
Kai-Ching Cha, Esq.
Alexis Sohrakoff, Esq.
650 California Street, 20th Floor
San Francisco, CA 94108-2693
Tel: (415) 433-1940
*Attorneys for Defendant*

**THE BLANCO LAW FIRM, PC**
Alejandro D. Blanco
535 N Brand Blvd Ste 700
Glendale, CA 91203
Telephone:  (877) 238-7635
*Attorneys for Plaintiff*

**WILSON TRIAL GROUP**
Dennis P. Wilson
3322 W. Victory Boulevard
Burbank, California 91505
Telephone:  (818) 843-1788
*Attorneys for Plaintiff*

[X ]  (**BY AUTOMATIC SERVICE**)  The Notice of Electronic Filing will be generated by CM/ECF and electronically mailed to the offices of  the consenting addressees as stated above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 4, 2016, at Glendora, CA 91740.  _____/S/_____
                                                                                    Timothy Hobbs

---

2:12-CV-03224-FMO (AGRx)                    24      DECLARATIONS IN SUPPORT OF MOTION FOR PRELIMARY APPROVAL