THE BLANCO LAW FIRM, PC
Alejandro D. Blanco (Cal. Bar No. 133073)
Email: ablanco@theblancolawfirm.com
535 N Brand Blvd Ste 700
Glendale, CA 91203
Telephone:  (877) 238-7635

HOBBS LAW GROUP
Timothy Hobbs (Cal. Bar No. 268532)
Email: Tim@hobbslawgroup.com
1340 E. Route 66, Suite 204
Glendora, CA 91740
Tel: (626) 782-4520  Fax: (626) 782-6379

WILSON TRIAL GROUP
Dennis P. Wilson (Cal. Bar No. 133288)
Email:  wilsontrialgroup@att.net
3322 W. Victory Boulevard
Burbank, California 91505
Telephone:  (818) 843-1788

Attorneys for Plaintiff and the Class

ADDITIONAL COUNSEL ON NEXT PAGE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MOORE, on behalf of herself and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>     vs.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation;<br><br>                          Defendants. | Case No: 2:12-CV-03224-FMO (AGRx)<br>Hon. Fernando M. Olguin<br><br>**AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.**<br><br>Date:<br>Time:            8:30 a.m.<br>Dept.:           20<br>Complaint filed:  March 2, 2012 |

JOHN C. KLOOSTERMAN, Bar No. 182625
jkloosterman@littler.com
KAI-CHING CHA, Bar No. 218738
kcha@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:   415.433.1940
Fax No.:       415.399.8490

Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

<u>**JOINT STIPULATION OF SETTLEMENT AND RELEASE**</u>

<u>**PREAMBLE**</u>

This Joint Stipulation of Settlement and Release (hereinafter "Stipulation of Settlement" or "Settlement") is made and entered into by and between Named Plaintiff Sarah Moore and Ulta Salon, Cosmetics & Fragrance, Inc. ("ULTA" or "Defendant") in the Action titled <u>Sarah Moore, *et al.* v. Ulta Salon, Cosmetics & Fragrance, Inc.,</u> (United States District Court, Central District of California--Case No.: 2:12-CV-03224-FMO (AGRx)) (the "Action").

This Settlement shall be binding on Plaintiff Sarah Moore and the class Plaintiff represents and ULTA and its respective present and former parent companies, subsidiaries, divisions, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be liable for any of the Released Claims (hereinafter "Released Parties"), and any individual or entity which could be jointly liable with ULTA, and their respective counsel, subject to the terms and conditions hereof and the approval of the Court.

<u>**DEFINITIONS**</u>

1.      "Action" as used herein means the class action pending entitled <u>Sarah Moore, *et al.* v. Ulta Salon, Cosmetics & Fragrance, Inc.,</u> (United States District Court, Central District of California--Case No.: 2:12-CV-03224-FMO (AGRx)).

2.      "Claims" as used herein means any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action arising from or related to this Action under any federal, state or local law that were or could have been plead based on the allegation in the Complaint, whether known or unknown, arising from employment as an employee of ULTA within California at any time between March 2, 2008 and the date of final court approval of the terms of this Settlement, including, but not limited to, unpaid wages of any kind, inaccurate pay stubs, "off the clock" work, unpaid overtime, split shift allegation, meal and rest break violations, unreimbursed expenses, unfair compensation, injunctive relief, punitive damages, penalties of any nature, interest, fees, costs, any alleged violations of all applicable Labor Code Sections, and Business and Professions Code section 17200 <u>et seq.</u>, and all other claims and allegations made or which

could have been made in the Action, including any such claims which any of the members of the Settlement Class do not know or suspect to exist in his or her favor against Defendant as of the date of the Court's final approval of this Settlement.

3. "Claims Administrator" as used herein means CPT Group, Inc., or an entity or individual to be selected jointly by the parties who will be responsible for the administration of this Stipulation of Settlement and any related matters.

4. "Class Counsel" as used herein means Hobbs Law Group, The Blanco Firm and Wilson Trial Group.

5. "Class Period" as used herein means the period of time from March 2, 2008 to the date of preliminary court approval of the terms of this Settlement for the Settlement Class.

6. "Class Representative" as used herein mean Plaintiff Sarah Moore acting on her own behalf and on behalf of all members of the Settlement Class.

7. "Court" as used herein means the United States District Court, Central District of California.

8. "Defendant" as used herein mean Defendant Ulta Salon, Cosmetics & Fragrance, Inc.

9. "Effective Date" The settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred:  (i) this Stipulation of Settlement has been executed by all parties and by counsel for the Settlement Class and Defendant; (ii) the Court has given preliminary approval to the Settlement; (iii) the notice has been given to the putative members of the Settlement Class, providing them with an opportunity to object to the terms of the Settlement or to opt out of the Settlement; (iv) the Court has held a formal fairness hearing and entered a final order and judgment certifying the Class, dismissing this case with prejudice, and approving this Stipulation of Settlement; and (v) in the event there are written objections filed prior to the formal fairness hearing which are not later withdrawn or denied, the later of the following events:  when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld the Court's final order

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

with no right to pursue further remedies or relief.  In this regard, it is the intention of the parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

10.    "ULTA" means Defendant Ulta Salon, Cosmetics & Fragrance, Inc.

11.    "Party" or "Parties" as used herein means Class Representative, or ULTA or all of them, as may be appropriate.

12.    "Release Period" as used herein means the period of time from March 2, 2008, to the date of the Court grants final approval of the terms of this Settlement for the Settlement Class.

13.    "Released Parties" as used herein means ULTA and all of its present and former parent companies, subsidiaries, divisions, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns, and any individual or entity which could be liable to any of the members of the Settlement Class for any of the Claims and Defendant's counsel of record in the Action.

14.    "Settlement Class Members" are members of the settlement class, who do not opt-out of the settlement by submitting a valid "Request for Exclusion."  The Settlement Class shall not include any person who previously settled or released the claims covered by this Stipulation of Settlement or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Stipulation of Settlement.  There shall be one "Settlement Class," which is defined as follows:  All persons employed in California by Ulta Salon, Cosmetics & Fragrance, Inc. on a non-exempt basis between March 2, 2008, through the date of preliminary Court approval of the Settlement or through January 27, 2017, whichever date first occurs.  As of the date of settlement, the parties estimated the class as containing approximately 13,080 individuals.  If the class ultimately contains more than 15,700 individuals, then the parties agree to discuss whether an additional settlement amount is appropriate.

## SUMMARY OF RELEVANT FACTS

15.    On March 2, 2012, Plaintiff Sarah Moore filed a proposed Class Action Complaint against Defendant on behalf of herself and all individuals who hold or held the position of hourly employee who are employed by, or were formerly employed by, Defendant, and any subsidiaries or

affiliated companies within the State of California in the period within  four (4) years prior to the filing of this action and continuing to the present.  The Complaint specifically alleged the following causes of action: Failure to Pay Overtime Compensation; Failure to Compensate for all Hours Worked; Failure to Pay Wages Upon Discharge; Failure to Provide Meal Periods; Failure to Provide Rest Periods; Failure to Maintain Accurate Records; Waiting Time Penalties pursuant to Labor Code Section 203; and Unfair Competition in Violation of Business and Professions Code Section 17200.

16.    On April 10, 2012, Defendant filed and served an Answer to Plaintiff' Complaint and removed the matter to federal court.

17.    On September 13, 2012, Plaintiff filed a First Amended Complaint which likewise specifically alleged the following causes of action: Failure to Pay Overtime Compensation; Failure to Compensate for all Hours Worked; Failure to Pay Wages upon Discharge; Failure to Provide Meal Periods; Failure to Provide Rest Periods; Failure To Maintain Records; Waiting Time Penalties pursuant to Labor Code Section 203; and Unfair Competition in Violation of Business and Professions Code Section 17200 (the "FAC").

18.    On November 16, 2015, the Court granted Plaintiff's Motion for Class Certification and certified a class of "current and former non-exempt employees who were employed by Ulta and who worked in any Ulta store in California at any time from March 2, 2008, through the conclusion of this action."  Doc. No. 115.

19.    On August 4, 2016, the parties mediated the action before Eugene Moscovitch, in Los Angeles, and were able to reach a settlement.

## STATEMENT OF INVESTIGATION

20.    ULTA denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Action, and continues to deny that, for any purpose other than settling this lawsuit, the action is appropriate for class or representative treatment.  With respect to the claims in the Action, Defendant contends, among other things, that Defendant has complied at all times with the California Labor Code, the California Business and Professions Code, and all other laws, statutes and Orders alleged in the FAC.

21.    It is the desire of the Parties to fully, finally, and forever settle, compromise, and

discharge all disputes and claims in the FAC in this Action.  In order to achieve a full and complete release of Defendant, each Class Member acknowledges that this Stipulation of Settlement is intended to include in its effect all claims of any nature arising from or related to this Action, and all claims of any nature related to this Action, including the payment of wages, pay stub violations, "off the clock" allegations, split shift allegations, meal and rest break allegations, and expense reimbursement under any federal, state or local law, including any such claims which the Settlement Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of the Court's final approval of this Settlement.

22.     It is the intention of the parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims arising from or related to the allegations relating to this Action against the Released Parties, which release includes in its effect all present and former parent companies; subsidiaries; related or affiliated companies; shareholders; officers; directors; employees; agents; attorneys; insurers; and successors and assigns of Defendant, any individual or entity which could be jointly liable with Defendant, and Defendant's counsel of record in the Action.

23.     Class Counsel has conducted a thorough investigation into the facts of this class action, including extensive discovery, review of relevant documents, and have diligently pursued an investigation of Class Members' claims against ULTA, including deposing ULTA's Person Most Knowledgeable, attending deposition of Plaintiff, interviewing at least 40 class members, reviewing more than two hundred thousand pages of documents produced by Defendant ULTA, including 8.5 million time card entries, reviewing 37 declarations and supporting documents submitted by Defendant ULTA in support of Defendants' opposition to Motion for Class Certification.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with ULTA for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendants, and numerous potential appellate issues.  ULTA and ULTA's counsel also agree that the Settlement was reached after a lengthy mediation with a trained mediator and is fair to the Settlement Class.

24.     The parties agree to cooperate and take all steps necessary and appropriate to

consummate this settlement and to obtain a judgment as set forth in paragraphs 54 and 55.

**TERMS OF SETTLEMENT**

NOW, THEREFORE, in consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

25.     It is agreed by and among Class Representative and ULTA that this Action and any claims, damages, or causes of action arising out of the disputes involving this Action, be settled and compromised as between the Settlement Class and ULTA, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court.

26.     ULTA agree to pay on a non-segregated and claims-made basis a maximum of $2,700,000, including all attorneys' fees, costs, enhancement awards, , the employee portion of payroll taxes, the employer portion of payroll taxes (FICA, FUTA, etc.) and claims administration expenses (the "Maximum Settlement Amount"); under no condition will ULTA's liability exceed the Maximum Settlement Amount. At no time shall ULTA have the obligation to segregate the funds comprising the Maximum Settlement Amount, and ULTA shall retain exclusive authority over, and the responsibility for, those funds.  All claims submitted by Class Members, and all attorneys' fees, costs, enhancement awards, the employee portion of payroll taxes, the employer portion of payroll taxes (FICA, FUTA, payroll taxes, etc.), and claims administration expenses shall be paid out of the Maximum Settlement Amount.

27.     The Net Settlement amount will be calculated by deducting all attorneys' fees, costs, enhancement awards, and claims administration expenses from the Maximum Settlement Amount ("Net Settlement Amount").  Any unpaid funds from the Net Settlement Amount after payment of timely and valid claims shall be redistributed to the Settlement Class Members.  The employee portion of payroll taxes and ULTA's share of employer payroll taxes will be paid from the unpaid funds; if the unpaid funds are insufficient to cover the employee portion and employer portion of payroll taxes, the Claims Administrator will reduce the individual settlement awards proportionally in amounts sufficient to cover ULTA's payroll tax amount such that total amount paid by ULTA will not exceed the Maximum Settlement Amount.  The Parties agree the Settlement is not subject to California Code of Civil Procedure section 384.

28.     Any monies not able to be delivered due to an inaccurate or non-current address of a Settlement Class Member who has made a valid and timely claim at the end of the Claims Administration process, will be redistributed to the Settlement Class Members.  Any checks that were delivered to a Settlement Class Member who had made a valid and timely claim at the end of the Claims Administration process, but remain uncashed at the time the checks expire according to Paragraph 48, will be redistributed to the Settlement Class Members.

29.     Any monies that are to be redistributed as outlined in Paragraphs 27 and 28 above will be redistributed among the Settlement Class Members who have timely cashed their checks or, if the amount remaining is less than $25,000, the remaining monies will be donated to the Los Angeles County Bar Association's Counsel for Justice program under the *cy pres* doctrine.

30.     Settlement Payments:  The Settlement Payments will be paid out as follows:

a.      Settlement Payments to the Settlement Class:

i.      The Claims Administrator will calculate the individual settlement awards to eligible Settlement Class Members.  The individual settlement awards will be determined by dividing the total number of workweeks for the entire Settlement Class by the Settlement Class Net Settlement Amount, resulting in the Workweek Value; and then multiplying the Workweek Value by the number of workweeks worked by each Settlement Class Member ("The Individual Hourly Employee Settlement Award.").  ULTA will provide the Claims Administrator with the number of workweeks worked by each Settlement Class Member.

ii.      For each Settlement Class Member who submits a timely and valid claim form, the Claims Administrator will attempt to deliver the Individual Hourly Employee Settlement Award to the Settlement Class Member at their last known address.

iii.      Tax Treatment of the Settlement Class Payments:  The Individual Hourly Employee Settlement Awards payable to eligible Settlement Class Members will be allocated as follows: 1/3 will be allocated to alleged unpaid wages; 1/3 will be allocated to alleged unpaid interest; and 1/3 will be allocated to alleged unpaid civil and statutory penalties.  The appropriate W-2 and/or Form 1099 will issue for each such payment or appropriate portion of such payment.

31.     Dispute Over Information In the Notice of Settlement Award Form:  ULTA's workweek

7

data will be presumed to be correct, unless a particular Settlement Class Member proves otherwise to the Claims Administrator by credible evidence.  A Settlement Class Member may challenge the pre-printed information on the Claim Form as to the number of workweeks worked in a covered position only if he or she documents the challenge in writing; the Settlement Class Member also may submit any data supporting his or her challenge to the Claims Administrator.  If there is a dispute, the Claims Administrator will be asked to resolve the dispute by expeditiously investigating the facts, and issuing a final and non-appealable decision as to the number of workweeks worked by the Settlement Class Member during the Class Period.

32.  <u>Settlement Awards Do Not Trigger Additional Benefits</u>:  All settlement awards to Settlement Class Members shall be deemed to be paid to such Settlement Class Members solely in the year in which such payments actually are received by the Settlement Class Members.  It is expressly understood and agreed that the receipt of such individual settlement awards will not entitle any Settlement Class Member to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Settlement Class Member to any increased retirement, 401K benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that the individual settlement awards provided for in this Settlement are the sole payments to be made by ULTA to the Settlement Class Members, and that the Settlement Class Members are not entitled to any new or additional compensation or benefits as a result of having received the individual settlement awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

33.  <u>Attorneys' Fees and Attorneys' Costs</u>:  Subject to Court approval and/or modification, Class Counsel will receive their attorneys' fees and attorneys' costs from the Maximum Settlement Amount in accordance with the terms set forth in Paragraph 40 below.

34.  <u>Payment to Plaintiff/Class Representative's Enhancement Award</u>:  Subject to Court approval, the Class Representative will receive a service payment from the Maximum Settlement Amount for her service as Class Representative of up to Thirty Thousand Dollars ($30,000.00).  ULTA will not object to Class Counsel's application for Court approval of this service payment to Class

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

Representative.  It is understood that the service payments are in addition to any claimed individual settlement award to which the Class Representative is entitled along with other claiming Class Members.  The service payments will be paid out of the Maximum Settlement Amount.  The Claims Administrator will issue an IRS Form 1099 for the service payment to the Class Representative for her service as Class Representative, and Class Representative will be responsible for correctly characterizing this compensation for tax purposes and for paying any taxes on the amounts received.  The Class Representative agrees to indemnify ULTA for any liability or costs incurred by ULTA should the Class Representative fail to pay all taxes due on the service payment, or if any tax authority should dispute the allocation of the service payment.  Should the Court approve the service payment to the Class Representative in an amount less than that set forth above, the difference between the lesser amount approved by the Court and the service payment set forth above will revert back to the Net Settlement Amount.

35.     Claims Administrator:  Subject to the Court's approval, the Claims Administrator will be CPT Group, Inc., or such other claims administrator as may be mutually agreeable to the parties.  The parties estimate the fees of the Claims Administrator will be no more than $80,000, unless there is a redistribution pursuant to Paragraph 29 above, in which case the fees will be no more than $90,000.  All administration costs shall be taken from the Maximum Settlement Amount.  The fees of the Claims Administrator for work done shall be paid regardless of the outcome of this Settlement.

36.     Mailing of Settlement Awards:  The Claims Administrator shall cause the settlement awards to be mailed to the Settlement Class Members within approximately fifteen (15) calendar days following the Court's final approval of the Settlement and after the Settlement becomes effective as defined in Paragraph 9.

37.     Service Payment to Representatives:  The Claims Administrator will pay the service payment approved by the Court to Class Representative within approximately fifteen (15) calendar days following the Court's final approval and after the settlement becomes effective as defined in Paragraph 9.

38.     Right to Rescission:  If more than ten percent (10.0%) of the Settlement Class object to the Settlement by submitting valid and timely objections, ULTA shall has the right in its sole discretion

to rescind and void the Settlement before final approval by the Court by providing written notice to Class Counsel no more than fourteen (14) days following the date the Claims Administrator provides ULTA with the total number and percentage of valid and timely objections.

39. <u>Right of Class Member to Object or Request Exclusion From the Settlement</u>: Settlement Class Members have sixty (60) calendar days from the original date of mailing the Notice and the Claim Form within which to file an objection to or request exclusion from the Settlement. Only Settlement Class Members who have not requested exclusion may object to the Settlement. To object, a Settlement Class Member must file a written objection and a notice of intention to appear at the Final Approval hearing and send copies to the Parties' Counsel as set forth in the Notice. Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise ordered by the Court. Class Counsel and Defense Counsel may, at least ten (10) calendar days (or some other number of days as the Court shall specify) before the Final Approval Hearing, file responses to any written objections submitted to the Court.

## CLAIMS ADMINISTRATION

40. Subject to the Court's approval, the parties have agreed to the appointment of CPT Group, Inc. to perform the customary duties of Claims Administrator. However, subject to the Court's approval, the parties shall have the right to select or substitute a different Claims Administrator by mutual agreement. The Claims Administrator will send out to the Settlement Class the Notice of Pendency of Class Action and Proposed Settlement and Claim Form in English. Settlement Class Members will be permitted sixty (60) days from the date the notices are mailed by the Claims Administrator to postmark the Claim Form with any corrections of the information contained on the form. Additionally, Settlement Class Members who request exclusion must be signed and postmarked to the Claims Administrator within sixty (60) days of the initial mailing by the Claims Administrator. Settlement Class Members wishing to be excluded from the Settlement must state in writing their name, address and telephone number, and state that they wish to be excluded from the settlement and must sign their name to same.

41. The Claims Administrator will issue and send out settlement award checks to Class

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

Members.  Tax treatment of the settlement awards will be as set forth herein, and in accordance with state and federal tax laws.  All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.

## ATTORNEYS' FEES AND COSTS

42.     In consideration for settling this matter and in exchange for the release of all claims by the Settlement Class, and subject to final approval and/or modification by the Court, Class Counsel shall petition the Court for attorneys' fees not to exceed 30% of the Maximum Settlement Amount and for costs not to exceed $30,000.00.  ULTA will not object to Class Counsel's application for attorneys' fees and costs up to this amount.  The amount set forth above will cover all work performed and all fees and costs incurred to date, and all work to be performed and all fees and costs to be incurred in connection with the approval by the Court of this Stipulation of Settlement, the administration of the Settlement, and obtaining judgment in this case.  Should the Court approve the attorneys' fees and/or costs in an amount less than set forth above, the difference between the lesser amount approved by the Court and the attorneys' fees and/or costs set forth above will revert back to the Net Settlement Amount.

43.     The attorneys' fees and costs approved by the Court shall be paid to Class Counsel within approximately fifteen (15) calendar days following the Court's final approval of the settlement and settlement becomes effective as defined in Paragraph 9.

## NOTICE TO THE SETTLEMENT CLASS

44.     A Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Preliminary Court Approval ("Notice of Pendency of Class Action and Proposed Settlement") in approximately the form attached hereto as Exhibit "A," and as approved by the Court, shall be sent by the Claims Administrator to the Settlement Class Members in English, by first class mail.  A Class Action Settlement Claim Form in approximately the form attached hereto as Exhibit "B", and as approved by the Court, also shall be sent by the Claims Administrator to the Settlement Class Members in English, by first class mail.  Any returned envelopes from this mailing with forwarding addresses will be utilized by the Claims Administrator to forward the Notice to the Settlement Class Members.

45.     Within approximately fifteen (15) calendar days of preliminary approval of this Settlement by the Court, ULTA shall provide to the Claims Administrator a database, which will list for each Settlement Class Member (1) the Settlement Class Member's name, (2) last known address, (3) social security number, (4) dates of employment with ULTA in California, and (5) number of workweeks worked during the Class Period.  This database shall be based on ULTA's payroll and other business records and in a format reasonably acceptable to the Claims Administrator.  ULTA agrees to consult with the Claims Administrator prior to the production date to ensure that the format will be acceptable to the Claims Administrator.  The Claims Administrator will run a check of the Settlement Class Members' addresses against those on file with the U.S. Postal Service's National Change of Address List; this check will be performed only once per Settlement Class Member by the Claims Administrator.  Within thirty (30) calendar days of preliminary approval of this Settlement, the Claims Administrator will mail the Notice and Class Action Settlement Claim Form to the Settlement Class Members.  Absent mutual written agreement of counsel for the parties or Court order, the Claims Administrator will keep this database confidential and use it only for the purposes described herein, and will return this database to ULTA upon final approval of the Settlement.

46.     Notices returned to the Claims Administrator as non-delivered during the sixty (60) calendar-day period for the filing of objections shall be resent to the forwarding address, if any, on the returned envelope.  A returned Notice and Claim Form will be forwarded only once per Settlement Class Member by the Claims Administrator.  If the Claims Administrator receives notice of non-delivery of a Class Notice, it shall make one commercially reasonable attempt to discover a current address for such a Settlement Class Member and re-send within five (5) days the Class Notice if another address for the affected Member is discovered. Upon completion of these steps by the Claims Administrator, ULTA and the Claims Administrator shall be deemed to have satisfied their obligations to provide the Notice of Pendency of Class Action and Settlement and the Class Action Settlement Claim Form to the affected member of the Settlement Class.  The affected member of the Settlement Class shall remain a Settlement Class Member and shall be bound by all the terms of the Stipulation of Settlement and the Court's Order and Final Judgment.

47.     The Claims Administrator is to send one and only one deficiency notice to the Settlement

Class Members for deficiencies in timely claim forms submitted.  The deficiency notice will provide the Settlement Class Members a maximum of ten (10) calendar days to cure the deficiency.  The claim forms must be signed, dated and completed in full to be valid.  The Claims Administrator will not send any reminder notices to the Settlement Class Members.

48.     Class Counsel shall provide to the Court, at least ten (10) calendar days prior to the final fairness hearing, a declaration by the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Notice of Pendency of Class Action and Proposed Settlement and the Notice of Settlement Award Form.

## ADMINISTRATION OF SETTLEMENT CHECKS

49.     Within approximately fourteen (14) business days after the Court issues an Order granting final approval of the Settlement, ULTA shall fund the settlement by transferring the Maximum Settlement Amount into an account established by the Claims Administrator for this purpose at a financial institution.

50.     Payments to Settlement Class Members will be mailed by the Claims Administrator within approximately fifteen (15) calendar days after the settlement becomes effective pursuant to Paragraph 9, above.  Within approximately fifteen (15) calendar days of the Effective Date of final approval of the settlement, the Claims Administrator will deliver the check representing the Class Representative enhancement payments and all Court-approved attorneys' fees and costs to Class Counsel.  Any settlement award checks shall remain valid and negotiable for One Hundred Twenty (120) calendar days from the date of issuance and will automatically be cancelled by ULTA or the Claims Administrator if not cashed by the Settlement Class Member within that time, at which point the Settlement Class Member's claim will be deemed void and of no further force or effect, and the Settlement Class Member's claims will remain released by the Settlement.  Settlement award checks which have expired will not be reissued.  Any checks that were delivered to a Settlement Class Member who had made a valid and timely claim at the end of the Claims Administration process, but remain uncashed at the time the checks expire, will be redistributed as outlined in Paragraphs 27 and 28 above and will be redistributed among the Settlement Class Members who have timely cashed their checks or, if the amount remaining is less than $25,000, the remaining monies will be donated to the Los Angeles

County Bar Association's Counsel for Justice program under the *cy pres* doctrine as set forth in Paragraph 29.

51.   Upon completion of its calculation of payments, the Claims Administrator shall provide Plaintiff and ULTA with a report listing the amount of all payments to be made to each Settlement Class Member.  Proof of payment will be filed with the Court and provided to Class Counsel and ULTA's Counsel (to be identified by claim number).

52.   Any Settlement Class Members who have previously entered into settlements with, or received payments from, ULTA on account of the claims being released and settled herein will have the amounts of such settlements or payments deducted from the amount of their settlement awards before payment by the Claims Administrator.  Any Settlement Class Members, who have executed a release of claims in favor of ULTA for any and all claims being settled herein, shall not receive a settlement award in this case from ULTA and such awards to which they otherwise would have been entitled shall remain the property of ULTA.

### GENERAL RELEASE BY CLASS REPRESENTATIVE

53.   In consideration for the Enhancement Award, Class Representative releases all claims related to her employment with Defendant, including, but not limited to, all claims related to her employment, conditions of employment, any claims for breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, retaliation, harassment, violation of public policy, constructive discharge, whistle blowing, negligent or intentional infliction of emotional distress, interference with prospective economic advantage or contractual relations, unfair business practices, unfair competition, premises liability or other tort or personal injury and arising under any federal, state or local law, statute, ordinance, rule or regulation or Executive Order relating to employment, employment discrimination, employee benefit plans, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866, as amended, the Civil Rights Act of 1991, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, unvested claims under the Employee Retirement Income Security Act of 1974, the Consolidated Omnibus Budget Reconciliation Act of 1985, the California Fair Employment and Housing Act, the California Family Rights Act, the California

Business and Professions Code, the California Civil Code, the California Commercial Code and the California Labor Code.

## RELEASE BY THE SETTLEMENT CLASS AND CLASS REPRESENTATIVE

54.     Upon final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and Class Representative and each member of the Settlement Class who has not submitted a valid Request for Exclusion, fully releases and discharges ULTA, its present and former parent companies; subsidiaries; related or affiliated companies; shareholders; officers; directors; employees; agents; attorneys; insurers; successors and assigns; and any individual or entity which could be jointly liable with ULTA, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, punitive damages, penalties, action or causes of action of any nature action for, or which relate to or that reasonably could have arisen out of the allegations in the FAC by Plaintiff and the Settlement Class, including but not limited to all claims for unpaid wages of any kind, inaccurate pay stubs, "off the clock" work, split shift allegations, meal and rest break allegations, and expense reimbursement, and Business & Professions Code section 17200 et seq., injunctive relief, and all claims made in the Action.  This release also covers all claims for interest, attorney fees and costs related to the Action.  The time period covered by this release is March 2, 2008, through the date of preliminary approval.  The claims covered by this release are referred as the Released Claims.  In addition, Class Representative and the Settlement Class and each member of the Settlement Class who has not submitted a valid Request for Exclusion forever agrees that it, he or she shall not institute, nor accept back pay, unpaid wages, liquidated damages, punitive damages, penalties of any nature, attorneys' fees and costs, or any other relief from any other suit, class, collective action, or representative or administrative claim or other claim of any sort or nature whatsoever against ULTA, for any period from, March 2, 2008 up to and including the date of final approval of this settlement, relating to the Released Claims.

55.     Furthermore, pursuant to the terms of the Settlement, Class Representative will expressly waive any rights or benefits available to her under the provisions of Section 1542 of the California Civil Code, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

56.     The back of each check or each pay stub attached to the check issued to the Settlement Class Members will state, "My signature below constitutes a full and complete release by me of Ulta Salon, Cosmetics & Fragrance, Inc., and its present and former parent companies; subsidiaries; divisions; related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Ulta for claims alleged in the <u>Sarah Moore, v. Ulta.</u> case, including but not limited to all claims for unpaid wages of any kind, inaccurate pay stubs, "off the clock" work, unpaid overtime, split shift violations, meal and rest break violations, failure to reimburse expenses, and Business & Professions Code section 17200 et seq., and all claims and allegations made in the case, including without limitation all claims for restitution, injunctive relief, and other equitable relief, damages, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, other compensation or benefits including 401K benefits or matching benefits, retirement or deferred compensation, whether known or unknown, from March 2, 2008, through the date the Court finally approves the Settlement ("Released Claims")." Whether the above language is set forth on the back of the check or the pay stub attached to the check will determined by the Claims Administrator.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

57.     The parties shall promptly submit this Stipulation of Settlement to the United States District Court, Central District in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Stipulation of Settlement, the parties shall apply to the Court for the entry of an order scheduling a fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees and costs, and the Class Representative's service payment, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

a.          Approving, as to form and content, the proposed Notice of Pendency of Class Action and Proposed Settlement;

b.          Approving as to form and content the proposed Claim Form;

c.          Approving the manner and method for Class Members to request exclusion from the Settlement as contained herein and within the Notice of Pendency of Class Action and Proposed Settlement;

d.          Directing the mailing of the Notice of Pendency of Class Action and Proposed Settlement and Class Action Settlement Claim Form, by first class mail to the Settlement Class Members;

e.          Preliminarily approving the settlement subject only to the objections of Class Members and final review by the Court; and

f.          Enjoining Plaintiffs and all Class Members from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the California Division of Labor Standards Enforcement and the Labor and Workforce Development Agency) regarding claims released by the Settlement unless and until such Class Members have filed valid Requests for Exclusion with the Claims Administrator.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

58.     Following final approval by the Court of the Settlement provided for in this Stipulation of Settlement, Counsel for the Class will submit a proposed final order of approval and judgment:

a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.     Approving Class Counsel's application for an award of attorneys' fees and costs;

c.     Approving the service payment to the Class Representative;

d.     Setting a date when the parties shall report to the court the total amount that was actually paid to the Settlement Class Members; and

e.     Entering judgment in this Action barring and enjoining all members of the Settlement Class from prosecuting against ULTA, its present or former parent companies; subsidiaries; related or affiliated companies; shareholders; officers; directors; employees;

17

agents; attorneys; insurers; and successors and assigns; and any individual or entity which could be jointly liable with ULTA, any individual or class, or representative claims released herein pursuant to Paragraphs 53, 54, 55 and 56 above, upon satisfaction of all payments and obligations hereunder.

### PARTIES' AUTHORITY

59.     The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions thereof.

### MUTUAL FULL COOPERATION

60.     The parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement. The parties to this Stipulation of Settlement shall use best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.   As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of ULTA and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

61.     The parties and their respective counsel agree that they will not attempt to encourage or discourage Class Members from filing Claim Forms or Request for Exclusion.

### NO PRIOR ASSIGNMENTS

62.     Plaintiff and her counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

### TERMINATION OF SETTLEMENT

63.     Subject to the obligation(s) of Mutual Full Cooperation as set out in Paragraphs 57 and 58 either Party may terminate this Settlement if the Court declines to enter the Preliminary Approval Order, the Final Approval Order or final judgment in substantially the form submitted by the Parties, or

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

the Stipulation of Settlement as agreed does not become final because of appellate court action. The terminating Party shall give to the other Party (through its counsel) written notice of its decision to terminate no later than ten (10) days after receiving notice that one of the enumerated events has occurred. Termination shall have the following effects:

a.     The Settlement Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms.

b.     In the event the Settlement is terminated, Defendant shall have no obligation to make any payments to any party, class member or attorney, except that the Terminating Party shall pay the Claims Administrator for services rendered up to the date the Claims Administrator is notified that the settlement has been terminated;

c.     The Preliminary Approval Order, Final Approval Order and Judgment, including any order of class certification, shall be vacated;

d.     The Stipulation of Settlement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Lawsuit prior to the settlement;

e.     Neither this Stipulated Settlement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever.

## <u>NO ADMISSION</u>

64.     Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of any Defendant. Defendant specifically denies any liability or wrongdoing of any kind associated with the claims alleged in the Action. Defendant further contends, among other things, that it has complied with the California Labor Code, the California Business and Professions Code, and the applicable Industrial Welfare Commission Wage Order. Each of the parties hereto has entered into this Stipulation solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

**ENFORCEMENT ACTIONS**

65.    In the event that one or more of the Parties to this Stipulation of Settlement institutes any legal action or other proceeding against any other party or parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

**NOTICES**

66.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and the Settlement Class:

THE BLANCO LAW FIRM, PC
535 N Brand Blvd Ste 700
Glendale, CA 91203
Telephone:  (877) 238-7635

HOBBS LAW GROUP
Timothy Hobbs
1340 E. Route 66, Suite 204
Glendora, CA 91740
Tel: (626) 782-4520  Fax: (626) 782-6379

WILSON TRIAL GROUP
Dennis P. Wilson
3322 W. Victory Boulevard
Burbank, California 91505
Telephone:  (818) 843-1788

To Defendant Ulta Salon, Cosmetics & Fragrance, Inc.:

John Kloosterman
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:     415.433.1940
Fax No.:        415.399.8490

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

## CONSTRUCTION

67.     The parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

68.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

69.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto.

## INTEGRATION CLAUSE

70.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

71.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

72.     It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each member of the Class execute this Stipulation of Settlement.  The Notice of Pendency of Class Action and Proposed Settlement, Exhibit "B" hereto, will advise all Settlement Class

Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Settlement Class.

## **COUNTERPARTS**

73.     This Stipulation of Settlement may be executed in counterparts and by facsimile signatures, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all parties.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Joint Stipulation of Settlement and Release Between Plaintiff and Defendant as of the date(s) set forth below:

DATED: 12-16-16                          SARAH MOORE

By: _____

Plaintiff

DATED: 12/13/2016                        ULTA SALON, COSMETICS & FRAGRANCE, INC.

By: _____

Jodi J. Caro
General Counsel
Corporate Secretary

22

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT

Approved and executed as to Form:

DATED: December 16, 2016          HOBBS LAW GROUP

                         By: _____
                             Timothy Hobbs
                             Attorneys for Plaintiffs
                             SARAH MOORE, et al


DATED:    December 15, 2016         WILSON TRIAL GROUP

                         By: _____
                             Dennis P. Wilson

                             Attorneys for Plaintiffs
                             SARAH MOORE, et al


DATED: 12-13-2016          LITTLER MENDELSON, P.C.

                         By: _____
                             John C. Kloosterman
                             Attorneys for Defendant Ulta Salon, Cosmetics &
                             Fragrance, Inc.

23

AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF, ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DEFENDANT